Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR18-092RAJ |
| Plaintiff, | MOTION FOR ORDER TO PREVENT SPOLIATION OF EVIDENCE |
| vs. | Noted on calendar for: Friday, June 8~~1~~, 2018 |
| BERNARD ROSS HANSEN and DIANE RENEE ERDMANN, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

**I**
**MOTION**

Bernard Ross Hansen and Diane Renee Erdmann, by and through their respective attorneys, Jennifer E. Wellman, Dennis P. Carroll and Michael G. Martin, hereby move this Court for an order directing the government to take the steps necessary to prevent the destruction and spoliation of evidence in this matter.

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA 98101
(206) 624-2800
FAX (206) 624-2805

This motion is supported by the attached declaration of defense counsel and the arguments and authorities set forth below.

## II
## FACTUAL BACKGROUND

In 2016 Mr. Hansen filed a voluntary bankruptcy matter for Northwest Territorial Mint (NWTM) and, shortly thereafter, the bankruptcy court appointed a Trustee who took control of NWTM.  See In re NORTHWEST TERRITORIAL MINT, LLC, Debtor, Case No. 16-11767-CMA filed in the United States Bankruptcy Court in this District.  One of the responsibilities of the Trustee was to take possession of the records of NWTM and to preserve them until they are no longer needed.  The Trustee had the NWTM records boxed and placed in storage in Nevada where one of the offices of NWTM was located. In addition, the Trustee is operating a cloud-based computer server that contains the electronic records of NWTM. The Trustee has asked that it be allowed to abandon the server, thus, deleting the data stored therein. *See Declaration of Michael G. Martin, attached.*

The Trustee took possession of approximately 500 boxes of records of NWTM.  The parties do not know precisely what records are contained in these boxes as no one prepared an index of the contents of the boxes. Furthermore, the Trustee has informed the Bbankruptcy cCourt that he does not want to turn over the records directly to Mr. Hansen or his defense counsel because the records contain personal identifying information.

Finally, the government has advised defense counsel that the FBI has an electronic copy of most of the records in question.  However, without an index of the documents in storage inn

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA  98101
(206) 624-2800
FAX (206) 624-2805

Nevada, defense counsel have no way of determining whether the FBI's electronic copy is identical to the hard copies in Nevada, nor can we determine what records in Nevada are missing from the FBI's electronic copy.

The Trustee in the related bankruptcy matter has indicated a desire to have the boxes and the contents in them destroyed in an effort to reduce costs, as well as having the computer server shut down. At a hearing held on Friday, May 18, 2018, United States Bankruptcy Judge Christopher M. Alston indicated his reluctance to approving the destruction of the records due to the pending criminal case unless and until he had some instruction from this Court as to how to proceed. Defense counsel advised the bankruptcy judge that this motion would be filed seeking instructions from the Court.

The Trustee will continue to pay the costs for the storage of the records in question until the end of June 2018. The question for this Court is what should be done with the records and server after the end of June 2018.

Defense counsel do not know what records are contained in the 500 boxes. Since the discovery process in the criminal case has just begun and will continue on a rolling basis for the next 4 to 6 weeks, defense counsel are not yet in a position to be able to determine what records in the 500 boxes need to be preserved. Defense counsel will not be able to make this determination until after all the discovery has been produced, after defense counsel has had sufficient time to review the discovery, and after travelling to Nevada to go through the 500 boxes of records with the assistance of at least one defense investigator and one defense legal assistant.

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA  98101
(206) 624-2800
FAX (206) 624-2805

**III**
**ARGUMENT**

We incorporate by reference the pleadings filed and order issued by United States District Court Judge Marsha J. Pechman in *Leon v. IDX Systems Corporation,* C03-1158MJP. In *Leon* the defendant moved for an order dismissing the matter and imposing terms based upon the plaintiff's spoliation of evidence Docket No. 84, C03-1158MJP. In the order granting the motion, the Court discussed the law regarding spoliation of evidence.

> Federal trial courts are vested with a wide range of inherent powers that allow them to govern their courtrooms and the litigation processes before them. *Chambers v. Nasco*, 501 U.S. 32, 43 (1991). An example of these inherent powers is the discretionary power of a federal trial court to levy appropriate sanctions against a party who prejudices its opponent through the spoliation of evidence that the spoliating party had reason to know was relevant to litigation. *Glover v. Bic Corporation*, 6 F. 3d 1318 (9th Cir. 1993). Inherent powers must be used only with restraint and discretion. Chambers, 501 U.S. at 44. In order to sanction a party to litigation for spoliation of evidence the Court must determine first whether or not there was a duty to preserve the evidence at issue. *Turner v. Hudson Transit Lines, Inc*., 142 F.R.D. 68, 72 (S.D.N.Y. 1991). If a duty existed, the court must also consider the prejudice suffered by the non-spoliating party and the level of culpability of the spoliator. After considering these factors, a court must then consider all available sanctions and determine the appropriate one. *See e.g. Fujitsu Ltd. v. Federal Express Corp.*, 247 F. 3d 423 (2nd Cir. 2001); *Wm. T. Thompson Co. v. GNC*, 593 F. Supp. 1443 (C.D. Cal. 1984).

Order Dismissing Plaintiff's Claims Due To Plaintiff's Spoliation of Evidence, Docket No. 285. C03-1158MJP, attached.

This Court must make a determination as to whether the government has a duty to preserve the requested evidence. In making that determination, the Court's Order in *Leon* is instructive.

> A litigant or potential litigant is under a duty to preserve evidence in his possession that he knows or should know is relevant to litigation or which might lead to the discovery of admissible evidence. *Id.*, 593 F. Supp. 1443 at 1455. Courts have applied this principle even when a complaint has not yet been filed. *Turner*, 142 F.R.D. at

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA  98101
(206) 624-2800
FAX (206) 624-2805

73 (citing *Callelupo v. FMC Corp*, 126 F.R.D. 545 (D. Minn. 1989)).  In *Callelupo* the court found that an employer had notice of a pending class action a month before the complaint was served, based on conversations that the plaintiff in that case had had with the company's equal employment opportunity manager several months before the litigation formally began. 126 F.R.D. at 550.  As a result, the *Callelupo* court held that destruction of evidence after this date was sanctionable.

Order Dismissing Plaintiff's Claims Due To Plaintiff's Spoliation of Evidence, Docket No. 285. C03-1158MJP.

Here the government knows that the NWTM records are in storage in Nevada.  At the very least, the Court should enter an order directing the preservation of the records until the government has produced all the discovery in this matter, and after defense counsel has had sufficient time to review the discovery and to travel to Nevada to review the contents of the boxes and determine what records should be preserved for future use.

Should this Court find that the government has a duty to preserve the requested discovery, the next inquiry is whether the defendants would be prejudiced by the destruction of this evidence.  Again, the Order in *Leon* provides this Court with a roadmap.

> [The] party responsible for the destruction of potential evidence has no right to a presumption that the documents destroyed were irrelevant.  *National Assen of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557 (N.D. Cal., 1987) (quoting *Alexander v. National Farmers Org*., 687 F. 2d 1173 (8th Cir. 1982)).  On the contrary, courts must draw the strongest inferences allowable in favor of the party denied access to potentially relevant evidence. Id

Order Dismissing Plaintiff's Claims Due To Plaintiff's Spoliation of Evidence, Docket No. 285. C03-1158MJP.

Without an order directing the preservation of the contents of the 500 boxes, the Trustee will be free to destroy the boxes of records and the server, thereby making them unavailable to

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA  98101
(206) 624-2800
FAX (206) 624-2805

defense counsel to use for cross-examination purposes or for any other purpose. *See Davis v. Alaska,* 415 U.S. 308 (1974). The loss of the requested discovery would limit defense counsels' ability to effectively represent their clients, implicating their Sixth Amendment right to the effective assistance of counsel. The defendants are entitled to the requested evidence under the Federal Rules of Criminal Procedure and Rule 16, Local Rules for the United States District Court for the Western District of Washington, as well as under the *Jencks Act,* 18 U.S.C. §3500. Under these circumstances, destruction of the requested evidence implicates the defendants' Due Process rights. U.S. Const. amend V. The prejudice would be undeniable: the defendants would lose access to evidence that could very well have been critical to their defense at trial.

    This Court must also determine whether the destruction of the evidence is willful:

> Willful spoliation occurs when a party has clear notice of an obligation to preserve evidence and proceeds to intentionally destroy evidence in spite of its obligation not to. *Computer Associates Int'l.v. American Fundware, Inc*., 133 F.R.D. 166, 170 (D. Colo., 1990).

Order Dismissing Plaintiff's Claims Due To Plaintiff's Spoliation of Evidence, Docket No. 285. C03-1158MJP.

    Here, the government has no right to a presumption that the contents of the 500 boxes and the server records are irrelevant. This Court "must draw the strongest inferences allowable" in favor of the defendants. Destruction of the requested discovery prior to making it available to defense counsel would be willful spoliation.

/

/

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA 98101
(206) 624-2800
FAX (206) 624-2805

/
/
/

**IV**
**CONCLUSION**

For all the reasons set forth above, we respectfully ask this Court to issue an order directing that the records in question be preserved pending a hearing where the Court can instruct the parties and the bankruptcy court as to how best to proceed in order to allow counsel for the defendants to be able to review the records and take the steps necessary to preserve the relevant records for future use in this matter.

Respectfully submitted this 25th day of May, 2018.

| | |
|---|---|
| s/ Jennifer E. Wellman and Dennis P. Carroll | /s Michael G. Martin |
| Attorneys for Bernard Ross Hansen | Michael G. Martin WSBA #11508 |
| Federal Public Defender | Attorney for Diane R. Erdmann |
| 1601 Fifth Avenue, Suite 700 | Siderius Lonergan & Martin LLP |
| Seattle, WA 98101 | 500 Union Street, Suite 847 |
| (206) 553-1100 | Seattle, WA 98101 |
| Fax (206) 553-0120 | (206) 624-2800 |
| Email: Jennifer_Wellman@fd.org | Fax (206) 624-2805 |
| Dennis_Carroll@fd.org | Email: michaelm@sidlon.com |

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA 98101
(206) 624-2800
FAX (206) 624-2805

DECLARATION OF MICHAEL G. MARTIN

I, Michael G. Martin, pursuant to RCW 9A.72.085, certify and declare under the penalty of perjury under the laws of the State of Washington that, to the best of my knowledge and belief, the following is true and correct:

1. I am an attorney in good standing licensed to practice in the State of Washington. The Court appointed me to represent Ms. Erdmann in this matter. I make this declaration in support of the defendants Motion For an Order To Prevent Spoliation of Evidence.
2. I have read the motion to which this declaration is attached. All of the facts set forth in the motion are true and correct to the best of my knowledge.
3. I believe that absent the requested order from the Court, the destruction of the NWTM records currently held by the Bankruptcy Trustee in storage in Nevada would violate the constitutional rights of the defendants.
4. On May 24, 2018, the United States Probation and Pretrial Services Officer Christina Lacy advised counsel that the Trustee would permit defense counsel and/or their agent(s) to enter the building or storage facility in Nevada but that the Trustee would not permit Ross Hansen physically inside the facility to assist counsel in their review.
5. I respectfully request that the Court issue the proposed order and schedule a hearing before the end of June 2018 to address the need for the continued preservation of the records.

Dated this 25th day of May, 2018.


s/ Michael G. Martin
Michael G. Martin

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA 98101
(206) 624-2800
FAX (206) 624-2805

**Certificate of Service**

I hereby certify that on May 25th~~XXX~~, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to counsel for other parties of record.

/s Michael G. Martin
Michael G. Martin

MOTION RE SPOLIATION
(Hansen and Erdmann, CR18-092RAJ - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET, SUITE 847
SEATTLE, WA 98101
(206) 624-2800
FAX (206) 624-2805