The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD ROSS HANSEN and DIANE RENEE ERDMANN,<br><br>Defendants. | Case No.: CR18-0092-RAJ<br><br>DEFENDANTS' MOTION FOR ORDER PREVENTING WITNESS(ES) FROM MAKING PUBLIC STATEMENTS<br><br>Note on motions calendar: September 28, 2018<br><br>(Oral Argument Requested) |

**I. Motion**

Bernard Ross Hansen, by his counsel, and Diane Erdmann, by her counsel, respectfully move this Court for an order prohibiting the Government and its witness(es) from making public statements regarding this case. This motion is based on the following memorandum of law and is in the interests of justice.

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120

The Government, represented by Assistant United States Attorney Brian Werner, may oppose the motion.

## II. Memorandum of Law

Northwest Territorial Mint (the Mint) operated for many years as a successful, legitimate business. Then, following a law suit(s) beginning in or around 2010 that ultimately resulted in an approximately $37 million judgment against the Mint, the business financially suffered and Mr. Hansen, the owner of the Mint, filed for bankruptcy on April 1, 2016.[1] On April 11, 2016, the Bankruptcy Court appointed Mark Calvert as Trustee, who is represented by counsel and, as described by the Government,[2] assumed management and control over the Mint's main office and all other assets of the Mint.[3]

Based on discovery received to date,[4] the Trustee has acted akin to an "agent" of the Government, and regardless of label, without question would describe himself as instrumental to the Government's case, with ready access and control over records relevant to the investigation and prosecution.[5] For example, in earlier litigation, the Trustee's counsel intervened in this

---

[1] *See In re: Northwest Territorial Mint, LLC*, Case No. 16-1167-CMA at Dkt. 1.

[2] *See* Dkt. 34 (Government response re: spoliation motion) at p. 4.

[3] *Id.*

[4] In June, the defense not only noted the complexity of the discovery in this case but also the fact that that discovery at that time including many audio recordings and over 70,000 numbered pages, over 60,000 of which are protected and cannot be produced to the client outside the office. Dkt. 35 n. 16. Since then, the Government has produced approximately 111,000 additional numbered pages of discovery and 2,645 audio files, taken control of over approximately 1,420 boxes from the Nevada warehouse that was subject of earlier litigation, and hopes to produce in the near future mirror images of servers for the Mint that should reflect the Trustee's liquidation of the Mint since he assumed control in April 2016.

[5] Indeed, in *In re: Northwest Territorial Mint, LLC, v. Calvert v. Erdman*, Case No. 16-11767 CMA, Adv. Case No. 16-10217-CMA, the bankruptcy court noted that Mr. Calvert "served as his own expert on the financial condition of the Mint." Dkt. 97, p. 12 (3/28/18) (Memorandum Decision).

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120

prosecution as an "interested party" and filed pleadings in opposition to a defense motion to prevent the spoliation of evidence.[6] In addition, as noted in that litigation, on May 11, 2016, Mr. Calvert testified before the creditors and with the assistance of counsel that he is not only a CPA, but also a fraud examiner and private investigator, who is, in essence, a forensic auditor charged with investigating the Mint for fraud, dishonesty, incompetency, misconduct, mismanagement and irregularities. Mr. Calvert took it upon himself to also inform the creditors that Mr. Hansen has a criminal record, stating Mr. Hansen went to jail for unregistered firearm(s) and federal tax avoidance even though, even if true, the alleged facts were not relevant to the creditors' issues or the Trustee's responsibilities; it served only to prejudice the creditors against Mr. Hansen.

Mr. Calvert also made clear that he was not only privy to what was an ongoing federal criminal investigation at that time, but instrumental to it given his own investigation of the business and its records, telling the creditors that his assessment revealed a "Ponzi-like" scheme. Echoing Mr. Calvert's "Ponzi-scheme" opinion, the Government itself immediately issued a public statement following the initial appearance in April 2018, asserting in bold print, *"Pair Defrauded Customers with False Promises about Bullion Delivery, Storage, & Leasing; 3,000+ Customers Defrauded of more than $25 Million*."[7] The Government similarly described the investigation in the lengthy Indictment, thus giving credibility to the Trustee's own assessment of the facts and the alleged wrongdoings of Mr. Hansen.[8]

---

[6] Dkts. 31-33.

[7] *See* U.S. Attorney's Office, *Former President & CEO and Former Vault Manager of Now Bankrupt Precious Metals Firm Indicted for Fraud Scheme* (April 16, 2018) available at https://www.justice.gov/usao-wdwa/pr/former-president-ceo-and-former-vault-manager-now-bankrupt-precious-metals-firm ( hereinafter referred to as "Press Release")

[8] Dkt. 1.

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120

The damage or prejudice caused by Mr. Calvert's prior statements buttressed by the Government's own public statements cannot be undone. However, allowing Mr. Calvert to continue to make such statements to former employees, creditors, potential witnesses and victims alike, as this matter proceeds to trial, not only permits the public defamation of Mr. Hansen who, as noted above, ran, as Mr. Calvert himself concedes, a successful, legitimate business for over 20 years and is presumed innocent, but also has a substantial likelihood of materially prejudicing the alleged victims, potential witnesses and the trial.

The United States Supreme Court has recognized that courts have the authority to limit public statements by criminal trial participants. *Sheppard v. Maxwell*, 384 U.S. 333, 361, 363 (1966) (trial courts have the power to control publicity about the case including that from parties and counsel). *See also Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991) (lawyers participating in a pending case can be constitutionally prohibited from making statements that have a "substantial likelihood of materially prejudicing" the case to protect a party's interest in obtaining a fair trial.") Indeed, in virtually every high profile case, it is now routine for trial courts to issue broad gag orders preventing attorneys, parties and witnesses from making public statements. *See* Douglas E. Mirrell, *Gag Orders and Attorney Disciplinary Rules: Why Not Base the Former Upon the Latter*, 17 Loy. L.A. Ent. L.J. 353, 367 (1997) (describing "the increasing frequency with which courts are imposing or threatening to impose gag orders upon trial participants"); Sheryl A. Bjork, *Indirect Gag Orders and the Doctrine of Prior Restraint*, 44 U. Miami L. Rev. 165, 176 (1989) (describing "a proliferation of orders restraining trial participants").

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120

In *Levine v. United States*, 764 F.2d 590 (9th Cir. 1985), the Ninth Circuit noted gag orders are prior restraints and "may be upheld only if the government establishes that: (1) the activity restrained poses either clear and present danger or a serious and imminent threat to a protected compelling interest, (2) the order is narrowly drawn, and (3) less restrictive alternatives are not available." 764 F.2d at 595. This case is, without question, a high profile case that involves 20 allegations of fraud by a company with offices in Federal Way and Auburn, and more than 3,000 customers who are alleged to have been negatively impacted by the alleged fraud.[9] It has also entailed complex and litigious bankruptcy proceedings that involve many lawyers, creditors and interested parties, and has spanned more than two years.[10] The vast reach of the case in this District by virtue of these facts should make clear that any further remarks to the public, whether it be creditors, witnesses, former employees of the Mint and alleged victims or the community at large, may have a substantial effect not only on the potential witnesses but also the jury pool and thereby, Mr. Hansen's constitutional right to a fair and impartial trial. The order requested is narrowly drawn. And no other less restrictive alternative is available to prevent Mr. Calvert's chronic, disparaging remarks about Mr. Hansen, made worse by his self-described expertise in forensic analysis, and common knowledge that he has been privy to the inter-workings of the Mint and the investigation itself since his appointment as Trustee in April 2016.

/ / /

/ / /

/ / /

---

[9] *See, e.g.*, Press Release.

[10] *See, e.g.*, Docket, *In re: NW Territorial Mint*, 16-11767-CMA, *supra*.

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120

## III. Conclusion

Based on discovery received to date, there is a legitimate concern that, without an order limiting statements made to the public, including the alleged victims and witnesses in this case, any further extrajudicial statements made by the Trustee could have a substantial effect on potential witnesses, the fairness of the trial and the ability to empanel a fair and impartial jury from the Western District of Washington. Therefore, the defense respectfully requests that the Court order that the Government's potential witness(es) and in particular, the Trustee, be prohibited from making any further extrajudicial statements about the investigation to the public, including, but not limited to, the alleged victims, creditors, former Mint employees and potential witnesses.

Respectfully submitted this 14th day of September, 2018.

s/ Jennifer E. Wellman and Dennis P. Carroll
Attorneys for Bernard Ross Hansen
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100
Fax (206) 553-0120
Email: Jennifer_Wellman@fd.org
Dennis_Carroll@fd.org

s/ Michael G. Martin
Michael G. Martin WSBA #11508
Attorney for Diane R. Erdmann
Siderius Lonergan & Martin LLP
500 Union Street, Suite 847
Seattle, WA 98101
(206) 624-2800
Fax (206) 624-2805
Email: michaelm@sidlon.com

DEFENDANTS' MOTION TO PREVENT FURTHER PUBLIC STATEMENTS
(*Hansen & Erdmann*, CR18-092RAJ)

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120

**Certificate of Service**

I hereby certify that on September 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to counsel for other parties of record.

s/ *Barbara Hughes*
Paralegal

DEFENDANTS' MOTION TO PREVENT FURTHER
PUBLIC STATEMENTS
(*Hansen & Erdmann*, CR18-092RAJ)

FEDERAL PUBLIC DEFENDER'S OFFICE
1601 FIFTH AVENUE, SUITE 700
SEATTLE, WA 98101
(206) 553-1100
FAX (206) 553-0120