The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD ROSS HANSEN and<br>DIANE RENEE ERDMANN,<br><br>　　　　　　　Defendants. | NO. CR 18-92RAJ<br><br>**GOVERNMENT'S RESPONSE TO MOTION FOR ORDER PREVENTING WITNESS(ES) FROM MAKING PUBLIC STATEMENTS**<br>**(Dkt. #39)**<br><br><u>Noted</u>: September 28, 2018<br><br>**ORAL ARGUMENT REQUESTED** |

## I.　INTRODUCTION

Defendants seek a broad restraint on the speech of all individuals "associated with this prosecution." This request requires strict scrutiny by this Court. Indeed, a prior restraint on speech, also called a gag order, will only be granted when an important competing interest (like the right to a fair trial) is seriously and imminently threatened. Even then, a restraint must be narrowly drawn and less restrictive alternatives must be excluded. Despite the high standard, and despite the broad request, Defendants' motion contains scant justification for such a serious restraint. The motion should be denied.

//
//

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 1

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. RELEVANT BACKGROUND

### A. NWTM went into bankruptcy with thousands of unfilled orders

Although Northwest Territorial Mint (NWTM) was based in Federal Way, Washington, it sold bullion (i.e., bulk silver and gold) to customers all over the country. Customers placed orders over the telephone and over the internet. Over the past years, customers placed thousands of bullion orders with NWTM. Besides dealing in bullion, NWTM also offered secure storage to its customers, who stored bullion (usually bulk silver and gold coins and bars) at NWTM locations for a yearly fee.

Defendant Hansen was the founder, president, and CEO of NWTM. Mr. Hansen controlled most aspects of NWTM - his duties included dictating the pricing and delivery terms for bullion sales and determining how NWTM would spend incoming money. Defendant Diane Erdmann was the former Vault Manager. Ms. Erdmann's duties included allocating raw materials for bullion and customer orders, as well as determining which NWTM customer orders were fulfilled and in what order.

On April 1, 2016, Mr. Hansen caused NWTM to file for Chapter 11 (re-organization) bankruptcy. At the time of the bankruptcy, NWTM had accepted millions of dollars of bullion orders that had not been filled. However, Hansen and Erdmann had used these customers money, but had failed to acquire their bullion. *See* Dkt. #1, Indictment. As a result, the bankruptcy had thousands of creditors who expected refunds or their bullion, but could get neither.

Once in bankruptcy proceedings, the Bankruptcy Court appointed a disinterested Bankruptcy Trustee, Mark Calvert, to manage the affairs of the company. Soon after, Mr. Hansen stopped working at NWTM.

### B. Defendants' Motion for a Gag Order

On September 14, 2018, Defendants filed the instant Motion for Order Preventing Witness(es) From Making Public Statements (the "Motion"). Dkt. #39. Although styled as a motion to restrict only witnesses and only public statements, Defendants' motion actually requests the Court enter a broad order prohibiting many kinds of "extrajudicial

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statements" by any "person or lawyer associated with this prosecution." *See* Motion at 6; Dkt. #39-2, Proposed Order at 2.

## III.  LEGAL STANDARD

As Defendants concede, a pretrial gag order is a prior restraint on the First Amendment right to free speech. *See Levine v. U.S. Dist. Court for Cent. Dist. Of California*, 764 F.2d 590, 595 (9th 1985); Motion at 5.  Therefore, prior restraints are subjected to "strict scrutiny" and may only be upheld when:

1) The activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest;
2) The order is narrowly drawn; and
3) Less restrictive means are not available.

*Levine*, 764 F.2d at 595.

## IV.  ARGUMENT

### A. Defendants have not established that statements "pose either a clear and present danger or a serious and imminent threat" to a "protected competing interest."

Under *Levine*, speech can only be suppressed by a gag order when that speech threatens another competing interest. *Id.*  This is the essence of strict scrutiny – the right to free speech is so important that, in order to limit that right, there must be a threat to another important and protected interest.  Defendants claim that the right that is at issue here is Defendant Hansen's right to a fair trial.  Motion at 5.

Defendants' motion has little supporting evidence to show any such threat. Defendants cite two statements.  First, Defendants paraphrase statements made by the Bankruptcy Trustee at the meeting of creditors[1] from more than two years ago (Mr.

---

[1] This meeting is also known as the Section 341 hearing. *See* 11 U.S.C. § 341.  The Section 341 hearing is a meeting for creditors convened by the United States Trustee (not the appointed Bankruptcy Trustee) shortly after a bankruptcy petition is filed. *Id.*

*United States v. Bernard Ross Hansen, et al.*, CR 18-92RAJ
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Hansen also testified at this hearing).  Motion at 3.  However, no transcript is provided.
2   Second, Defendants cite the United States Attorney's Office press release from
3   April 2018.  Motion at 3.  There is no allegation that the press release raised irrelevant
4   issues, violated any rules or statutes, or improperly prejudiced the Defendants.  There are
5   no other statements cited by the Motion, and Defendants' allegation that the Bankruptcy
6   Trustee has made "chronic, disparaging remarks about Mr. Hansen" (Motion at 5) is
7   unsupported.
8        Notably, Defendants' motion does not provide any evidence of pretrial publicity
9   having an adverse impact on Defendants' right to a fair trial.  It references no newspaper
10  stories or blog posts.  There is no evidence that any of the parties are seeking to try the
11  case in the press.  *See, e.g., Levine*, 764 F.2d at 592-593; *Sheppard v. Maxwell*, 384 U.S.
12  333, 360-61 (1966).  Indeed, excessive public statements by the lawyers is a typical
13  reason for recent gag orders.  *See* https://www.seattletimes.com/nation-world/judge-
14  imposes-gag-order-in-russian-foreign-agent-case/ (Last accessed September 20, 2018).
15  Even if there were some pretrial publicity, it would not necessarily impact Defendants'
16  right to a fair trial.  Defendants' jury will be drawn from the Western District of
17  Washington, a heterogeneous community, and it is unlikely that even a handful of articles
18  would impact the jury pool.  *See In re Dan Farr Productions*, 874 F.3d 590, 594-95 (9th
19  Cir. 2017) (reversing district court gag order restricting civil defendant's statements
20  because those statements were not reasonably connected to the jury pool).
21       On this record, Defendants have not established a "clear and present danger" or a
22  "substantial and imminent threat" to Mr. Hansen's right to a fair trial.
23      **B. Defendants' proposed order is not narrowly drawn.**
24      *Levine* also demands that restraints on speech be narrow.  Here, the proposed
25  restrictions are not narrow in any respect – rather, they include both a broad number of
26  people and a broad amount of speech.  And if the Defendants' succeed in continuing the
27  trial date, these restrictions could last another year.
28

*United States v. Bernard Ross Hansen, et al.*, CR 18-92RAJ
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The proposed order restricts any "person or lawyer associated with this prosecution." Dkt. #39-2, Proposed Order at 2. There is no definition as to who is "associated with this prosecution." It could include only the US Attorney's Office – or it could include all witnesses and agents – or it could include even the Defendants and their witnesses. Defendants' motion does not contain any evidence that supports such a broad restriction on free speech rights. Further, such an order would be difficult to administer – for the government and for the Court.

The proposed order forbids the covered individuals from making any out-of-court statements to former employees, witnesses, victims, creditors, or the public that "a reasonable person would expect will have a substantial likelihood of materially prejudicing an adjudicative proceeding." Proposed Order at 2. Specific types of gagged statements are listed, including:

- ◼ "Any opinion as [to] the guilt or innocence of the defendant(s)"
- ◼ "The character, credibility, or reputation … of a defendant .."
- ◼ "Information the person knows or reasonably should know is likely to be inadmissible at trial …"
- ◼ Any other extrajudicial statement that the lawyer or person associated with the prosecution in this criminal matter should reasonably know would interfere with the defendant(s)' rights to a fair trial.

Proposed Order at 2. These categories are far too broad, especially when applied to non-lawyers. How is a victim-witness supposed to know whether evidence is admissible or inadmissible? A gag order must be specific to the types of statements that pose a serious and imminent threat to the administration of justice. The proposed order is not narrowly drawn.

**C. Less restrictive alternatives are available.**

The last *Levine* prong to be considered before issuing a gag order is the absence of less restrictive alternatives. In this case, where there is no serious threat to Defendants' right to a fair trial, accordingly there is no need for any special order. Proper protections

United States v. Bernard Ross Hansen, et al., CR 18-92RAJ
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

are in place in every trial.  As to issues of pretrial publicity, the Department of Justice follows federal guidelines for public statements for a charged defendant.  *See* 28 C.F.R. § 50.2.  As to issues of undue witness influence, Defendants have the right to explore those issues on cross-examination.  In addition, if the need arises, the Court may address this issue later in the proceedings, during jury selection or during the trial of this case.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that Defendants' motion be DENIED.

Dated this 21st day of September 2018.

                            Respectfully submitted,

                            ANNETTE L. HAYES
                            United States Attorney

                            *s/ Brian Werner*
                            BRIAN WERNER
                            Assistant United States Attorney
                            700 Stewart Street, Suite 5220
                            Seattle, Washington 98101
                            Telephone: (206) 553-7970
                            E-mail: brian.werner@usdoj.gov

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 6

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

*s/ Dru Mercer*
DRU MERCER
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-2502
Email: dru.mercer@usdoj.gov

*United States v. Bernard Ross Hansen, et al., CR 18-92RAJ*
Government's Response to Motion For Order Preventing
Witness(es) From Making Public Statements - 7

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970