The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD ROSS HANSEN and<br><br>DIANE RENEE ERDMANN,<br><br>Defendants. | Case No. 2:18-cr-00092-RAJ<br><br>**LIMITED OBJECTION OF INTERESTED PARTY CHAPTER 11 BANKRUPTCY TRUSTEE MARK CALVERT TO MOTION FOR ORDER PREVENTING WITNESS(ES) FROM MAKING PUBLIC STATEMENTS**<br><br>Noted on Motions Calendar:<br>Friday, September 28, 2018 |

Mark Calvert (the "Trustee"), Chapter 11 Trustee for the substantively consolidated bankruptcy estates of Northwest Territorial Mint, LLC and Medallic Art Company, LLC (collectively, "NWTM"), files this limited objection to the Defendants' Motion for order to Prevent Spoliation of Evidence (the "Motion"). While the proposed order filed concurrently with the Motion would restrain the speech of all individuals "associated with [the] prosecution," the Motion is clearly aimed at the Trustee in particular. The Motion mischaracterizes his actions, and, if granted, would prohibit him from performing his statutorily mandated duties as a Chapter 11 Trustee. Accordingly, the Trustee files this opposition as an interested party.

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 1
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.   FACTS

On April 1, 2016, NWTM filed a voluntary petition under chapter 11 of the United States Bankruptcy Code, commencing a proceeding under case no. 16-11767-CMA, United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Proceeding").  On April 5, 2016, NWTM filed an "emergency motion" for authority to retain a company called Elliot Bay Asset Solutions, LLC to serve as the chief restructuring officer of the company (the "CRO Motion"). Dkt. No. 12, Bankruptcy Proceeding.  The CRO Motion was opposed by Bradley S. Cohen, a creditor with a judgment against NWTM in the amount of $12.5 million. Dkt. No. 24, Bankruptcy Proceeding.  Instead, Mr. Cohen urged the Bankruptcy Court to appoint a Chapter 11 Trustee, pursuant to 11 U.S.C. §1104, based on, among other allegations, fraudulent practices in the management of NWTM.  *Id.* at 2:8-2:16.  On April 11, 2016, the Bankruptcy Court appointed Mark Calvert, a disinterested party, as chapter 11 Trustee.  *See* Dkt. No. 51, Bankruptcy Proceeding.

Following his appointment, the Trustee performed his statutorily-mandated duties to investigate the financial affairs and historic operations of NWTM.  He has, at various times and in accordance with statute, filed reports with the Bankruptcy Court, provided information to creditors and interested parties, and testified in litigation regarding his findings and conclusions with respect to the management and operation of NWTM.

As the appointed Trustee, Mark Calvert has access to and control over the voluminous business records of NWTM.  Over the course of the Trustee's appointment, the Government subpoenaed a significant amount of these records from the Trustee, which were produced at considerable expense and burden to the bankruptcy estate.  In March, 2018, faced with an impending

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 2
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

loss of the lease for NWTM's facility in Dayton, Nevada, the Trustee sought authority from the Bankruptcy Court to destroy NWTM's remaining records, a common practice in a liquidating bankruptcy.  Dkt. No. 1541, Bankruptcy Case.  At a hearing on May 18, 2018, attended by Defendants' counsel and the Trustee's counsel, the Honorable Christopher M. Alston stated that he needed guidance from the Court in the above-captioned proceeding, and requested that Defendants' counsel file a motion seeking instruction.  Dkt. No. 1672, Bankruptcy Case at 12:44 (audio file of hearing).  Upon being informed by Defendant Diane Erdmann's counsel that such a motion was imminent (filed at Dkt. No. 30 herein), the Bankruptcy Court stated that the Trustee should participate in the matter, to which Diane Erdmann's counsel suggested the Trustee file a response as an interested party.  *Id.* at 13:42.  Ultimately, the Trustee, the Government, and the Defendants have managed to resolve, or are in the process of resolving, preservation of records by making copies of servers and shipping hundreds of boxes of documents from Dayton to Seattle, again at considerable expense to the creditors of NWTM.

### III.   ARGUMENT

It is unclear what prompted the Defendants to file the Motion as they provide no facts to suggest that the Trustee has done anything that would warrant the relief requested.  The Motion is almost entirely unsupported by admissible evidence, and there are no allegations that Mr. Calvert has made any inappropriate or prejudicial statements about the Defendants.  In fact, all of the allegations regarding Mr. Calvert's behavior are nothing more than complaints that he was and is performing his duties as a court-appointed trustee.

The Trustee was appointed pursuant to 11 U.S.C. §1104, which provides for the appointment of a Chapter 11 Trustee for cause, including "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management," or if appointment of a Trustee

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 3
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

is in the best interest of creditors.  11 U.S.C. §1104.  Following appointment, a Chapter 11 Trustee has certain statutory duties, including, but not limited to the following:

- Furnishing such information concerning the estate and the estate's administration as is requested by a party in interest (11 U.S.C. §704(a)(7));

- investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan (11 U.S.C. §1106(a)(3)); and

- file a statement of any investigation conducted, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor (11 U.S.C. §1106(a)(4)(A)).

Despite characterizing Mr. Calvert's remarks about the Defendants as "chronic," Defendants point to only three statements made by Mr. Calvert.  All were made at a creditor's meeting held on May 11, 2016, more than two years prior to the indictment of the Defendants.  The creditor's meeting was the Initial Meeting of Creditors, mandated by 11 U.S.C. §341, and convened by the office of the United States Trustee, not Mr. Calvert, and at which both Bernard Ross Hansen and Mark Calvert were subject to questions from creditors, under oath.  None of the statements cited by the Defendants were in any way inappropriate or "disparaging."  The first statement , that Mr. Calvert is a CPA, fraud examiner, and private investigator, and that he was charged with investigating NWTM for fraud, dishonesty, incompetency, misconduct, mismanagement, and irregularities was a true statement.  Mr. Calvert does have these certifications, and it is appropriate that the Office of the United States Trustee would appoint a person with such certifications given the

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 4
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

nature of the case and allegations which lead to his appointment.  Moreover a statement that he is mandated to conduct an investigation as set forth in 11 U.S.C. §1106(a)(3) is entirely accurate.  The Trustee was merely explaining his role to creditors.  The second statement, that Bernard Ross Hansen had prior criminal convictions is a matter of public record easily discoverable by anyone with internet access. Moreover, it was relevant information to provide to creditors whose money had been taken by NWTM, and who were seeking information on why their orders had not been fulfilled.  The third, that NWTM's business had attributes of a Ponzi-like scheme was information consistent with the Trustee's statutory duties set forth above.  He was specifically required by statute to investigate and report facts ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity.  The characterization of his performance of these duties to investigate and provide information to creditors as disparaging or prejudicial is inaccurate.

Defendants make the assertion that the Trustee has acted "akin to an agent" of the Government.  This assertion lacks factual basis.  As the Defendants are well-aware, the Trustee only responded to the Motion to Prevent Spoliation of Evidence because of the economic impact of the requested relief on the bankruptcy estate, because the Honorable Christopher M. Alston suggested the Trustee's concerns should be considered by this Court, and because Diane Erdmann's counsel suggested a response as an "interested party" be the method to give voice to the Trustee's concerns.  To now cast such a filing as evidence that the Trustee is working in concert with the Government is disingenuous.  Similarly, the fact that the Trustee has control over records and conducted his statutorily mandated investigation does not make him an "agent" of the prosecution.  Records provided by the Trustee to the Government were provided pursuant to subpoenas, and he could only have refused cooperation at risk of contempt.

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 5
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## IV.     CONCLUSION

In sum, there is no basis for the Court to enter an order silencing the Trustee. Defendants have provided no evidence of "chronic disparaging remarks" made by the Trustee. They merely point to a handful of accurate statements made by the Trustee at a statutorily mandated meeting to provide information to creditors, made more than two years prior to the indictment of the Defendants. Defendants' efforts to cast the Trustee as an agent of the prosecution are equally baseless. The fact that the Trustee was selected based on certain qualifications, or that he has control over corporate records, or that he conducted an investigation do not constitute a basis for the relief requested by Defendants. The Trustee has statutory duties that he must perform, including providing relevant information to parties in interest regarding his investigation. The relief sought by Defendants would limit the Trustee's ability to perform his duties.

DATED this 26th day of September, 2018.

K&L GATES LLP

By */s/ David C. Neu*
David C. Neu, WSBA #33143 _____
Attorneys for Mark Calvert, Chapter 11 Trustee
K&L Gates LLP
925 Fourth Ave., Suite 2900
Seattle, WA  98104
(206) 623-7580
Fax (206) 370-6289
Email: david.neu@klgates.com

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 6
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dennis Carroll
FEDERAL PUBLIC DEFENDER'S OFFICE (SEA)
1601 5TH AVE
STE 700 WESTLAKE CENTER OFFICE TOWER
SEATTLE, WA 98101

Michael G Martin
SIDERIUS LONERGAN & MARTIN, LLP
500 UNION STREET, SUITE 847
SEATTLE, WA 98101

Jennifer Elizabeth Wellman
FEDERAL PUBLIC DEFENDER'S OFFICE (SEA)
1601 5TH AVE
STE 700 WESTLAKE CENTER OFFICE TOWER
SEATTLE, WA 98101

Brian D Werner
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220
SEATTLE, WA 98101-1271

DATED: September 26, 2018, at Seattle, Washington

*/s/ Denise A. Lentz*
Denise A. Lentz, Paralegal

TRUSTEE'S LIMITED OBJECTION TO
MOTION RE: PUBLIC STATEMENTS
CASE NO. 2:18-cr-00092-RAJ - 7
501849227 v2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022