THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 18-0092-RAJ |
| | ) |
| Plaintiff, | ) DEFENDANTS' REPLY: MOTION |
| | ) ASSERTING PRIVILEGE, IN PART, |
| v. | ) AND WAIVING PRIVILEGE IN PART |
| | ) REGARDING KARR TUTTLE |
| BERNARD ROSS HANSEN, and | ) DOCUMENTS |
| DIANE RENEE ERDMANN, | ) |
| | ) **Hearing Date: February 27, 2019** |
| Defendants. | ) |
| | ) |

In its opposition to the defense motion asserting privilege to specific Karr Tuttle documents, Dkt. 63, the government erroneously urges this Court to assume that the Mint – for all purposes – was the sole client of Karr Tuttle. In doing so, the government ignores the engagement letter, which is addressed to Mr. Hansen and specifically states, "*In addition* [to the Audit of the Mint], we will advise and counsel regarding ongoing developments related to your business including any government inquiry," i.e., a criminal investigation, and, "Thank you for engaging Karr Tuttle PC to represent, advise, and counsel *you* and your business." Ex. 3 (Dkt. 63-3 at 1) (emphasis added). The government's argument also requires this Court to ignore the reason giving rise to Karr Tuttle's engagement as counsel for Mr. Hansen and the Mint, i.e., Mr. Fullington's letter to Mr. Hansen stating that, in Mr. Fullington's opinion, the Mint "and Ross Hansen are more likely than not engaging in business practices that amount to fraud,

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ    - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

misappropriation of customer funds, and Ponzi scheme." Ex. 4 (Dkt. 63-4 at 1). Finally, the government argues that the decision to ultimately refer Mr. Hansen to another defense attorney is proof that the Mint was the client. However, the change in counsel simply reflects counsel's compliance with the Rules of Professional Conduct where a potential conflict became an actual conflict of interest.

**A. Mr. Hansen and Ms. Erdmann can assert a privilege to communications with the Karr Tuttle attorneys.**

The Government suggests that the defendants cannot meet three factors set forth in *United States v. Graff*, 610 F.3d 1148 (9th Cir. 2010). The government's primary argument is that the Mint, not Mr. Hansen or ultimately Ms. Erdman, was the "client." Dkt. 66 at 5. Secondarily, the government asks the Court to assess whether the communications at issue were not made "in confidence" and whether Mr. Hansen waived privilege relating to the subject matter to which he asserts privilege. *Id.* At 6-7. Mr. Hansen was clearly a client for purposes of the attorney-client relationship.

"A personal attorney-client relationship with corporate counsel can be established by implication or through circumstantial evidence." *United States v. Trombetta*, No. 13-227, 2015 WL 4406426, *19 (W.D. PA, July 20, 2015). Here, as outlined below, each of the *Graf* factors is satisfied in this case and Mr. Hansen can assert privilege to all of the communications with the Karr Tuttle attorneys or, as he has done, in part. In support of this motion, the defense submits declarations from Mr. Hansen and Ronald Friedman addressing each *Graf* factor. *See* Exhibit 6 (Declaration of Ross Hansen) and Exhibit 7 (Declaration of Ronald Friedman).

1. Mr. Hansen approached Karr Tuttle seeking legal advice.

There really can be little dispute regarding this factor. Mr. Hansen was alarmed by the accusation made in the Fullington memo, so he sought outside legal advice from his prior criminal defense lawyer, who referred him to Ron Friedman, a former United

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ    - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

States Attorney, who specializes in regulatory compliance and white collar criminal defense at Karr Tuttle & Campbell. *See https://www.karrtuttle.com/ronald-j-friedman/*.

### 2. Mr. Hansen sought advice in his personal capacity rather than his representative capacity.

One of the factors addressed by the Court in *Trombetta* is "whether the officer's personal liability or criminal exposure were discussed with corporate counsel." *Id*. (*citing In re Bevill*, 805 F.2d 120, 124 (3d Cir. 1986)). Without question, Mr. Hansen's personal liability or criminal exposure were discussed with Karr Tuttle.

For example, Mr. Hansen was alarmed by the implication in the Fullington memo that he could be criminally prosecuted just like Mr. Tulving. He went to his prior criminal defense lawyer initially. In his declaration, Mr. Hansen states he clearly sought representation for himself. *See* Exhibit 6 (Hansen Declaration). The Karr Tuttle attorney – privy to the Fullington memorandum -- understood Mr. Hansen was seeking legal advice in his individual capacity and the company, although he viewed them as one-in-the same. Exhibit 7 (Friedman Declaration). The fact that the Mint was identified, along with Mr. Hansen individually, in the retainer agreement and the Mint paid the Karr Tuttle bills does not change the conclusion that Mr. Hansen was seeking advice for himself. The engagement was not limited in scope to the Mint. Moreover, this company was a sole proprietorship. Any expenses that the Mint incurred simply meant that Mr. Hansen's profits, if any, would have been diminished. An organization can agree to pay the legal fees provided for an individual officer.

### 3. Counsel communicated with Mr. Hansen in his individual capacity, knowing a possible conflict could arise.

Karr Tuttle did not have a pre-existing relationship with the Mint. This is not a situation where counsel was providing a variety of legal services related to the operation of the business and was then asked about criminal matters. Mr. Friedman

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ   - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

recognized the possibility of a conflict but, because the Mint was basically Mr.

Hansen's alter-ego, he believed no conflict existed. Exhibit 7 (Friedman Declaration).

Once a receiver was appointed to run the Mint, it became an actual conflict which

required new counsel for Mr. Hansen.

4.   <u>The conversations were confidential</u>.

Mr. Hansen was the only person to seek advice from Karr Tuttle. No other

employee was involved in meetings where advice was given. In fact, several email

communications between counsel and Mr. Hansen were in fact, identified as

confidential and "intended only for the use of the intended recipient(s), i.e., Mr.

Hansen. *See, e.g.,* Ex. 6. Nor is there any evidence that he shared the substance of his

communications with Karr Tuttle such that the privilege was waived.

Mr. Hansen agrees that the interactions that Dino Vasquez had with Mint

employees are not subject to privilege. However, that does not waive all

communications with counsel or mean that the Audit is not privileged. Counsel is

expected to investigate, interview witnesses, and make observations. The fact that other

people thereby knew an investigation took place does not mean that the private

conversations with counsel are not still subject to privilege.[1]

5.   <u>The subject of the conversations with Karr Tuttle concerned Mr. Hansen's personal liability</u>.

Most corporate counsel privilege cases address circumstances in which the

corporation is not a sole proprietorship. Courts have modified the *Bevill* test (adopted

by the Ninth Circuit, see *Graf,* 610 F.3d at 1159-60) for closely-held corporations. The

First and Tenth Circuits have interpreted the fifth *Bevill* factor flexibly to permit the

individual to assert an individual attorney-client where, "the communication between a

---

[1] The government asks the Court to inquire into the identity of a person named Taylor identified in one of the emails. Mr. Taylor is a private investigator who likely worked with Mr. Wyatt.

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ    - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

corporate officer and corporate counsel specifically focuses upon the individual officer's personal rights and liabilities …. Even though the general subject matter of the conversation pertains to matters within the general affairs of the company." *In re Grand Jury Subpoena*, 274 F.3d 563, 572 (1st Cir. 2001) (quoting *In re Grand Jury Proceedings*, 156 F.3d 1038, 1041 (10th Cir.1998)). For example, the test may be met where the corporate officer discusses his individual liability for jail time arising from conduct interrelated with corporate affairs "because the officer's potential prison sentence is outside the scope of the corporations' concerns and affairs." *In re Grand Jury Proceedings*, 156 F.3d at 1041.

In this case, the potential criminal liability of the Mint was co-extensive with Mr. Hansen's personal liability. Mr. Hansen and the Mint were inseparable.

**B. Even if Mr. Hansen's communications with Karr Tuttle related to the audit are not privileged, the subsequent communications related to the FBI investigation and his personal exposure to criminal prosecution are still privileged.**

The government argues that "parsing the specifics of subject matter waiver is unnecessary" because, according to the government, the holder of the privilege was the Mint and the Trustee waived privilege. Dkt. 66 at 7. However, the attorney-client privilege is not an "all or nothing" matter. For example, in *Bevill*, the case which provides the five-factor test for corporate counsel, the trial court allowed the party seeking the privilege to demonstrate that some of the communications were personal and protected communications relating the principals' personal liabilities. *In re Bevill, Bresler and Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 125 (3rd Cir. 1986); *see also Transcontinental Refrigerated Lines, Inc. v. New Prime, Inc.*, No. 13-2163, 2014 WL 2471936, *7 (M.D. PA, June 3, 2014) (applying *Bevill* test to assess which communications between a corporate officer and corporate counsel implicated the corporation's privilege, and which implicated the officer's personal privilege). Thus,

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ    - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

even if the Karr Tuttle's primary relationship was with the corporation, this Court still must "parse the specifics of subject matter waiver."

In this case, Mr. Hansen filed for bankruptcy on April 1, 2016, and a receiver was appointed on April 12, 2016. The communications to which Mr. Hansen does not waive the privilege took place either shortly before or soon after the bankruptcy proceeding was initiated. By then, there could be no confusion regarding the identity of "the client." Furthermore, Diane Erdmann's communications with Mr. Friedman took place well after the trustee took over the Mint. For clarity, the communications to which Mr. Hansen asserts a privilege are set forth below.

| Bates pages | Subject | Date | From: | To: | Summary |
|---|---|---|---|---|---|
| 55343.346 | Request | 4/19/16 | Friedman | Frush, Vasquez | Client referral |
| 55343.335 | Conference Yesterday | 4/11/16 | Wyatt | Hansen, Friedman, Taylor | Criminal investigation |
| 55343.334 | NWTM and Ross Hansen | 4/7/16 | Wyatt | Friedman | Initial contact |
| 55343.330-333 | Attorney-client privilege | 4/4/16 | Friedman | Hansen, Vasquez | Criminal investigation |
| 55343. 328-329 | Attorney-client privilege | 4/3/16 | Hansen | Friedman | Criminal investigation |
| 55343. 327 | Attorney-client | 4/3/16 | Friedman | Hansen, Vasquez | Criminal investigation |
| 55343. 221-226 | Tulving Docs | 3/29/16 | Friedman | Hansen | Tulving prosecution |

//

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ   - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

**C. Diane Erdmann's communications with Karr Tuttle are privileged.**

Ms. Erdman's communications with Karr Tuttle are not complicated by the corporate relationship. She is not an owner of the Mint. Thus, there can be no doubt that she was the client of Karr Tuttle.

**D. Conclusion.**

The government agrees that the Court should determine in camera whether the defense motion asserting privilege in part should be granted. For the reasons stated above, the defendants respectfully request that this Court find that the emails identified above, as well as communications with the Karr Tuttle attorneys related to the criminal investigation, be protected as privileged.

If so granted, the government further asks this Court to provide the parties with direction on how to proceed with potential Karr Tuttle witnesses. Dkt. 66 at 1. If granted, the Court should direct the government to inform its Karr Tuttle witnesses that they cannot discuss these aspects of the representation with the government or introduce the communications at trial.

DATED this 15th day of February, 2019.

Respectfully submitted,

*s/  Dennis Carroll*
*s/ Jennifer E. Wellman*
Attorneys for Bernard Ross Hansen
Assistant Federal Public Defenders

s/  *Michael G. Martin*
Attorney for Diane Renee Erdmann

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ    - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I certify that on February 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

*/s/ Alma R Coria*
Senior Legal Assistant

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION ASSERTING
PRIVILEGE, IN PART, AND WAIVING
PRIVILEGE IN PART REGARDING KARR
TUTTLE DOCUMENTS
*Bernard Hansen et al.*; CR18-92RAJ    - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**