The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) Case No.: CR18-0092-RAJ<br>) |
| vs. | )<br>)<br>) JOINT DEFENSE MEMORANDUM<br>) RE: STATUS HEARING |
| BERNARD ROSS HANSEN and<br>DIANE RENEE ERDMANN, | )<br>)<br>) |
| Defendants. | )<br>) |

This complex case is scheduled for a Status Hearing on Wednesday, April 17, 2019, to address the Defendant's Motion Asserting Privilege, In Part, and Waiving Privilege in Part Regarding Karr Tuttle Documents. Dkt. 63. Time permitting, the defense would also like to address the following issue(s) with the Court:

**1. The Scheduling Order**

As repeatedly stated, the volume of discovery in this case is extraordinary. In addition to the 90,000 pages of legal documents[1] that counsel had to review to determine if they should be withheld from the Government pursuant to the attorney-client privilege, discovery includes over 2600 audio files, over 180,000 numbered pages, of which over

---

[1] Estimating the volume of discovery is difficult because some documents have attachments and some are Excel spreadsheet files with an extraordinary number of sheets and data.

| | |
|---|---|
| JOINT DEFENSE MEMORANDUM<br>RE: STATUS HEARING<br>(*Hansen and Erdmann*, CR18-092RAJ) | **FEDERAL PUBLIC DEFENDER**<br>**1601 Fifth Avenue, Suite 700**<br>**Seattle, Washington 98101**<br>**(206) 553-1100** |

60,000 pages are protected and cannot be produced to the client outside the office. Dkt. 35 n. 16. The Government has also taken control of over approximately 1,420 boxes from the Nevada warehouse that was the subject of earlier litigation, and has now produced mirror images of servers for the Mint that should reflect not only the transactions that the Mint conducted up to the time of the bankruptcy but also the Trustee's liquidation of the Mint since he assumed control in April 2016. It remains unclear the amount of data that will be on the mirror images of these servers because it will include data going back several years, but it seems to be at least a terabyte of data. The Government has also produced the defendants' hard drives (containing 4198 files—113 gigabytes), including days of surveillance footage of the Mint vaults to be reviewed.

Moreover, although the Government's index gives the impression that, despite the volume, the discovery is straight forward and easily reviewed, in truth, the discovery production is a rabbit warren. Accordingly, the defense has repeatedly asked the Government for a "reverse-proffer." Although open to the idea, the Government has insisted it should occur at an unknown later time. Meanwhile the defense consulted with a number of experts and resources to best assist it in reviewing, understanding, and investigating the vast discovery including attorney Russell Aoki who is under contract as a Coordinating Discovery Attorney for the Administrative Office of the US Courts, Defender Services Office, to provide litigation support assistance for major criminal cases across the country. Key among other tools to cull through vast and complex litigation, Mr. Aoki advised that in an analogous case, this Court imposed a scheduling order that required preliminary, albeit nonbinding, disclosures of government exhibits and witnesses, as well as charts and summaries. *See, e.g.,* Dkt. 103, *United States v. Bontrager and Anderson,* CR 12-61RAJ.

Thereafter, in early March 2019, having now realized the benefit of this practice to both the government and the defense, the defense asked the government to agree to a

JOINT DEFENSE MEMORANDUM
RE: STATUS HEARING
(*Hansen and Erdmann*, CR18-092RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

revised scheduling order that included a nonbinding preliminary disclosure of witnesses and exhibits so the trial date and pretrial motions dates in particular, could stay on track as hoped. A month or so later, the government advised that it would only agree to do so by August 2 and August 9 if we agreed to disclose the same by August 16 and August 23, which is only two months before the scheduled trial and long after pretrial motions are said to be due.

Absent the request to narrow the vast evidence intended for trial so the defense can be handled efficiently and cost-effectively, it remains an impossible task for the defense to review the evidence, resolve discovery issues and conduct its own investigation and legal research before the need to file any pretrial motions on May 3, 2019, and thereafter prepare adequately for trial in October.

For these reasons, and with hopes the trial date may remain, the defense believes a number of dates should be shifted in the scheduling order and added consistent with this Court's order in *Bontrager and Anderson*, keeping in mind the above facts and the need for adequate time for counsel to fully and adequately review the discovery with their respective clients, as well as any and all factual and legal issues presented, and sentencing consequences so they can effectively prepare for trial and Ms. Erdmann and Mr. Hansen can each make an informed and intelligent decision of how to proceed. *See Proposed Revised Scheduling Order* attached at Exhibit 1, pp. 1-4.

**2. Discovery Issues**

The defense requested the government to produce any and all subpoenas issued to the bankruptcy trustee and/or estate, which, in counsel's experience, are typically produced along with the returns and underlying documents. The government advised that per its own unwritten policy, it has no intentions of producing the subpoenas absent an order by this Court. The subpoenas and the returns are key to understanding the development of the government's case against the defendants and the trustee's role in that

JOINT DEFENSE MEMORANDUM
RE: STATUS HEARING
(*Hansen and Erdmann*, CR18-092RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

investigation and therefore, a motion is forthcoming. However, the defense would appreciate guidance from the Court whether discovery motions should be filed as issues unfold or whether the Court prefers such motions at specific times throughout the course of the case that should also be incorporated into a revised scheduling order. Upon further guidance by the Court, the defense will file the requisite motion.

Respectfully submitted this 16th day of April, 2019.

| | |
|---|---|
| s/ Jennifer E. Wellman and<br>s/ Dennis P. Carroll<br>Attorneys for Bernard Ross Hansen<br>Federal Public Defender<br>1601 Fifth Avenue, Suite 700<br>Seattle, WA 98101<br>(206) 553-1100<br>Fax (206) 553-0120<br>Email: Jennifer_Wellman@fd.org<br>       Dennis_Carroll@fd.org | _____/s Michael G. Martin_____<br>Michael G. Martin WSBA #11508<br>Attorney for Diane R. Erdmann<br>Siderius Lonergan & Martin LLP<br>500 Union Street, Suite 847<br>Seattle, WA 98101<br>(206) 624-2800<br>Fax (206) 624-2805<br>Email: michaelm@sidlon.com |

JOINT DEFENSE MEMORANDUM
RE: STATUS HEARING
(*Hansen and Erdmann*, CR18-092RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**Certificate of Service**

I hereby certify that on April 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to counsel for other parties of record.

/s  *Barbara Hughes*
Paralegal

JOINT DEFENSE MEMORANDUM
RE: STATUS HEARING
(*Hansen and Erdmann*, CR18-092RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**