THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR18-092-RAJ |
| Plaintiff, | ) ) | REPLY IN SUPPORT OF DEFENDANTS' MOTION TO |
| v. | ) ) | EXCLUDE EVIDENCE OBTAINED BY JOHN E. YOUNG, A |
| BERNARD ROSS HANSEN, | ) ) | GOVERNMENT INFORMANT, TAKEN IN VIOLATION OF THE |
| Defendant. | ) ) | FOURTH AMENDMENT |
| | ) ) | |

Bernard Ross Hansen moved this Court to exclude any evidence illicitly procured and turned over to the government by former Northwest Territorial Mint (NWTM) employee John Young. Dkt. 97. In its response, the government argues, without any argument or evidence to support it, that Mr. Hansen did not have an expectation of privacy in the documents in question and, moreover, that there was no governmental action in Mr. Young's conduct.  Dkt. 112 at 5-6. The government is mistaken on both grounds. Mr. Hansen had a legitimate expectation of privacy in the documents that were improperly taken from NWTM and Mr. Young, in his desire to become a paid government employee, engaged in government action when he secreted the documents away and then turned them over to the government. Accordingly, as the government lacked a search warrant to obtain the documents in question, they should be excluded from the trial.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCULE EVIDENCE
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

At a minimum, this Court should hold an evidentiary hearing to determine whether: (1) Mr. Hansen had a reasonable expectation of privacy in the business records of the company he solely owned; and (2) Mr. Young engaged in government action when he took the business records and turned them over the agents.

### I. Mr. Hansen had a reasonable expectation of privacy in the documents in question.

The government begins its argument with a bald assertion that Mr. Hansen has the burden of showing that he had a reasonable expectation of privacy in the documents in question. However, the government makes no effort to disprove that he had such an expectation. It does not even go so far as to assert, with or without support, that he has failed to make such a showing. The only inference from the government's passive suggestion is that it is aware that such an argument would be baseless because Mr. Hansen clearly had an expectation of privacy in the documents in question. Mr. Hansen was the president and CEO of NWTM. Mr. Young was his employee who did not have permission or authority to take confidential corporate documents and store them on his own personal computer. The fact that, as the government stresses in the factual portion of its reply, at the time Mr. Young stole the documents, he was still employed by NWTM is immaterial. Under any circumstances, he took documents that belonged to Mr. Hansen's company, not to himself, with the intention of giving them to the government and to become a paid informant.

### II. Mr. Young's conduct in pilfering the documents in question amounted to governmental action and no amount of linguistic gymnastics on the part of the government can change that fact.

The government begins its attempt to refute the fact that there was governmental action inherent in Mr. Young's search by quoting the correct standard but quickly pivots to a much more exacting standard that diverges from the requirements of case law. Dkt. 112 at 6 (citing *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998)

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO EXCULE EVIDENCE
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  (per curiam)). Although the government initially correctly recognized that, for the
2  conduct to be governmental action, the government merely needed to "[know] of and
3  acquiesce[]" to the conduct and that the party conducting the search must have
4  "intended to assist law enforcement efforts," it then attempts to distinguish Mr.
5  Young's conduct on the grounds that it did not rise to a much more exacting standard in
6  which the government "coerce[d] Mr. Young into turning over the files." Dkt. 112 at 6.
7  The government then admits that Mr. Young was intending to assist law enforcement,
8  the specific conduct identified by the Ninth Circuit in *Young,* but relies on cases
9  involving very different conduct to suggest he was merely a whistleblower. The
10 government's argument is misplaced.

11 Contrary to the government's assertion, Mr. Young's conduct is hardly akin to a
12 whistleblower or a shipping manager who observed obscene material fall out of a
13 container. Mr. Young was an employee of the company who, intending to become a
14 paid government employee, provided the government with key proprietary corporate
15 documents that he had taken without consent of his employer.

16 The government also makes much of the fact that Mr. Young was unsuccessful
17 in his efforts to become a paid government informant and was not made any promises
18 of immunity. Again, though, this is irrelevant. The question is whether Mr. Young
19 "intended to assist law enforcement." He unquestionably did.

20 //
21 //
22 //
23 //
24 //
25 //
26 //

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO EXCULE EVIDENCE
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

### III. Conclusion

John Young was acting as a government agent when he seized key NWTM documents and turned them over to the government. Accordingly, their seizure constituted a violation of Mr. Hansen's rights under the Fourth Amendment and they should be suppressed along with any evidence procured in reliance upon them. At a minimum, this Court should hold an evidentiary hearing to address this motion.

DATED this 23rd day of August, 2019.

Respectfully submitted,

s/ *Dennis Carroll*
s/ *Jennifer E. Wellman*
Assistant Federal Public Defenders
Attorneys for Bernard Ross Hansen

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO EXCULE EVIDENCE
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**CERTIFICATE OF SERVICE**

I certify that on August 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

s/ *Alma R Coria*
Paralegal

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO EXCULE EVIDENCE
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**