THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD ROSS HANSEN, <br><br> Defendant. | No. CR 18-0092-RAJ <br><br> DEFENSE AMENDED SUPPLEMENTAL EXHIBITS IN SUPPORT OF DEFENSE MOTION TO COMPEL PRETRIAL INTERVIEWS OF CASCADE CAPITAL GROUP GOVERNMENT WITNESSES |

Attached to this Amended Supplemental Exhibit are the government's July 3, 2019 and August 9, 2019, expert disclosure notices, which were inadvertently not filed with the Supplemental Exhibits in Support of Defense Motion to Compel Pretrial Interview of Cascade Capital Group Government Witnesses, filed on October 7, 2019, dkt. 125.

DATED this 7th day of October, 2019.

Respectfully submitted,

*s/ Jennifer E. Wellman*
*s/ Dennis Carrol*
*s/ Andrew Kennedy*
Attorneys for Bernard Ross Hansen

DEFENSE AMENDED SUPPLEMENTAL
EXHIBITS IN SUPPORT OF DEFENSE
MOTION TO COMPEL PRETRIAL
INTERVIEWS
(*Bernard Hansen*; CR18-92RAJ)   - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## CERTIFICATE OF SERVICE

I certify that on October 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all parties of record.

/s/ Barbara Hughes
Paralegal

DEFENSE AMENDED SUPPLEMENTAL
EXHIBITS IN SUPPORT OF DEFENSE
MOTION TO COMPEL PRETRIAL
INTERVIEWS
(*Bernard Hansen*; CR18-92RAJ)   - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100



**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Brian Werner*
*Assistant United States Attorney*
*Direct Line: (206) 553-2389*

700 Stewart Street, Suite 5220   Tel: (206) 553-7970
Seattle WA, 98101-1271           Fax: (206) 553-2502
www.usdoj.gov/usao/waw

July 3, 2019

**Via E-Mail**
Jennifer Wellman/Dennis Carroll
Attorneys for Bernard Ross Hansen
Federal Public Defenders' Office
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101

Michael G. Martin
Attorney for Diane Renee Erdmann
Siderius Lonergan & Martin LLP
500 Union Street, Suite 847
Seattle, Washington 98101

    Re:    *U.S. v. Bernard Ross Hansen, et al.*, CR18-92RAJ, USDC, WAWD

Dear Counsel:

    This letter is written pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and the Order Setting Revised Case Schedule (Dkt. #83) to advise you that the government may call the following witness(es):

    **FBI Forensic Examiner John Powers.** Mr. Powers examined the Defendants' former Northwest Territorial Mint (NWTM) computers. He extracted various emails and related documents. Mr. Powers prepared a report at FBI_000222-223. Mr. Powers also produced an FTK report that was produced to you as "FBI 2 Report" on April 27, 2018. These emails were re-produced in Bates-stamped format as EMAILS_000001-197 on November 13, 2018. If the parties do not reach a stipulation regarding the location, history, and authenticity of those files, Mr. Powers may testify about the procedures for forensic analysis generally and his work on this case as described above and in the relevant reports. Mr. Powers' CV is attached.

    **Other witnesses.** The government believes that the following witnesses are fact witnesses rather than expert witnesses as contemplated by the Rules. However, in an abundance of caution, the government has included the following witnesses in this disclosure.

    **FBI Forensic Accountant Gwynne Laurente.** Ms. Laurente has examined the NWTM bank accounts and the NWTM accounting data (e.g, Epicor and E2) that has been produced in this case. Ms. Laurente may testify about the structure of the NWTM bank accounts, including

Jennifer Wellman/Dennis Carroll/Michael Martin
Page 2
July 3, 2019

the deposits into and payments from those bank accounts. More specifically, she may testify as to how the deposits into those accounts were used, including for raw materials, advertising expenses, legal expenses, business expansion, owner's draws, personal credit card payments, or other relevant matters. Ms. Laurente may testify that bullion customer payments were not used to purchase that specific bullion customer's product, but rather used for past bullion orders or other company or personal expenses. Ms. Laurente may testify about the lack of financial statements or other financial controls at NWTM and, based on her training and experience, why it is important to have those controls. Ms. Laurente may also testify that smaller bullion orders were filled more quickly than larger bullion orders. She may further testify as to the length of time it took to fulfill bullion orders and how that period changed over time, and that by 2015, the time to fulfill orders was generally in excess of ten weeks. Ms. Laurente may further testify as to how many bullion orders were never fulfilled.

Ms. Laurente's testimony is based on her training and experience, and her review of the discovery in this case, specifically, NWTM bank account records, NWTM accounting (Epicor and E2) records, and records prepared in connection with the Trustee's work in this case. Ms. Laurente's resume is attached.

**Individuals who worked for the Bankruptcy Trustee.** The government may call one or more individuals who performed work on behalf of the Bankruptcy Trustee on the NWTM matter. Presently, the government believes it may call one or more of the following: Mark Calvert, Jessica Gilmore, Tod McDonald, Jody Quick, and/or Christine Unwin. These witnesses would testify about their work in connection with the NWTM Trustee matter. Again, the government believes that these witnesses are fact witnesses, not expert witnesses as contemplated by the Rules. However, in an abundance of caution, the government has included disclosures as to the below witnesses. These disclosures are not intended to, and do not, limit the testimony of these witnesses or any other witnesses who performed work for the Trustee, as to other relevant factual matters.

**Mark Calvert.** As you know, Mr. Calvert is the Court-appointed Bankruptcy Trustee for NWTM. Mr. Calvert may testify generally about his work as the Trustee and the poor financial condition (and low cash balance) of NWTM prior to entering bankruptcy. Mr. Calvert may testify about the NWTM accounting systems, including any accounting records or reports, and NWTM bank accounts, including the deposits into and payments from those bank accounts. Mr. Calvert may testify that bullion customer payments were not used to purchase that bullion customer's product, but rather used for past bullion orders or other personal or company expenses. He may testify as to the lack of tax returns, financial statements, or other financial reporting at NWTM and, based on his training and experience, why such reporting is important. Mr. Calvert may testify about NWTM's former bullion sales, including the length of time it took to fulfill bullion orders, the practice of fulfilling smaller bullion orders before larger orders, and changes in pricing for bullion orders. *See, e.g.*, TRUSTEE_002303-04, 002403, 002504, 002505. Mr. Calvert may also testify about the varying amounts of outstanding customer obligations over time and that NWTM was insolvent by at least 2009. *See, e.g.*, TRUSTEE_002356, 002404, 002470.

Jennifer Wellman/Dennis Carroll/Michael Martin
Page 3
July 3, 2019

Mr. Calvert's testimony is based on his training and experience, NWTM bank account records, NWTM accounting records, and related records prepared in connection with the Trustee's work in this case. Mr. Calvert's resume is attached.

**Jessica Gilmore.** Ms. Gilmore is an accountant that worked on behalf of the Trustee on the NWTM matter. Ms. Gilmore may testify about that work and the poor cash position and financial condition of NWTM prior to entering bankruptcy. Further, she may testify about the NWTM accounting records and the NWTM bank accounts, including the deposits into and payments from those bank accounts. More specifically, she may testify as to payments from those accounts that were used for raw materials, advertising expenses, legal expenses, business expansion, owner's draws, personal credit card payments, or other relevant matters. *See, e.g., See* TRUSTEE_002402, 002321. Ms. Gilmore may testify that bullion customer payments were not used to purchase that specific bullion customer's product, but rather were used to fulfill past bullion orders or other company or personal expenses. Ms. Gilmore may also testify to the length of time it took to fulfill bullion orders and how that period changed over time, based on her work for the Trustee and a review of relevant accounting (Epicor and E2) data. *See, e.g.*, TRUSTEE_002403. She also may testify as to the practice of filling smaller bullion orders prior to filling larger bullion orders. *See* TRUSTEE_002303-04, 002504, 002505. She may also testify as to changes in pricing for bullion orders. Ms. Gilmore may also testify about the varying amounts of outstanding customer obligations over time and that NWTM was insolvent by at least 2009. *See, e.g,* TRUSTEE_002356, 002404, 002470, 006435.

Ms. Gilmore's testimony is based on her training and experience, NWTM bank account records, NWTM accounting records, and related records prepared in connection with the Trustee's work in this case. Ms. Gilmore's resume is attached.

**Tod McDonald.** Mr. McDonald is a CPA and a Certified Insolvency and Restructuring Advisor (CIRA) that worked on behalf of the Trustee on the NWTM matter. Mr. McDonald may testify about that work and the poor cash position and financial condition of the company prior to entering bankruptcy. Mr. McDonald may testify about the NWTM accounting systems and bank accounts, including the deposits into and payments from those bank accounts, and the use of those deposits. *See* TRUSTEE_002402. He may testify as to the lack of financial reports and tax returns at NWTM and, based on his training and experience, why it is important to have financial reporting. Mr. McDonald may also testify as to the length of time it took to fulfill bullion orders and how that period changed over time. He may also testify as to changes in pricing for bullion orders. Mr. McDonald may also testify about the varying amounts of outstanding customer obligations over time. *See, e.g.*, TRUSTEE_002470, 002504, 002505.

Mr. McDonald's testimony is based on his training and experience, NWTM bank account records, NWTM accounting records, and related records prepared in connection with the Trustee's work in this case. Mr. McDonald's resume is attached.

//
//

Jennifer Wellman/Dennis Carroll/Michael Martin
Page 4
July 3, 2019

    The government may supplement this disclosure as appropriate. Please let me know if you have any questions.

                    Sincerely,

                    BRIAN T. MORAN
                    United States Attorney

                    *s/ Brian Werner*
                    BRIAN WERNER
                    Assistant United States Attorney

cc: Ben Diggs



**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

| | | |
|---|---|---|
| *Please reply to:*<br>Brian Werner<br>*Assistant United States Attorney*<br>*Direct Line: (206) 553-2389* | *700 Stewart Street, Suite 5220*<br>*Seattle WA, 98101-1271*<br>*www.usdoj.gov/usao/waw* | *Tel: (206) 553-7970*<br>*Fax: (206) 553-2502* |

August 9, 2019

**Via E-Mail**
Jennifer Wellman/Dennis Carroll
Attorneys for Bernard Ross Hansen
Federal Public Defenders' Office
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101

Barry Flegenheimer
Attorney for Diane Renee Erdmann
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, Washington 98104

    Re:    *U.S. v. Ross Hansen, et al.*, CR18-92RAJ, USDC, WAWD

Dear Counsel:

    This letter is written pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and the Order Setting Revised Case Schedule (Dkt. #83) to provide rebuttal or supplemental expert disclosures. Similar to our prior disclosure, the described testimony may not be expert testimony as contemplated by the Rules. However, the government makes this further disclosure in an abundance of caution.

    First, the government will present evidence at trial, including to rebut a defense, that the scheme to defraud charged in the Indictment had characteristics of a Ponzi scheme. For example, the government will present testimony that defendants used payments from new bullion customers, precious metal from bullion storage customers, and both metal and money from bullion lease customers, to fulfill older bullion orders for other customers. Further, the government will present testimony that the bullion-lease program also had characteristics of a Ponzi scheme – defendants represented that lease customers' investment was getting larger, when instead defendants failed to replenish lease customer holdings and failed to accrue promised interest. The government will present this testimony through various former employees and customers, as well as through description of these Ponzi scheme characteristics from financial witnesses Mark Calvert, Jessica Gilmore, Tod McDonald, and Gwynne Laurente.

    Second, the government may present evidence and testimony at trial that could rebut defense expert Anne Layne's testimony as to topics such as the use of money from sales to fulfill

Jennifer Wellman/Dennis Carroll/Barry Flegenheimer
Page 2
August 9, 2019

prior orders, the tracing of funds, and the responsibilities of a CPA/CFE. However, the government does not know Ms. Layne's opinions on these matters. Please provide Ms. Layne's opinion on these matters including any documents supporting her analysis. If the government does not know Ms. Layne's actual opinions, the government may file a motion to exclude her testimony.

The government may supplement this disclosure as appropriate. Please let me know if you have any questions.

Sincerely,

BRIAN T. MORAN
United States Attorney

*s/ Brian Werner*
BRIAN WERNER
Assistant United States Attorney
BENJAMIN DIGGS
Special Assistant United States Attorney