THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR18-092-RAJ |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER ON DEFENDANT BERNARD ROSS HANSEN'S MOTION TO |
| BERNARD ROSS HANSEN, | ) ) | EXCLUDE EVIDENCE OBTAINED BY JOHN YOUNG |
| Defendant. | ) ) ) | |

Defendant Bernard Ross Hansen's motion seeks to exclude certain Northwest Territorial Mint (NWTM) files provided to the government by John E. Young, former employee of NWTM.

The evidence presented demonstrates Young was employed by NWTM from April 2013-September 18, 2015. The evidence indicates that on September 21, 2015, after Young was no longer employed with NWTM, he was contacted by the FBI and met with the FBI on the following day, September 22, 2015. The ostensible purpose of the meeting was to discuss the FBI's investigation of NWTM.

There is no evidence that Young gained new access to NWTM after he separated from the company to obtain files or information from NWTM.

///

The record before this court consists of the sworn testimony of Young, the admitted exhibits, and the declaration of FBI Special Agent Michael Bozzelli. The totality of this evidence clearly indicates that Young provided to the FBI several files, including various spreadsheets, pictures of contracts, and a computer hard drive provided to Young during his employment with NWTM. The record also includes a series of emails between Young and the FBI.

Young testified under oath that these materials were obtained or used while he was an employee of NWTM and before his termination.

The evidence before the court also suggests that Young's contract with the FBI occurred after his termination from NWTM. There is no evidence, other than speculation, that the FBI agreed in any manner to allow Young to work for it as an informant or to pay him as an informant for any information he obtained and passed on. Nor is there evidence of any quid pro quo in the form of promises or immunity for his cooperation in the investigation.

The defendant suggests that the manner in which Young transmitted documents to the FBI amounted to government action warranting suppression of these materials for violation of the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures by the government, not from searches and seizures by an individual.

In order to establish a Fourth Amendment violation, there must be evidence that Young was acting as an instrument of the government. *United States v. Young*, 153 F.3rd 1079, 1080 (9th Cir. 1998) identifies the requirements for the establishment of such conduct. First, did the government know of and acquiesce in the intrusive conduct, and second, whether the party performing the search intend to assist law enforcement.

The defendant's argument fails. The evidence at best suggests that Young was securing the information he eventually turned over to the FBI from NWTM as a form of personal insurance against any action he suspected might be taken against him. There is no evidence that at the time he was securing this information that he was doing so at

the direction of the FBI or any other law enforcement entity. Even if Young's intent was to eventually give the material to the FBI, the defense is not permitted to superimpose Young's original intent to the FBI and claim a Fourth Amendment violation. Absent any clear evidence that Young was directed to or was working for or at least in communication with the FBI about his actions, there is no basis to grant the defendant's motion to suppress.

For these reasons, the defendant's motion to suppress (Dkt. #97) is denied.

DATED this 7th day of October, 2019.

The Honorable Richard A. Jones
United States District Judge