THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR18-092-RAJ |
| Plaintiff, | |
| v. | MR. HANSEN'S MOTION TO MODIFY BOND CONDITIONS |
| BERNARD ROSS HANSEN, | **Noted on Motions Calendar: 10/25/19** |
| Defendant. | |

### I.     Motion

The defendant, Bernard Ross Hansen, respectfully requests that his bond conditions be slightly modified to allow him to have contact with a limited subset of former employees of the Northwest Territorial Mint who stopped working at his company at least three years before he declared bankruptcy in early April 2016 and who have not been identified by either party as potential witnesses.

Mr. Hansen has worked in the minting business all of his adult life. Given his age and physical limitations, there are few job options available to him. He would like to work in the minting business again. To be clear, he will not seek employment working with precious metals. Instead, he hopes to find employment with a company that either makes or sells medallions made of brass (i.e. challenge coins, souvenir items) or some other non-precious metal.

MR. HANSEN'S MOTION TO MODIFY BOND CONDTIONS
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

**I.     Procedural History**.

On April 16, 2018, Mr. Hansen and Ms. Erdmann self-surrendered after being charged by Indictment charging with 10 counts of mail fraud (Counts 1 through 10), in violation of 18 U.S.C. §§ 1341 and 2, and 10 counts of wire fraud (Counts 11 through 20), in violation of 18 U.S.C. §§ 1343 and 2. On that same date, Mr. Hansen and Ms. Erdmann made their initial appearances in federal court for an arraignment and detention hearing. Each of them pled not guilty to all charges and trial is now scheduled for April 13, 2020. Dkt. 120. Mr. Hansen and Ms. Erdmann were ordered released on appearance bonds, *see e.g.* Dkts. 13, 17, and to date, remain on pretrial supervision. The appearance bond specifically requires Mr. Hansen to be employed to seek employment. Dkt 13. However, he is precluded from working in a position in which there is "actual/potential access to cash or negotiable instruments, <u>or precious metals</u>" unless the employer is notified and Mr. Hansen has permission from his Pretrial Services Officer. Dkt. 13 at 1 (emphasis in original).

On July 29, 2019, Mr. Hansen was found to have violated the terms of his appearance bond after having contact with a former customer who was named on the Government's preliminary witness list. Dkt. 95. In that instance, Mr. Hansen spoke to a former customer who came to observe a bankruptcy hearing for Diane Erdmann. At the violation hearing, the former customer made clear that he did not feel as if Mr. Hansen was trying to intimidate or influence him.

**II.     Argument**.

The terms of Mr. Hansen's appearance bond require him to seek employment. Given his health conditions,[1] his employment opportunities are limited. His only job experience is in the minting business. He would like to find employment consistent with his past experience and he believes that line of work is the only likely avenue for him to find employment.

---

[1] Mr. Hansen has chronic pain in one of his legs due to a prior injury. He also reports that he has chronic heart and pulmonary issues. He recently was required to wear a heart monitor for approximately one week.

MR. HANSEN'S MOTION TO MODIFY BOND CONDTIONS
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

The conditions Mr. Hansen suggests would provide assurance that he will not have contact with trial witnesses. First, he would be precluded from having contact with any person identified in the preliminary witness disclosures of either party which have already been submitted. Mr. Hansen understands that he may not contact any individual from either list. Second, Mr. Hansen would only have contact prior employees who left the Northwest Territorial Mint at least three years before he declared bankruptcy in early April 2016. All of the substantive counts in the Indictment, counts 1-20, allege transactions that took place from July 2014 to 2016. By limiting his contact with employees who left before April 2013, Mr. Hansen would avoid contacting an individual who might end up on either party's witness list. Third, Mr. Hansen would not handle cash or precious metals.

The Northwest Territorial Mint operated for many years and employed hundreds of individuals over the years. The minting business community is small so there are few employment options available to Mr. Hansen with people who did not once work at his business.

Mr. Hansen is trying to comply with the appearance bond requirement that he seek work. He is also cognizant that he not contact potential witnesses. He is trying to be proceed cautiously and openly about his employment plans. The modifications he proposes are reasonable and offer no risk that he would have inappropriate contact with witnesses.

**III.   Conclusion**

For the above stated reasons, the Appearance Bond should be modified as follows:

DELETE:

You shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.

ADD:

You may seek employment in the minting business under the following circumstances: (1) you shall not have direct contact or indirect contact with any identified witnesses in this case, including prior customers and employees of the Northwest Territorial Mint, except, you may have contact with past employees if they left employment at the Mint before April 2013 and the past employee has not been named as a potential witness; and

MR. HANSEN'S MOTION TO MODIFY BOND CONDTIONS
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  (2) you may not seek employment in which you would work with precious metals or handle customer cash.

2  The conditions requiring employer notification and Pretrial Services approval would still

3  apply.

4        DATED this 17th day of October, 2019.

                         Respectfully submitted,

                         s/ *Dennis Carroll*
                         s/ *Jennifer E. Wellman*
                         Attorneys for Bernard Ross Hansen

MR. HANSEN'S MOTION TO MODIFY BOND CONDTIONS
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   **CERTIFICATE OF SERVICE**

2   I certify that on October 17, 2019, I electronically filed the foregoing document with

3   the Clerk of the Court using the CM/ECF system, which will send notification of filing to all

4   registered parties of record.

5
                                    s/ *Charlotte Ponikvar*
6                                   Paralegal

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MR. HANSEN'S MOTION TO MODIFY BOND CONDTIONS
(*Bernard Hansen, et al.*; CR18-092-RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**