1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BERNARD ROSS HANSEN,

Defendant.

NO. CR18-92RAJ

**GOVERNMENT'S RESPONSE TO MR. HANSEN'S MOTION TO MODIFY BOND CONDITIONS (Dkt. #132)**

**Noted: October 25, 2019**

## I.    INTRODUCTION

Defendant Bernard Ross Hansen has now requested that the Court delete the "no contact with witnesses" bond condition of his bond and replace that condition with one that permits contact with former employees not listed on the government or Mr. Hansen's preliminary witness lists.  Mr. Hansen's rationale for this modification misunderstands the government's proof in this case; Mr. Hansen's likelihood of future employment is unclear; and the proposed condition is complicated and difficult to enforce.  The motion to modify should be denied.

## II.    BACKGROUND

Defendant Hansen was the former president and CEO of Northwest Territorial Mint (NWTM), a precious metals business based in Federal Way, Washington.

On April 1, 2016, at the direction of Mr. Hansen, NWTM filed a Chapter 11 bankruptcy case in the Western District of Washington. *See In re Northwest Territorial Mint, LLC, Debtor*, Case No. 16-11767-CMA. Shortly thereafter, on April 11, 2016, the Bankruptcy Court appointed a Trustee to manage the affairs of the company. Within days after the Trustee was appointed, Mr. Hansen stopped working at NWTM.

On April 12, 2018, the grand jury returned a twenty-count indictment naming both Mr. Hansen and Ms. Erdmann. *See* Indictment, Dkt. #1. In summary, the Indictment charges Mr. Hansen and Ms. Erdmann with a multi-year scheme to defraud NWTM customers by making material misrepresentations to various types of NWTM customers, including bullion purchase customers, storage customers, and lease customers.

On April 16, 2018, Defendants made their initial appearance before the Court. The Court released both Defendants under the terms of an appearance bond. *See* Hansen Appearance Bond, Dkt. #13. That bond lists several conditions, including

- Maintain employment, or, if unemployed, actively seek employment as directed by Pretrial Services.
- You shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.

The same day, the government advised the defendants, through their attorneys, that there were three categories of NWTM-related witnesses: current and former employees, recent bullion customers, and bullion storage and lease customers. *See* Govt's Memo re Bond Revocation Hearing, Exhibit 1, Dkt. #91-1.

As the Court may recall, Mr. Hansen violated his appearance bond this past June. Mr. Hansen had contact with a bullion-lease customer at a bankruptcy hearing in Tacoma. Mr. Hansen denied that he violated the terms of his bond by talking to this lease customer. Accordingly, the government called the witness to testify. Mr. Hansen testified as well and claimed that he didn't understand that this bullion-lease customer, despite being named in the Indictment, was a witness. The Court found that Mr. Hansen violated the bond. *See* Dkt. #95.

*United States v. Bernard Ross Hansen, CR18-92RAJ*
Government's Response to Motion to
Modify Bond Conditions (Dkt. #132)- 2

III.     **BOND MODIFICATION ARGUMENT**

Now, Mr. Hansen requests that his bond be modified to re-phrase the witness contact condition and allow contact with past employees.  Dkt. #132, 133.  As an initial matter, Mr. Hansen's motion seems to rely on the preliminary witness lists.  According to a prior version of the scheduling order in this case, when the trial was scheduled for October 2019, the Court required that the parties submit preliminary, non-binding witness lists in summer 2019.  The government and Mr. Hansen submitted witness lists; Ms. Erdmann, who changed counsel over the summer, did not.  Since the time the witness lists were submitted, the trial was continued to April 2020.

In addition to over-reliance on preliminary witness lists by two of the three parties, the motion should be denied because it ignores the evidence in this case; because it does not describe the reasons for the modification; and because the new language is confusing.

First, the evidence in this case will include testimony from former employees of NWTM, including employees who left NWTM before 2013, and possibly including employees not yet identified on the parties' preliminary witness lists.  The Indictment alleges that the scheme to defraud began no later than 2009.  *See* Indictment at 4. Defendants are charged with defrauding the bullion-storage customers by using stored, customer-owned gold and silver to fill later orders.  *See* Indictment at 11.  As Defendant knows, there is evidence that Mr. Hansen and Ms. Erdmann were defrauding storage customers in this manner before 2013.

Second, the modification is not supported by good cause.  There is no evidence in this motion (or otherwise to the government's knowledge) that Mr. Hansen could suddenly become employed if he were allowed to have contact with old NWTM employees.  The motion does not explain why, after three years of unemployment, including 18 months on supervision, Mr. Hansen now believes that this condition is an impediment to obtaining employment.  There is no explanation of who Mr. Hansen wants to contact, or where he wants to work.  There is no need for this modification.

*United States v. Bernard Ross Hansen, CR18-92RAJ*
Government's Response to Motion to
Modify Bond Conditions (Dkt. #132)- 3

1    Third, the proposed language is confusing.  Defendant suggests deleting the bond

2  condition that prevents contacting existing or future witnesses.  Instead, Defendant wants

3  to bury that condition in a new, confusing condition related to employment.  *See* Motion

4  at 3; *see also* Proposed Order, Dkt. #133. But the new condition removes the concept of

5  "future witnesses" from the bond.  In fact, the condition seems to anticipate that Mr.

6  Hansen will be allowed to contact old NWTM employees and then be permitted to call

7  them as a witness at trial.  The bond condition is supposed to prevent Mr. Hansen from

8  tampering with witnesses who may testify at trial.

9  **IV.    CONCLUSION**

10    For the foregoing reasons, the government respectfully requests that the Court

11  deny Mr. Hansen's motion to modify conditions.

12    Dated this 24th day of October 2019.

13                                                            Respectfully submitted,

14
                                                              BRIAN T. MORAN
15                                                           United States Attorney

16
                                                              *s/ Brian Werner*
17                                                           BRIAN WERNER
                                                              Assistant United States Attorney
18                                                           BENJAMIN DIGGS
                                                              Special Assistant United States Attorney
19                                                           700 Stewart Street, Suite 5220
                                                              Seattle, Washington 98101
20                                                           Telephone: (206) 553-7970
                                                              E-mail: brian.werner@usdoj.gov
21

22

23

24

25

26

27

28

*United States v. Bernard Ross Hansen, CR18-92RAJ*
Government's Response to Motion to
Modify Bond Conditions (Dkt. #132)- 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

*s/ Dru Mercer*
DRU MERCER
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-2502
Email: dru.mercer@usdoj.gov

*United States v. Bernard Ross Hansen, CR18-92RAJ*
Government's Response to Motion to
Modify Bond Conditions (Dkt. #132)- 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970