THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BERNARD ROSS HANSEN,<br>Defendant. | No. CR18-092-RAJ<br><br>REPLY: MR. HANSEN'S MOTION TO MODIFY BOND CONDITIONS<br><br>**Hearing: 10/29/19, 10am** |

The defendant, Ross Hansen, respectfully submits this Reply memorandum in support of his request for a modification of his bond conditions. The Government raises a number of technical issues without suggesting alternatives or other limitations. In essence, the Government's argument is that Mr. Hansen should be precluded from speaking with anyone who ever had anything to do with his business at the NWTM, including every former employee, vendor, or customer. The Government's argument is far too broad and sweeping. Instead, the Government should at least offer some type of compromise language that would allow Mr. Hansen to pursue employment in the only field in which he is qualified to work.

To be clear, Mr. Hansen intends to seek employment in the business surrounding challenge coins and medals, most likely producing items for the military or government agencies, a part of his business for which there are no allegations of criminal misconduct.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

He does not propose that he contact any former customer or employee who worked with precious metals. The minting industry is small and Mr. Hansen has worked with most of the people involved in the industry in some capacity. The broad restrictions currently in place unfairly and unnecessarily preclude him from seeking employment.

1. If the current witness lists are an insufficient limitation, then the Government should offer some other workable limitation.

The Government argues that the current witness lists are only "preliminary" and there may yet be witnesses to be identified by the Government who worked at the NWTM before 2013. If the Government has other potential witnesses, it should identify them. If the Government is concerned that the proposed time-frame is too narrow, it should identify other parameters. The defense suggested the 2013 cutoff because the witnesses and victims identified by the Government primarily fall within the 2013-2016 time-frame.

2. The modification is necessary if Mr. Hansen is to seek employment.

The Government's objection that there is no "good cause" shown puts the proverbial cart before the horse. Mr. Hansen frankly does not know if finding employment is possible if he cannot talk to people in the industry. In the past, whenever he has attempted to re-enter the minting business following the 2016 bankruptcy, the bankruptcy Trustee and/or federal agents have shut down his efforts. With the current conditions, Mr. Hansen is not able to contact anyone who he knows in the same business because they all have had business relationships with him. If the Court sets reasonable boundaries, Mr. Hansen could then have some basis by which he could pursue job leads or relationships with, of course, the oversight and discretion of the probation department.

//

//

//



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

3. <u>If limitations proposed by the defense are too confusing, then the Government should offer limitations that both make sense and also provide Mr. Hansen the chance to seek employment</u>.

The Government seems to be concerned that Mr. Hansen could contact someone who has not yet been identified as a witness ("future witnesses"), and then add those people to his witness list for trial. The Government's concern is that Mr. Hansen could tamper with witnesses in this way. Initially, the Government's scenario is far-fetched and extremely unlikely. Given the parameters proposed by Mr. Hansen, the relevance of any of these "future witnesses" would be minimal. Moreover, the Government would have at its means the usual investigative methods to determine if Mr. Hansen has attempted to tamper with witnesses. The point of the modification is not, as urged by the Government, to tamper with witnesses, but rather, to narrow the universe of people he is essentially banned from contacting for legitimate, prosocial reasons.

In short, the Government's argument is that any person with whom Mr. Hansen has had a business relationship over the last 35 years cannot be contacted because they might be called as a witness. Such a limitation would simply preclude Mr. Hansen from seeking work. A blanket ban on former employees under the auspices of maybe the Government will add more to its witness list is not the least restrictive means of reasonably protecting the community.

DATED this 28th day of October, 2019.

Respectfully submitted,

s/ *Dennis Carroll*
s/ *Jennifer E. Wellman*
Assistant Federal Public Defenders
Attorneys for Bernard Ross Hansen



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties of record.

s/ *Alma R. Coria*
Paralegal



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**