HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>BERNARD ROSS HANSEN, and<br>DIANE RENEE ERDMANN,<br><br>　　　　　　　　　Defendants. | Case No. CR 18-0092-RAJ<br><br>DEFENDANT BERNARD ROSS HANSEN'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES<br><br>**Note on Motions Calendar:**<br>**February 7, 2020** |

## I.　INTRODUCTION

Defendant Bernard Ross Hansen respectfully requests that the Court continue the trial and pretrial dates in this case to allow his newly appointed counsel adequate time for preparation. Trial in this case is currently set for April 13, 2020, but present counsel for Mr. Hansen was not appointed until earlier this month, and as explained below, this is an unusually complex case that will require a considerable length of time for counsel to adequately prepare an effective defense. Given the complexity of the case, as well as the circumstances of counsel's recent appointment and counsel's trial schedule over the next 18 months, counsel requests that the trial date be continued until at least late July 2021 to allow adequate time for trial preparation.

BERNARD ROSS HANSEN'S MOTION TO
CONTINUE TRIAL AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200　FAX (206) 407-2224

## II. BACKGROUND

The indictment in this case alleges twenty counts of mail and wire fraud arising over the course of eight years. Dkt. 1. Mr. Hansen and co-defendant Diane Renee Erdmann are accused of operating a complex fraudulent scheme from 2009 to 2017 through a company called Northwest Territorial Mint (NWTM). *Id.* ¶ 22. NWTM's business operations included buying, selling, exchanging, storing, and leasing gold, silver, and other precious metals. *Id.* ¶ 2. NWTM was founded in the 1980s by Mr. Hansen and then expanded to multiple locations that eventually handled millions of dollars in transactions for customers around the world. *Id.* ¶ 7, 53. The indictment alleges that the defendants used NWTM to commit fraud by (1) mispresenting delays on gold bullion orders, *id.* ¶ 18; (2) misusing customers' "stored" gold bullion, *id.* ¶ 29; (3) violating a consignment agreement with the Pan American Silver Corp. *id.* ¶ 38; (4) misleading customers who leased gold bullion to NWTM, *id.* ¶ 40; and (5) generally operating NWTM like a Ponzi scheme, *id.* ¶ 15. These allegations arise in part out of alleged violations of a 2008 consent decree entered into by NWTM to resolve a consumer protection complaint filed by the Washington State Attorney General. *Id.* ¶ 9. The criminal case is also intertwined with bankruptcy proceedings, which began in 2016 and remain ongoing. *See id.* ¶ 10; *In re Nw. Territorial Mint*, No. 16-11767-CMA (Bankr. W.D. Wash.). If convicted, Mr. Hansen faces penalties of up to 20 years imprisonment and substantial penalties under the advisory guidelines.

After being indicted, Mr. Hansen and Ms. Erdmann were ordered released on an appearance bond. Dkt. 13. Mr. Hansen was represented initially by the Federal Public Defender, but on January 10, 2020, the Court granted Mr. Hansen's motion for appointment of new counsel to replace the Federal Public Defender. Dkt. 145. Present counsel, a member of this district's Criminal Justice Act panel, was then appointed to represent Mr. Hansen and entered an appearance on January 14, having had no previous involvement in the case. Dkt. 146; Declaration of Angelo J. Calfo ("Calfo Decl.") at 1.

BERNARD ROSS HANSEN'S MOTION TO
CONTINUE TRIAL AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

The current scheduling order in this case sets a trial date of April 13, 2020, with various pretrial deadlines leading up that date. Dkt. 120. Several other pretrial dates, including those for pretrial motions and expert disclosures, were set and expired before present counsel joined the case. *See* Dkt. 83.

Upon joining the case, present counsel for Mr. Hansen conferred with counsel for Ms. Erdmann and the government about the trial schedule and informed them that he intended to file this motion. *See* Calfo Decl. at 5. Counsel for the government have declined to take a position on the motion; counsel for Ms. Erdmann have expressed that they do not oppose the motion. *Id.*

### III.   DISCUSSION

The requested continuance would serve the ends of justice because (1) this case is unusually complex and it is unreasonable to expect adequate preparation for pretrial proceedings or trial within fewer than the 18 months requested, 18 U.S.C. § 3161(h)(7)(B)(ii); (2) failing to grant the continuance would deny counsel for Mr. Hansen the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *id.* § 3161(h)(7)(B)(iv); and (3) failing to grant the continuance would result in a miscarriage of justice, *id.* § 3161(h)(7)(B)(i).

Mr. Hansen's newly appointed counsel has handled numerous complex criminal trials over the past 30 years and is familiar with the amount of time required to prepare a case like this one. He has routinely requested—and been granted—continuances of 12 months or more from the date he entered an appearance to allow time to prepare adequately for trial. Calfo Decl. 3.

This case, however, is not just complex, it is extraordinarily complex. The indictment alleges a multi-faceted fraudulent scheme that lasted nearly a decade and affected over 3,000 customers. *Id.* ¶ 28. Unsurprisingly, with allegations that sweeping, the discovery record is immense; the government has already produced hundreds of thousands of pages of discovery, including:

BERNARD ROSS HANSEN'S MOTION TO
CONTINUE TRIAL AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

- close to 20,000 pages of FBI interview memoranda;
- close to 10,000 pages of Excel spreadsheets;
- at least 200,000 pages of historical business records;
- media files including 2,600 recorded sales calls;
- 534 gigabytes of video surveillance tapes;
- 17.7 gigabytes of deposition testimony;
- An additional 1400 boxes of business records; and
- 20–30 hours of recordings of FBI witness interviews.

Calfo Decl. at 2.

There will undoubtedly be even more materials to review, particularly since many of the key issues in this case are intertwined with other proceedings. For example, one of the key issues in the case involves a consent decree that NWTM entered into following an investigation by the Washington State Attorney General. *See* Indictment, Dkt. 1, at ¶ 13 ("Between 2009 and April 2016, despite the Consent Decree, HANSEN continued to make misrepresentations . . . ."). And the ongoing bankruptcy proceedings for NWTM will likely provide key insights into the financial operations of NWTM—another central issue in the case. Those bankruptcy proceedings have already produced an extensive record: As of January 28, 2020, the docket in the bankruptcy proceedings includes over 2,200 docket entries. *See In re Nw. Territorial Mint*, No. 16-11767-CMA (Bankr. W.D. Wash.).

A case of this complexity requires counsel to expend considerable time and labor preparing a defense. To prepare an effective defense, counsel will need to (1) independently review, comprehend, and analyze the immense discovery record; (2) research the legal framework for the allegations and any legal issues identified while analyzing the case; (3) independently review the work product of Mr. Hansen's prior counsel, both in this case and in related matters; (4) conduct an independent investigation of the facts, which may include interviews of potential government

BERNARD ROSS HANSEN'S MOTION TO
CONTINUE TRIAL AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

and defense witnesses; (5) assess where expert assistance may be necessary, and then work to identify and consult with experts, including by assessing the work of any experts consulted by Mr. Hansen's prior counsel; (6) identify, research, and draft pretrial motions and other pretrial materials; and (7) prepare a trial presentation.

Although Mr. Hansen's previous counsel already performed substantial trial preparation work, present counsel is ethically bound to exercise *independent* professional judgment about how best to represent Mr. Hansen's interests.  *See* RPC 2.1 ("In representing a client, a lawyer shall exercise *independent* professional judgment and render candid advice." (emphasis added)).  Doing so requires counsel to perform an independent review of the entire record, including prior counsel's work product.  As a result, the fact that Mr. Hansen's previous attorneys have already prepared voluminous work product in this case (and in related matters) only increases the amount of time and labor that is required to adequately prepare for trial.  *See* Calfo Decl. at 4–5.

Atop of the time and labor required to prepare for trial in this case, newly appointed counsel must also balance his pre-existing commitments to his other clients, which are substantial.  Counsel currently has trials scheduled in April,[1] July,[2] August,[3] October,[4] and December[5] of 2020, as well as in February,[6] March,[7] and April[8] of 2021.  Calfo Decl. 3–4.  Each of these upcoming trials will require significant pretrial litigation, investigation, and trial preparation.  *Id.* at 4.

In light of these pre-existing professional obligations, and because newly appointed counsel has no prior familiarity with the unusually complex factual issues in this case, it would be "unreasonable to expect counsel to adequately prepare for pretrial proceedings or for the trial itself" within a timeframe shorter than the 18 months requested.  18 U.S.C. § 3161(h)(7)(B)(ii) &

---

[1] *United States v. Jutla*, No. 19-CR-141-RSM, (W.D. Wash.)
[2] *Thomas v. McDaniels*, 18-2-57299-1 KNT (Wash. Super. Ct.)
[3] *Gabert v. McDaniels*, 18-2-56960-5 KNT (Wash. Super Ct.)
[4] *United States v. Sanft*, 19-CR-258-RAJ (W.D. Wash.)
[5] *Washington v. Johnson & Johnson*, 20-2-00184-8 (Wash. Super. Ct.)
[6] *Houserman v. Comtech*, 19-CV-644-RAJ (W.D. Wash.)
[7] *TSYS v. Houserman*, 19-CV-336-RAJ (W.D. Wash.)
[8] *Washington v. Navient*, 17-2-01115-1 (Wash. Super. Ct.)

BERNARD ROSS HANSEN'S MOTION TO
CONTINUE TRIAL AND PRETRIAL DATES
(Case No.  CR 18-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

(iv). Also, with the extensive due diligence this case requires, a continuance of less than 18 months would deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B)(iv). And requiring Mr. Hansen to proceed to trial without an adequately prepared lawyer to represent him would certainly result in a miscarriage of justice. *Id.* § 3161(h)(7)(B)(i).

## IV.  CONCLUSION

For the foregoing reasons, Mr. Hansen respectfully requests that trial date be continued until approximately July 26, 2021, that the pretrial dates be continued, and that the proposed scheduling order be entered. If the Court adopts this proposed order, counsel will work with the U.S. Attorney's Office to develop a more detailed case scheduling order as may be appropriate.

DATED this 30th day of January, 2020.

**CALFO EAKES & OSTROVSKY LLP**

By: s/ *Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
1301 Second Avenue, Suite 2800
Seattle, WA 98101
(206) 407-2200 | Phone
(206) 407-2224 | Fax
Email: angeloc@calfoeakes.com

*Attorney for Defendant Bernard Ross Hansen*

BERNARD ROSS HANSEN'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224