The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD ROSS HANSEN and<br>DIANE RENEE ERDMANN,<br><br>Defendants. | NO. CR18-092RAJ<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT HANSEN'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES (Dkt. #147)**<br><br>**ORAL ARGUMENT REQUESTED** |

The government opposes Defendant Bernard Ross Hansen's motion to continue the trial date to July 2021. This case was charged in April 2018. There have been multiple continuances, including a recent six-month continuance resulting from a similar change of attorney by Mr. Hansen's co-defendant/live-in girlfriend Ms. Erdmann. The proposed, additional 15-month delay is unreasonable to the victims, the witnesses, and it does not serve the ends of justice. It should be denied.

## I.   BACKGROUND

Defendant Ross Hansen was the founder, president, and CEO of Federal Way-based Northwest Territorial Mint (NWTM). Defendant Diane Erdmann was the former

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann*, CR18-92RAJ - 1

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Vault Manager. NWTM offered bullion (typically silver and gold bars and coins) for sale. NWTM also offered safe storage for customer-owned bullion.

NWTM filed for bankruptcy protection in federal court in April 2016. Shortly afterwards, Mr. Hansen and Ms. Erdmann stopped working at NWTM and the company was managed by an appointed trustee. NWTM ceased business operations in late 2017 and began liquidating assets in 2018. *See In re Northwest Territorial Mint, LLC, Debtor*, Case No. 16-11767-CMA.

On April 12, 2018, the Grand Jury returned a 20-count Indictment that charged Mr. Hansen and Ms. Erdmann with mail and wire fraud in connection with their conduct at NWTM. The Indictment charges Mr. Hansen and Ms. Erdmann with a scheme to defraud NWTM customers of their money or property. Dkt. #1. There are thousands of victims of the scheme. For example, there are more than 3000 victims who paid for bullion orders, or made bullion sales or exchanges, whose orders were never fulfilled. Dkt. #1 at 10. There are more than 50 bullion-storage victims who are missing some part of their bullion. Dkt. #1 at 12.

Trial was originally scheduled for June 25, 2018; however, based on a stipulated motion by the parties, the case was continued to February 2019. *See* Dkt. #29. The trial date was continued again, based on an unopposed motion filed by Defendants, to June 2019. *See* Dkt. #58 (in this order, the Court did not find good cause to grant a longer continuance). However, based on an unopposed motion to reconsider filed by the Defendants, the Court continued the trial to October 2019. *See* Dkt. #62. The Court entered a case scheduling order, with multiple status conference dates, to keep the parties' trial preparation on track. Dkt. #83.

**II.    BOTH DEFENDANTS FILE LAST-MINUTE MOTIONS TO SUBSTITUTE COUNSEL AND CONTINUE THE TRIAL**

The October 2019 trial date did not hold. About three months before the trial date, Ms. Erdmann's court-appointed attorney, Michael Martin, filed a motion to withdraw and to substitute counsel. *See* Dkt. #88. Because this motion was sealed, the government

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann*, CR18-92RAJ - 2

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

does not know the basis for this motion. Mr. Martin had been Ms. Erdmann's counsel since the criminal case began. The motion to withdraw was granted. *See* Dkt. #99, 100. Over the government's objection, the Court continued the trial date from October 2019 to April 2020.

And then, once again three months before the trial date, Mr. Hansen's court-appointed attorneys from the Federal Public Defender's Office filed an *ex parte* motion to withdraw and to substitute counsel. Again, the government does not know the basis for the motion to substitute counsel. FPD attorneys Dennis Carroll and Jennifer Wellman had been Mr. Hansen's counsel since the criminal case began, that is, for nearly 21 months. The motion to withdraw and substitute counsel was granted. *See* Dkt. #143, 145. On January 14, 2020, the Court appointed Angelo Calfo to represent Mr. Hansen. Dkt. #146. On January 30, 2020, counsel filed a motion to continue the April trial date. *See* Dkt. #147.

### III. THIS TRIAL SHOULD NOT BE CONTINUED

Federal law provides the public and the defendant the right to a speedy trial. *See* Speedy Trial Act, 18 U.S.C. § 3161. When a continuance is requested, the Court must consider whether the request for the continuance outweighs the best interests of the public and the defendant in a more speedy trial. The Court then must set forth either orally or in writing its reasons for making an "ends of justice" finding. *See* 18 U.S.C. § 3161(h)(7)(A).

**A. Victims have a right to proceedings free from unreasonable delay.**

Under the Crime Victims Rights Act, a victim has the "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). The victims in this case understandably view another lengthy trial continuance as unreasonable. After Mr. Hansen's new counsel conferred with the government about the proposed continuance of the trial date into the year 2021, the government notified the victims. In response, the victims submitted dozens of statements opposing the continuance. The government

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann*, CR18-92RAJ - 3

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

received over 70 written statements; these statements are attached as Exhibit 1.[1]  In addition to these statements in opposition, the government also received more than 30 telephone calls from victims also uniformly opposed to the lengthy continuance.

As the Court can see from the victim statements, the victims strongly oppose a continuance into 2021.  For example, many victims feel that these continuances are intentionally sought by the defendants to make the criminal trial more difficult.  (The victims, like the government, do not know the basis for the motions to substitute counsel.)  Many victims think that Mr. Hansen and Ms. Erdmann, working together, have timed their motions for new counsel as a way to delay the trial.[2]   One victim noted the professionalism of Mr. Hansen's prior attorneys and said that "there is no reasonable explanation for jettisoning these lawyers, except to delay the trial." Exhibit 1 at 5.  Many of the victims expressed confusion as to why the trial is potentially being continued again.  Of course, a criminal defendant may not use his right to counsel as "a ploy to gain time or effect delay." *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir. 1987), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007).

Other victims noted the continued delays in this case.  Victims recalled that their bullion orders were similarly delayed and delayed until NWTM went into bankruptcy and failed to deliver.  Also notable in the victims' statements is their need for closure.  Every time a victim is reminded of this case, he or she is also reminded of the money that they sent to Mr. Hansen – and how he or she got nothing in return.  The victims need this case to be resolved so they can move on with their lives.  Many victims noted that they are elderly and wanted to see the case resolved.  As many victims stated: "justice delayed is justice denied."

---

[1] The names of these victims have been redacted, except for one letter where the victims asked that their names not be redacted.

[2] The government notes that neither Mr. Hansen nor Ms. Erdmann have filed speedy trial waivers but it appears that both defendants are in favor of this continuance.

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann, CR18-92RAJ* - 4

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B. The public has a right to a speedy trial.**

The public, including the government and the witnesses, also has a right to a speedy trial. The government anticipates that it will call dozens of witnesses at trial including victims and former employees. Some of these witnesses may be traveling to Seattle from across the country. Still others are elderly (see Exhibit 1) and it may be increasingly difficult for them to testify as time wears on. Another continuance in this case would cause great inconvenience to all witnesses.

**C. A 15-month continuance of the trial date is unreasonable.**

Mr. Hansen's new counsel, Mr. Calfo, has requested that the Hansen/Erdmann trial be scheduled in late July 2021. This would be a 15.5-month continuance from the current April 13, 2020 trial date, and more than 18 months from the time Mr. Calfo was appointed on January 14, 2020. *See* Dkt. #147. Such a long continuance is unreasonable.

First, the trial date can be maintained in April because of the diligent preparation of the parties to date pursuant to the Revised Case Schedule. Dkt. #120. The government and Mr. Hansen have exchanged preliminary witness and exhibit lists. The parties have made expert disclosures. Mr. Hansen filed three pretrial motions and the Court ruled on those motions. This case is much closer to trial than a new case. Moreover, Mr. Calfo is an experienced lawyer. Indeed, Mr. Calfo was likely appointed in this case because of his experience and because he is supported by other experienced lawyers. Dkt. #148 at 1.

Second, even if the Court were to grant a continuance, this extraordinarily long continuance is unreasonable based on the record of this case. In August 2019, when Ms. Erdmann was allow to substitute counsel, the Court appointed new counsel (Barry Flegenheimer) and continued the trial from October 2019 to April 2020 – *six months*. Mr. Flegenheimer asked for a longer continuance but the Court found that a six-month continuance was appropriate. The Court soon appointed attorney Todd Maybrown to assist with Ms. Erdmann's defense. Ms. Erdmann's two attorneys are prepared for the

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann*, CR18-92RAJ - 5

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  April 2020 trial date and have not asked for a second continuance. If the Court were to
2  grant another six-month continuance, the trial would be scheduled for the fall of 2020.[3]
3        Third, neither the motion to continue nor the declaration justifies a continuance
4  based on the facts and circumstances of this case. Rather, the motion seeks to justify a
5  continuance based on Mr. Calfo's trial schedule. Dkt. #147, 148. Such a long
6  continuance does not serve the "ends of justice" under the Speedy Trial Act. It would
7  better serve the ends of justice to appoint new counsel. Replacing counsel with an
8  attorney who can be available – rather than grant an extraordinary continuance – may be
9  the appropriate remedy here, especially when the new counsel just appeared on the case
10 and has presumably expended few resources. Mr. Hansen has appointed counsel and he
11 does not have the right to appointed counsel of his choice. *See United States v. Rivera-*
12 *Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (defendants do not have a constitutional right
13 to have a specific lawyer appointed by the court and paid for by the public).
14 //
15 //

---

[3] Mr. Calfo may be available to try the case in the fall of 2020. The parties apparently requested that the Court continue *United States v. Sanft*, CR 19-258RAJ to October 2020, however, according to counsel's declaration, the case has not yet been rescheduled. Dkt. #148 at 3.

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann*, CR18-92RAJ - 6

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCULSION

The government respectfully requests that the Court deny Mr. Hansen's motion to continue the trial date. In the event the Court grants a continuance, the government respectfully suggests a very short continuance. If necessary, the government requests that the Court appoint new counsel to ensure a brief continuance in this case.

Dated this 3rd day of February 2020.

    Respectfully submitted,

    BRIAN T. MORAN
    United States Attorney

    *s/ Brian Werner*
    BRIAN WERNER
    Assistant United States Attorney
    BENJAMIN DIGGS
    Special Assistant United States Attorney
    700 Stewart Street, Suite 5220
    Seattle, Washington 98101
    Telephone: (206) 553-7970
    E-mail: brian.werner@usdoj.gov

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann, CR18-92RAJ* - 7

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants.

*s/ Brian Werner*
BRIAN WERNER

Government's Response in Opposition to
Defendant Hansen's Motion to Continue (Dkt. #147)
*United States v. Hansen & Erdmann, CR18-92RAJ* - 8

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970