HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>BERNARD ROSS HANSEN, and<br>DIANE RENEE ERDMANN,<br><br>　　　　　　　　　　Defendants. | Case No.  CR 18-0092-RAJ<br><br>REPLY IN SUPPORT OF DEFENDANT BERNARD ROSS HANSEN'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES<br><br>**Note on Motions Calendar:**<br>**February 7, 2020** |

Mr. Hansen's newly appointed counsel must be provided sufficient time to prepare for a trial in what can only be described as an extraordinarily complex case.  There is nothing in the Speedy Trial Act saying that new counsel's need to effectively prepare is of lesser importance than that of a defense lawyer who appeared at the commencement of a case.  Indeed, to interpret the Speedy Trial Act otherwise—as the government appears to by emphasizing the interests of those other than the defendant—would itself violate a defendant's Sixth Amendment rights.  *See United States v. Sutcliffe*, 505 F.3d 944, 957 (9th Cir. 2007) (finding that the "district court acted entirely appropriately in allowing Defendant's substituted counsel time to prepare for trial" and explaining that "Defendant's defense would clearly have been prejudiced" otherwise).

REPLY IN SUPPORT OF BERNARD ROSS
HANSEN'S MOTION TO CONTINUE TRIAL
AND PRETRIAL DATES
(Case No.  CR 18-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

According to the Federal Public Defender's office, with whom Mr. Hansen's new counsel met on the day he filed his motion to continue, the complexity of this case is unprecedented in this District. Given the millions of pages of discovery to review, the scores of witnesses to prepare for, the scope of the needed defense investigation, the multi-year nature of the alleged conspiracy, and the varying allegations in the indictment of what constituted the fraud, this characterization can hardly be disputed. As is certainly the experience of this Court and of other criminal defense practitioners in this District who defend criminal fraud cases, it would be routine to continue a trial of this nature at least one year had this case just been indicted and had new counsel just made an appearance.

In its opposition, the government suggests that the current trial date—less than three months away—should remain in place. It is evident that the frustration of the government and those affected by the allegations in the indictment has led the prosecutors to take a patently unreasonable position. There is simply no way that competent counsel—even if that counsel had no other matters to handle—could possibly be prepared to defend Mr. Hansen at trial in that time frame. Respectfully, the government's "no continuance" position seems more like brinksmanship to bargain for a shorter trial continuance than a true assessment of what is fair to Mr. Hansen or his new counsel.[1]

The government's brief does not prove that any prejudice will result from the delay requested by Mr. Hansen. The government makes vague references to witness' memory fading, but even the government does not contend, nor could it reasonably contend, that the delay requested by Mr. Hansen will have a material impact on its ability to successfully prosecute this

---

[1] Government counsel suggests in a footnote that it would be possible for new counsel to try this case in October 2019. That is not possible. Not only is an October date insufficient to permit for adequate trial preparation in this case (for all the reasons set forth in our opening brief), but it would also require the Court to reject a stipulated motion for a continuance in *United States v. Seattle Barrel, et al.,* No. 2:19-cr-00258-RAJ, negotiated by Mr. Calfo with the U.S. Attorney's Office weeks ago. It would be a disservice to Mr. Calfo's previously retained client in the *Seattle Barrel* matter to lose his preferred trial date, to which the U.S. Attorney's Office agreed, in favor of a later-appointed client because of the position of a different lawyer in the U.S. Attorney's Office.

REPLY IN SUPPORT OF BERNARD ROSS
HANSEN'S MOTION TO CONTINUE TRIAL
AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 2

LAW OFFICES
CALFO EAKES & OSTROVSKY LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1  case. Rather than showing true prejudice, the government proves up the frustration of former
2  customers who would like to see Mr. Hansen go to jail as soon as possible. While the frustration
3  caused by the delays in this case is reasonable, the desire to see Mr. Hansen go without competent
4  or fully prepared trial counsel is not.

5      Mr. Hansen's counsel would like to fulfill his commitment to the CJA panel by handling
6  this case, particularly because the subject matter fits well with his background and experience in
7  both prosecuting and defending these types of cases.  If, as counsel respectfully submits, he
8  would likely have received a year or more to prepare for a trial of this nature (e.g., to April 2021)
9  had he appeared right after indictment, the additional three to four months necessitated by
10 counsel's existing trial schedule will not materially or adversely impact any stakeholder to this
11 prosecution.  That said, should the Court believe that counsel should not have accepted this
12 appointment given his current trial schedule, it goes without saying that the Court has the option
13 to appoint different counsel and allow undersigned defense counsel to withdraw.  There is an
14 irony in the government's position in this regard:  The government voices concern over the
15 multiple changes of counsel and its solution to the current situation is for the Court to require
16 current counsel to withdraw and new counsel to be appointed.  Of course, new counsel might
17 seek a similar continuance after being appointed and appreciating the extraordinary complexity
18 of this case.

19      For the foregoing reasons, and those in Mr. Hansen's opening brief, Mr. Hansen
20 respectfully requests the Court to continue the trial date in this matter to late July 2021.

21
22
23
24
25

REPLY IN SUPPORT OF BERNARD ROSS
HANSEN'S MOTION TO CONTINUE TRIAL
AND PRETRIAL DATES
(Case No.  CR 18-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

The government has requested a status conference to discuss the issues raised by this motion for a continuance and Mr. Hansen has no objection to that request.

DATED this 4th day of February, 2020.

**CALFO EAKES & OSTROVSKY LLP**

By: s/ *Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
1301 Second Avenue, Suite 2800
Seattle, WA 98101
(206) 407-2200 | Phone
(206) 407-2224 | Fax
Email: angeloc@calfoeakes.com

*Attorney for Defendant Bernard Ross Hansen*

REPLY IN SUPPORT OF BERNARD ROSS HANSEN'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES
(Case No. CR 18-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224