HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   | UNITED STATES OF AMERICA,

Case No.  CR18-0092-RAJ

10                                    Plaintiff,

DEFENDANT HANSEN'S RESPONSE
TO ERDMANN'S MOTION FOR
SEPARATE TRIAL

11           v.

12   | BERNARD ROSS HANSEN, and
DIANE RENEE ERDMANN,

13                                    Defendants.

NOTING DATE:
November 27, 2020

14
15
16        Defendant Ross Hansen hereby provides this response to his co-defendant Diane

17   Erdmann's Motion for Separate Trial (Dkt. 197), and joins in her request for two reasons.  First, as

18   argued in Mr. Hansen's pending Opposition to the Government's Notice of Intent to Present

19   Evidence Pursuant to Federal Rule of Evidence 404(b) (Dkt. 201), the laundry list of "other acts"

20   evidence that the government intends to introduce against Mr. Hansen is highly prejudicial and of

21   limited probative value, if any at all.  It has little to do with proving up the elements of the charged

22   offenses, but everything to do with attempting to portray Mr. Hansen as a bad person, increasing

23   the likelihood that jurors will convict based on perceived bad character or other alleged acts of

24   wrongdoing, rather than evidence of charged conduct.  The spillover prejudice that such

25   information would cause to Ms. Erdmann is yet another reason to exclude it.  And if the Court

DEFENDANT HANSEN'S RESPONSE TO
ERDMANN'S MOTION FOR SEPARATE
TRIAL
(Case No. 18-cr-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

were not to exclude the entirety of the government's proffered "other acts" evidence, the evidence would be sufficiently prejudicial to warrant severance under Fed. R. Crim. P. 14(a).

Second, Mr. Hansen agrees that statements of a co-defendant that are powerfully inculpating should be excluded at a joint trial under *Bruton v. United States*, 391 U.S. 123, 123 (1968) to avoid violating the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004) and its progeny.  Should the government insist on trying to introduce such information from either defendant at a joint trial, then he and Ms. Erdmann should be tried separately to avoid compromising their constitutional rights, for the reasons Ms. Erdmann argues in her motion.  *See* Dkt. 197, at pp. 9–13.  The government has represented to counsel that it will identify specific statements that Mr. Hansen and Ms. Erdmann made under oath in other civil proceedings that it intends to introduce at trial by December 18, 2020.  Upon examination of such materials, Mr. Hansen reserves the right to argue that any testimonial statements by Ms. Erdmann should be excluded, due to his inability to cross examine her (unless she chooses to testify), or that severance is appropriate under Rule 14(a) to avoid the risk of compromising his rights to confront witnesses against him, and to a fair trial.

Finally, on a more practical note, counsel would like to emphasize Ms. Erdmann's observation that a joint trial will significantly increase the number of people in the courtroom at a time, *see* Dkt. 197, p. 1, n.1, and thus will increase health risks to all participants in a multi-week trial, in light of the ongoing pandemic.  Moreover, as mentioned in counsel's submission to the Court before the last status conference, Mr. Hansen has significant health issues which put him at high risk of severe illness from COVID-19—as does Ms. Erdmann.  *See* Dkt. 190, p. 2.  For public safety reasons, the sheer number of people involved in a multi-defendant trial may weigh in favor of conducting the trials separately, depending on the circumstances when in-person jury trials resume.  As noted in the current general order modifying court operations in our District due to the COVID-19 pandemic, which is in effect through January 1, 2021, "limiting the size and frequency

DEFENDANT HANSEN'S RESPONSE TO
ERDMANN'S MOTION FOR SEPARATE
TRIAL
(Case No. 18-cr-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

of gatherings remains critical to preventing serious illness and death from COVID-19." General Order No. 15-20 at 1.  Counsel is aware that the Court continues to monitor the pandemic and its various implications for scheduling trials across multiple matters, and wishes to flag this issue as part of those ongoing considerations.

DATED this 20th day of November, 2020.

CALFO EAKES LLP

By _____s/Angelo J. Calfo_____
Angelo J. Calfo, WSBA #27079
Patty Eakes, WSBA # 18888
Henry C. Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: (206) 407-2200
Fax:  (206) 407-2224
Email: angeloc@calfoeakes.com
        pattye@calfoeakes.com
        henryp@calfoeakes.com

*Attorneys for Defendant Bernard Ross Hansen*

DEFENDANT HANSEN'S RESPONSE TO
ERDMANN'S MOTION FOR SEPARATE
TRIAL
(Case No. 18-cr-0092-RAJ) - 3