1

2

THE HONORABLE RICHARD A. JONES

3

4

5

6

7       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

9    UNITED STATES OF AMERICA,              Case No.  CR18-0092-RAJ

10                        Plaintiff,        DEFENDANT HANSEN'S REPLY IN
                                            SUPPORT OF OPPOSITION TO
11          v.                              GOVERNMENT'S RULE 404(B)
                                            EVIDENCE
12   BERNARD ROSS HANSEN, and
     DIANE RENEE ERDMANN,                   Noting Date: November 27, 2020
13
                          Defendants.
14

15

16          Defendant Ross Hansen hereby provides this reply in further support of his Motion in

17   Opposition to the Government's Intent to Introduce Evidence Pursuant to Rule 404(b) (Dkt. 201),

18   and asserts as follows:

19   **I.      The Government is Responsible for Any Lack of Specifics in the Motion About
             Which It Complains.**

20          The government repeatedly complains about the "broad" nature of the request to exclude

21   404(b) evidence, and notes that Mr. Hansen's "expansive" motion is brought "three months before

22   trial."  But Mr. Hansen brought this motion on the date specified for 404(b) motions on the Court's

23   Amended Case Schedule, *see* Dkt. 192, and the Court need look no further than the government's

24   sweeping 404(b) notice, *see* Dkt. 201-1, to find the source of the breadth about which the government

25

DEFENDANT HANSEN'S REPLY IN
SUPPORT OF OPPOSITION TO
GOVERNMENT'S RULE 404(B) EVIDENCE
(Case No. 18-cr-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

now protests.  Defense counsel tried to narrow the categories of 404(b) evidence in dispute during a meet and confer with the government on October 30, 2020, but the government indicated then that it planned to introduce evidence from every single one of the ten categories listed in its sweeping letter.[1]  The defense filed its motion accordingly.

## II.    The Court Should Exclude the Evidence that the Government Did not Attempt to Establish As Admissible.

The government now acknowledges there are in fact four categories of evidence that it does *not* currently intend to introduce at trial.  *See* Govt's Resp. (Dkt. 205) at pp. 5, 16–17.  Mr. Hansen will rely on this representation in trial preparation, while maintaining his objections to the potential introduction of such evidence—none of which the government substantively addresses in its response.[2]  *Id.*  Hedging its bets, the government also says it "may" still seek to offer this evidence and "will notify the Court" before it does.  This equivocating is not good enough:  The government is required to provide notice to the defendant, *see* Fed. R. 404(b)(2)(B), and has not demonstrated the admissibility of such information—as is its burden.  As a matter of fairness and efficiency, the Court can and should rule now that evidence in these categories will be excluded.

## III.    Even if Any Evidence Is "Inextricably Intertwined" or Otherwise Admissible Under Rule 404(b), It Should Be Excluded Under the Rule 403 Balancing Test.

Evidence from the remaining categories should be excluded under Rule 404(b) for all of the reasons addressed in Mr. Hansen's motion.  The government's response also highlights the unfair prejudice that would substantially outweigh any probative value of the government's "other acts" evidence.

---

[1] Had the government meaningfully prepared for the meet and confer and agreed then not to introduce the evidence it now concedes it will not introduce, the government might not have needed to file a brief that is overlength by 5-pages without prior permission from the Court.

[2] For example, the government entirely ignores that Mr. Hansen's prior convictions are presumptively inadmissible under Rule 609(b), and does not even attempt to offer evidence of "specific facts and circumstances" that the probative value of such information "substantially outweighs" its prejudicial effect, as the law requires.  *United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980), *cert. denied*, 450 U.S. 1043 (1981).  The convictions should be excluded even if Mr. Hansen were to testify.

DEFENDANT HANSEN'S REPLY IN
SUPPORT OF OPPOSITION TO
GOVERNMENT'S RULE 404(B) EVIDENCE
(Case No. 18-cr-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

- ***AGO Investigations.***  The government contends and Mr. Hansen agrees that the existence and contents of a 2008 consent decree are admissible to provide context for certain rules governing NWTM's operations.  But no additional information beyond the consent decree is required to provide necessary background to the jury, and the government fails to show otherwise.  For instance, introducing the AGO's 2008 *complaint* would indeed expand the scope of the case, and would waste time on allegations that undisputedly predate the time period of the alleged scheme (2009 through 2017).  It should be excluded under Rule 403—just like the additional details about past losses in *DeGeorge. See U.S. v. DeGeorge*, 380 F.3d 1203, 1220 (2004) (upholding limitations on details of prior loss evidence).  Trial in this case is already expected to last at least three to four weeks by the government's measure, and likely more.  Introducing additional allegations outside of the eight-year timespan of the scheme alleged in the Indictment would be unfairly prejudicial, needlessly confusing, misleading, and a waste of time.

The government also says it plans to introduce NWTM's 2014 responses to the AGO's information requests, purportedly to show Defendants' knowledge of certain aspects of the business, but does *not* intend to admit the AGO's *conclusions* from the 2014 investigation (whatever those may be—it does not specify).  Mr. Hansen objects to the inclusion of any additional information regarding the AGO's investigation under Rule 403.  Mr. Hansen is on trial for mail and wire fraud— *not* for violating a civil Consent Decree, and a mini-trial about whether Mr. Hansen was complying—in the government's eyes—with the consent decree is unlikely to do little more than confuse the jury about the issue before it.[3]

Finally, citing *United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016), the government argues that evidence about other customers' transactions between 2009 through 2017, in addition to the

---

[3] The government's suggestion that the AGO investigations put Defendants on notice of "the importance—the materiality" of timeliness highlights just one potential source of confusion in allowing extensive evidence of such investigations.  That timeliness of delivery was "important" under the Consent Decree does not automatically render representations about timeliness *material* for purposes of the wire or mail fraud statutes. *See United States v. Carpenter*, 95 F.3d 773, 776 (9th Cir. 1996) (materiality is a question of fact for the jury).

DEFENDANT HANSEN'S REPLY IN
SUPPORT OF OPPOSITION TO
GOVERNMENT'S RULE 404(B) EVIDENCE
(Case No. 18-cr-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

charged counts, are not "other acts" but rather evidence of the scheme alleged in the Indictment. To the extent the government does attempt to introduce evidence about such other customers, it first should be required to prove a sufficient link between those customers and the scheme alleged in the Indictment—i.e., that the representations and use of the mail or wires involved were similar to the charged executions of the scheme, which all occurred between 2014 and 2016. Without such foundation—which the government wholly fails to establish here—evidence involving other customers should be excluded.

- ***Witness Cooperation with FBI.*** The government overstates the probative value of Mr. Hansen's call to his employee regarding Mr. Fullington, and such evidence, which has nothing to do with the scheme alleged in the Indictment, should be excluded under the Rule 403 balancing test, in addition to under Rule 404(b). However, if such evidence is permitted, then the recording on which Mr. Hansen has a discussion with the employee is approximately fifty minutes long and contains information from other categories of 404(b) evidence—e.g., efforts to stall the Nevada trial (which the government now says it will *not* introduce) and payments from the vault. Mr. Hansen requests that the government indicate in advance of trial whether and what portions of this recording that it intends to introduce so that counsel may review it to assure that it conforms with the Court's rulings on admissibility of other 404(b) evidence.

- ***Payment of Employees from Vault.*** The government's original notice stated it intended to introduce evidence that NWTM employees were paid "under the table" from the vault without tax withholdings to show "lack of respect for the law," among other things. *See* Dkt. 202-1 at p. 2. The government has now changed its tune, and makes no mention of tax withholdings. It instead argues that it intends to introduce vault payments to show "control over the vaults," with Hansen's instruction to Erdmann to pay a single employee $3000 (purportedly for threatening a witness in the Nevada defamation trial) as an example, along with "other testimony that demonstrates Hansen paid employees directly from the vault." But if, as the government contends, multiple employees could

DEFENDANT HANSEN'S REPLY IN
SUPPORT OF OPPOSITION TO
GOVERNMENT'S RULE 404(B) EVIDENCE
(Case No. 18-cr-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

testify that Mr. Hansen had control over the vaults, the single instance of the $3000 payment is unnecessarily cumulative, as well being as unfairly prejudicial.  It also would likely lead to testimony about the Nevada trial (which the government now represents that it does *not* intend to introduce). Dkt. 205 at p. 10.  If the government is permitted to introduce evidence of any vault payments at all, this instance in particular should be excluded entirely to avoid such unnecessary risk.

- ***Unfiled Tax Returns.***  The government's attempt to justify introducing evidence about unfiled tax returns, when neither defendant has been charged with tax evasion, only illustrates why it should be excluded as unnecessarily cumulative and unfairly prejudicial under Rule 403.  As the government puts it: "failure to implement financial controls [wa]s evident throughout the business." Dkt. 205 at p. 11.  If this is so, then the government should not need to introduce evidence of unfiled tax returns to demonstrate this same point, and the probative value of this evidence does not substantially outweigh the unfair prejudice associated with allegations of tax evasion—the kind of prejudice which the court in *Impastato* recognized.  The *Anderson* case is inapposite, when part of the rationale for why admission of other acts evidence in that case (selling software) was not unfairly prejudicial was because it was "very similar to the charged conduct" and "there is nothing inherently wrong with selling software."  *United States v. Anderson*, 714 F.3d 938, 950 (9th Cir. 2013).  The same cannot be said about evidence of alleged tax evasion here.  This situation is also distinguishable from the cases the government cites which involve proceeds from narcotics dealing (*Briscoe*), transportation of a minor for prostitution (*Taylor*), or where the defendant was not a listed owner of the investment company associated with fraud (*Finn*).  Here, that Mr. Hansen took owner's draws as the sole owner of NWTM will not be disputed, and whether he fulfilled his tax obligations is a separate issue from the fraud alleged.  Further, allowing such evidence will also require a trial within a trial as to the tax issue, and lengthy presentation of information about tax law, wasting the Court's time on collateral issues that the government elected not to charge.  It should be excluded.

DEFENDANT HANSEN'S REPLY IN
SUPPORT OF OPPOSITION TO
GOVERNMENT'S RULE 404(B) EVIDENCE
(Case No. 18-cr-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

- ***Alleged Intimidation of Employees.***  The government argues that testimony regarding Mr. Hansen's purportedly intimidating workplace behavior is necessary to "explain the relationship" between him and his employees.  But the "inextricably intertwined" test, even as applied in the *Herrera* case the government cites, does not give the government carte blanche to transform the trial into a parade of unfairly prejudicial character evidence about Mr. Hansen.[4]  Rule 403 still applies, and at some point the probative value of such information—if any—is substantially outweighed because it is unnecessarily cumulative and unfairly prejudicial.

    Mr. Hansen's alleged comments about his criminal history and past experiences in prison are a subset of this kind of information, and are particularly likely to induce jurors to make decisions on a purely emotional basis.  Such comments are also unnecessarily cumulative, given the government's extensive description of testimony from numerous employees about alleged fear of verbal abuse or being fired if they were to "question Mr. Hansen's business practices" (if the Court is to allow any such testimony at all).  Evidence of Mr. Hansen's comments about his criminal history and past experiences in prison should be excluded under Rule 403.

    For all of these reasons, Mr. Hansen respectfully requests that the Court grant his motion.

    //

    //

---

[4] The protections of Rule 403 are all the more important given the potential pitfalls of the "inextricably intertwined" test, as numerous courts have observed. *See, e.g.*, *United States v. Green*, 617 F.3d 233, 246 (3d Cir. 2010) (describing the problems with the formulations of the "inextricably intertwined test" across the circuits—among them, that "no one knows what it means", that it is "unhelpfully vague," and "invites sloppy, non-analytical decision-making") (omitting internal citations); *United States v. Mota*, 13-CR-00093-JST-1, 2015 WL 580816, at *3 (N.D. Cal. 2015) (describing the Third Circuit's criticisms of the inextricably intertwined doctrine—including that it may eviscerate the protections of 404(b)—as "persuasive"); *United States v. Hill*, 953 F.2d 452, 457 n.1 (9th Cir. 1991), *as amended* (Dec. 16, 1991) (cautioning that doctrine allowing introduction of "other crimes" evidence "where it is 'inextricably intertwined'. . . should be applied narrowly to avoid the overly-broad, so-called 'res gestae' exception").

DEFENDANT HANSEN'S REPLY IN
SUPPORT OF OPPOSITION TO
GOVERNMENT'S RULE 404(B) EVIDENCE
(Case No. 18-cr-0092-RAJ) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    DATED this 27th day of November, 2020.

2                       **CALFO EAKES LLP**

3                By:   *s/ Angelo J. Calfo*

4                      Angelo J. Calfo, WSBA# 27079
5                      Patty A. Eakes, WSBA #18888
                         Henry C. Phillips, WSBA #55152
6                      1301 Second Avenue, Suite 2800
                         Seattle, WA  98101
7                      Phone: (206) 407-2200
                         Email: angeloc@calfoeakes.com
8                                 pattye@calfoeakes.com
                                 henryp@calfoeakes.com

9                    *Attorneys for Defendant Bernard Ross Hansen*

DEFENDANT HANSEN'S REPLY IN SUPPORT OF OPPOSITION TO GOVERNMENT'S RULE 404(B) EVIDENCE (Case No. 18-cr-0092-RAJ) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224