THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BERNARD ROSS HANSEN,

Defendant.

NO. CR18-092RAJ

ORDER ON GOVERNMENT'S NOTICE OF INTENT TO PRESENT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Pursuant to the Order Setting Revised Case Schedule (Dkt. # 83), the government provided its 404(b) notice via letter dated August 2, 2019 to the defendants. Dkt. # 201, Ex. A. Defendant Hansen filed his opposition to that notice (Dkt. # 201), the government responded, (Dkt. # 205), and Mr. Hansen replied, (Dkt. # 206). A hearing on the government's 404(b) notice was held on December 11, 2020. This Order reflects the Court's rulings on the objections.

The government's notice of 404(b) evidence provided a list of categories of "other acts" evidence it proposes to offer at trial. Since filing this notice the government modified its proposed categories in several ways. It does not intend to offer evidence of NWTM's 1989 bankruptcy, the Nevada defamation lawsuit, an alleged $3,000 payment to an FBI informant, evidence that Ms. Erdmann sent six boxes to NWTM's archive room in Dayton, Nevada, and, finally, specific evidence about Mr. Hansen's 1987 and 1990 convictions. Dkt. # 205, pgs. 16-18.

Several points must be made about these apparent concessions. First, the government prefaces its remarks utilizing the limiting language that it "does not *currently* intend to offer the following evidence." Dkt. # 205, p. 16. The government then goes on to indicate that it "may" still seek to offer this evidence and "will notify the Court" before it does. Dkt. # 205, p. 16.

The Court agrees with the defendant to a significant degree that equivocating is not good enough. This case has been pending for many months and is currently set for trial on February 22, 2020. By now the government should have a clear understanding of the evidence it plans to present so the defendant can properly prepare for trial to defend against the myriad allegations. To that extent, the Court will make definitive rulings at this time on the proffered 404(b) evidence the government does not intend to offer.

1. **NWTM's 1989 Bankruptcy**

The government unequivocally indicated it will not offer this evidence and the Court will hold them to their word. This evidence will not be admissible at trial.

2. **Nevada Defamation Lawsuit**

The government is in error in contending the defendant "concedes" that the timing and the amount of the judgment are admissible in this case. The defendant merely "acknowledged that the existence of the civil suit and the timing and amount of the judgment may come up at trial" but continued its objection to any additional details about it. Dkt. # 201, p. 10.

The Court agrees with the defendant. The government has not provided any details about what or how it plans to introduce other evidence about the Nevada case or what advice it contends NWTM's counsel advised Mr. Hansen about settlement. This Court will not allow a blanket assertion of admissibility of facts to show details demonstrating "motive, knowledge, preparation and plan."

If Mr. Hansen elects to testify, the Court will permit the government to cross examine him on the existence of the civil suit and the timing and the amount of the judgment. Any details beyond these basic facts will depend upon the nature of defense

asserted by the defendant and the evidence to support the same. The government will be required to advise the Court before it begins cross examination of Mr. Hansen about the scope of their cross examination on the defamation lawsuit.

3. **Six Boxes Mailed to Archive Room in Dayton, Nevada**

The government has unequivocally represented it will not offer this evidence. The Court will hold them to their word. This evidence will not be admissible at trial.

4. **Hansen's Criminal History**

In 1987, Mr. Hansen was convicted of two counts of possession of an unregistered firearm for his sales of machine guns to an undercover agent. While on supervised release, in 1990 he was convicted of two counts of structuring financial transactions, two counts of failure to report transactions over $10,000 and one count of felon in possession of a firearm. Dkt. # 205, p. 17. Prior convictions which are more than ten years old are presumptively inadmissible under Fed. R. Evid. 609(b). *United States v. Bay*, 762 F.2nd 1314, 1317 (9th Cir. 1984). In this case, these convictions are extremely remote as they are 33 and 30 years old respectively. Additionally, these convictions are inadmissible as the Court finds the government has not demonstrated that the probative value of such evidence substantially outweighs its prejudicial effect. Fed. Rule of Evid. 403.

Moreover, the Court also concludes that these convictions are too dissimilar from the charges of the indictment to demonstrate "intent" under 404(b). Rule 403 also precludes admissibility because evidence of these dated convictions would cause undue prejudice. These convictions do not prove any fact of consequence as to any of the charges contained in the indictment.

Thus, neither the fact of conviction nor specific evidence about these convictions or sentences are admissible. However, if the defendant elects to testify and suggests he has lived a crime-free life or has been a law-abiding citizen, the government may revisit this ruling

In conjunction with this ruling, the Court will likewise exclude any testimony that Mr. Hansen made comments to his employees that he had been to jail or that he could

return to jail. Such testimony would clearly run afoul of this Court's prohibition on referencing his dated prior convictions. Such testimony would openly and visibly cause the jury to suspect or conclude that he must have been convicted in the past in order to be afraid of returning to jail.

The Court now turns to the other matters noted in the government's 404(b) disclosure.

5. **AGO Investigations of NWTM in 2008 and 2014**

The government will be permitted to offer as evidence the 2008 Consent Decree signed by Mr. Hansen. From the facts presented to this Court, the Consent Decree appears to be sufficiently connected to representations made to NWTM customers in order to permit the government to present its case. The government has provided specific examples and details of the connection between the 2008 Consent Decree and the allegations in the Indictment. Dkt. # 205, pgs. 6-7.

The Court overrules the defendant's objection to introduction of evidence related to the 2014 AGO investigation. The admission of such evidence includes certain documents created in response to that investigation which specifically include the "spreadsheet" referenced by the government that was ostensibly produced in response to interrogatories and document requests presented to NWTM.

The government further contends the evidence of the investigations is "inextricably intertwined" with the allegations of the Indictment, and the Court agrees. Defendant's interpretation of *United States v. DeGeorge*, 380 F. 3rd 1203 (9th Cir. 2004) is misplaced. The jury will not understand the significance of the representations to customers and the defendants' efforts without admission of the noted evidence.

While the Court overrules defendant's objections to the investigation evidence in general, the government will not be permitted to offer any evidence of the AGO's conclusions from the investigation.

///

///

6. **Hansen's Efforts to Determine Witness Cooperation with the FBI**

The defendant's objection to the admission of this evidence is overruled. This ruling pertains to the government's notice of intent to offer evidence that Mr. Hansen allegedly offered to pay a sales employee $3,000 to try to determine whether NWTM's former General Counsel Fullington had contacted the FBI about him.

This evidence is admissible as evidence of Mr. Hansen's consciousness of guilt. Likewise, the government is permitted to offer these conversations as probative of Mr. Hansen's intent as allowed under Rule 404(b). Does this evidence cause prejudice to the defendant, yes. But the Court finds that the probative value of evidence of the defendant's intent is not substantially outweighed by the danger of any unfair prejudice. If requested, before this evidence is admitted, the Court will provide a limiting instruction to the jury of the limited purpose of its offering.

7. **Evidence Mr. Hansen Paid Employees Directly from the Vault**

Defendant's objection to the admission of this evidence is overruled. The government will be permitted to offer testimony or evidence of Mr. Hansen directing Ms. Erdmann to retrieve $3,000 in cash to pay a sales employee for side work for him. The Court's ruling is predicated on this being evidence allowed under Fed. R. Evid. 404(b)(2) as evidence of their opportunity to control the vaults and their plan to control items in that vault. The Court will hold the government to its representation that it will not elicit testimony as to the purpose of the cash payment. If requested, before this evidence is admitted, the Court will provide a limiting instruction to the jury of the limited purpose of its offering.

8. **NWTM and Hansen's Failure to File Tax Returns**

The defendant's objection is overruled. While the Court agrees with the defendant that tax filings are not the same transactions as the alleged mail and wire fraud, his failing to file yearly tax filings is probative of his intent to conceal the finances of NWTM. On this issue, the Court agrees with the government that if Mr. Hansen's defense is that he was conducting a lawful, legitimate business, evidence that he failed to file tax returns is

probative evidence that he was not. Dkt. # 205, p. 11. Moreover, the value of the evidence is not substantially outweighed by the danger of unfair prejudice as it goes to his intent to conceal the business's financial status from his employees and others.

9. **Hansen's Management Style/Alleged Intimidation of Employees**

The Court will permit the government limited latitude to examine NWTM employees about Mr. Hansen's alleged threatening, abusive and intimidating tactics toward his employees. The Court finds this evidence is relevant to explain the relationship between Mr. Hansen and his employees. This evidence is permitted to establish context regarding their fear of being verbally abused or fired. Without such evidence, the employees could face unfair attacks on their credibility as argued by the government. Dkt. # 205, p. 15.

While limited latitude is granted for this type of evidence, the Court will not permit evidence that Mr. Hansen told employees that he spent time in prison or that he had killed or nearly killed individuals in prison. This type of evidence, while relevant to the reasons or motivation of NWTM employees to perform their duties under Mr. Hansen, will be excluded as its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

10. **Paying Employees "Under the Table"**

Mr. Hansen objects to this evidence primarily because of its cumulative nature considering all the other evidence the government plans to offer. This objection is overruled. This evidence is permissible to show the defendants' control of the finances of NWTM. This evidence is permitted to prove motive, intent, opportunity and knowledge.

DATED this 15th day of December, 2020.

The Honorable Richard A. Jones
United States District Judge