The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>BERNARD ROSS HANSEN and<br>DIANE RENEE ERDMANN,<br><br><br>                    Defendants. | CASE NO. CR18-092RAJ<br><br>ORDER REGARDING THE<br>DISCLOSURE OF PRIVILEGED<br>INFORMATION UNDER F.R.E.<br>502(d) |

This matter, having come before the Court on a Stipulated Motion for Entry of Order Regarding the Disclosure of Privileged Information Under F.R.E. 502(d), the Court hereby enters the following order:

1.     **Scope of Applicability**. This Order shall be applicable to and govern all documents and deposition transcripts and/or videotapes, including but not limited to electronically stored information ("ESI") produced in response to the Subpoena that the Defendants issued to Mark Calvert, Chapter 11 Trustee of the Northwest Territorial Mint, Case No. 16-11767-CMA, United States Bankruptcy Court for the Western District of Washington and his affiliate Cascade Capital Group LLC (collectively the "Trustee") in this case (collectively "Information").

ORDER RE DISCLOSURE OF PRIVILEGED
INFORMATION UNDER F.R.E. 502(d)
(Case No. 18-cr-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

2.      **Confidentiality and Limitations on Use of Information.**  The Information may be used by the Defendants solely in connection with this case and may not be published, communicated or used for any other purpose.  After the conclusion of this case, the Defendants and the United States, and their attorneys and representatives shall destroy or (for ESI) delete the Information and shall certify such destruction and/or deletion to the Trustee.

3.      **No Waiver By Disclosure.**  If the Trustee discloses Information in connection with this case that the Trustee thereafter claims to be privileged ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Trustee would otherwise be entitled to assert with respect to the Protected Information and its subject matter in this or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4.      **Time For Asserting Privilege And Protection.** The Trustee may assert privilege or protection over produced documents and ESI at any time by notifying the Parties in writing that the Trustee has disclosed Protected Information without intending a waiver by the disclosure, and requesting that the Parties promptly return or permanently delete or destroy the document and all copies of the document. Alternatively, the Trustee's notice may seek the redaction of a portion of the document to obscure the privileged or otherwise protected information by providing a redacted document and requesting that all non-redacted copies or images of the document be returned or permanently deleted or destroyed.

5.      **Content of Notice.**  The written notification referenced in paragraph 4 shall contain information sufficient to: (a) identify the document, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced; (b) identify the privilege or protection asserted; and (c) explain the basis of the privilege or other claim of protection. To be effective, the notice shall be provided within a reasonable time.

ORDER RE DISCLOSURE OF PRIVILEGED
INFORMATION UNDER F.R.E. 502(d)
(Case No. 18-cr-0092-RAJ) - 2

6. **Response of Receiving Party to Notice of Non-Waiver.** Upon receipt of written notification referenced in paragraph 4, the Parties must—unless they contest the claim of attorney-client privilege or work product protection in accordance with paragraph 7 below—promptly (i) notify the Trustee that they will make best efforts to identify and return, sequester, destroy or (for ESI) delete, the Protected Information and any reasonably accessible copies they have and (ii) provide a certification that they will cease further review, dissemination, and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on an ESI source that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Parties must promptly take steps to delete or sequester the restored Protected Information. Any analyses, memoranda or notes that were internally generated based upon such produced Protected Information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Parties do not contest that the Information is privileged, or (b) the Court rules that the Information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to their intended purpose if (a) the producing party agrees in writing that the Information is not privileged, or (b) the Court rules that the Information is not privileged.

7. **Disputing Claims of Privilege or Work Product Protection for Produced Documents.** If the Parties contest the claim of privilege or work product protection and the parties are unable to resolve the dispute through a good faith meet and confer process, the contesting party must—within fourteen business days of completion of the meet and confer process—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). In a Disclosure Motion, the Trustee bears the burden of establishing that the document is privileged or subject to work product. The Disclosure Motion must be filed under seal, and the contesting party may not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, though such circumstances may be described for the Court.  Nothing in this

ORDER RE DISCLOSURE OF PRIVILEGED
INFORMATION UNDER F.R.E. 502(d)
(Case No. 18-cr-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1   Agreement shall prevent the Parties from challenging any assertion of privilege based on facts and

2   circumstances independent of the mere production of the document pursuant to the Subpoena, or

3   otherwise. Pending resolution of the Disclosure Motion, the Parties must not use the challenged

4   information in any way or disclose it to any person other than those required by law to be served

5   with a copy of the sealed Disclosure Motion. The parties may stipulate to extend the time periods

6   set forth in this Paragraph.

7        8.    **Attorney's Professional Conduct Responsibilities**. Nothing in this Order overrides

8   any attorney's ethical responsibilities to refrain from examining or disclosing materials that the

9   attorney knows or reasonably should know to be privileged and to inform the Trustee that such

10   materials have been produced.

11        9.    **In Camera Review**. Nothing in this Order limits the right of any party to petition the

12   Court for an in camera review of the Protected Information or of documents over which a claim of

13   privilege is asserted or contested

14        10.    **Defendants May Act Separately**.  Nothing in this Order prevents the Defendants

15   from taking different positions from each other as to any dispute regarding a claim of privilege or

16   work product protection.

17        11.    **Review Prior to Production**. Nothing contained in this Order is intended to or shall

18   serve to limit the Trustee's right to conduct a review of documents, ESI or information (including

19   metadata) for responsiveness, relevance and/or segregation of privileged and/or protected

20   information before production. The provisions of Federal Rule of Evidence 502(b)(2), however, are

21   inapplicable to the production of Protected Information under this Order.

22        12.    **Voluntary and Subject Matter Waiver**. This Order does not preclude a party from

23   voluntarily waiving the applicable privilege or work product protection. The provisions of Federal

24   Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use

25   information produced under this Order to support a claim or defense.

ORDER RE DISCLOSURE OF PRIVILEGED
INFORMATION UNDER F.R.E. 502(d)
(Case No. 18-cr-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    13.    Finally, pursuant to Fed. R. Evid. 502(d), the production of any documents pursuant

2    to the Subpoena in this proceeding shall not, for the purposes of this proceeding or any other federal

3    or state proceeding, constitute a waiver by the producing party of any privilege applicable to those

4    documents, including the attorney-client privilege, attorney work-product protection, or any other

5    privilege or protection recognized by law.

6        IT IS SO ORDERED.

7

8        DATED this 23rd day of April, 2021.

9

10

11       The Honorable Richard A. Jones
         United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER RE DISCLOSURE OF PRIVILEGED
INFORMATION UNDER F.R.E. 502(d)
(Case No. 18-cr-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224