THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD ROSS HANSEN,<br><br>　　　　　　Defendant. | NO. CR18-092RAJ<br><br>ORDER ON DEFENDANT HANSEN'S MOTION IN LIMINE TO EXCLUDE CODEFENDANT DEPOSITION TESTIMONY UNDER *BRUTON* |

THIS MATTER has come before the Court upon defendant Bernard Ross Hansen's Motion in Limine to exclude incriminating deposition testimony of codefendant Diane Renee Erdmann under *Bruton v. United States*, 391 U.S. 123 (1965). Dkt. 229. Having considered the motion, the government's response (Dkt. 249), and the files and pleadings herein, the Court **GRANTS** in **PART** and **DENIES** in **PART** the defendant's motion. Unless stated otherwise, the Court's ruling applies equally to the defendants and each party is advised to advise their clients and witnesses of the Court's rulings.

Defendant Hansen raises issues in his memorandum that go unchallenged by the government. Specifically, that during bankruptcy and collection proceedings in June 2016, Erdmann was examined in depositions and made statements regarding the use and access to funds of Northwest Territorial Mint (NWTM) for personal use. The defendant contends these deposition statements made under oath are testimonial under *Crawford v. Washington*, 541 U.S. 36 (2004), and because they are testimonial, the Confrontation Clause limits established under *Bruton* apply.

Mr. Hansen seeks to prelude the government from offering evidence of four of Ms. Erdmann's testimony exhibits under *Bruton*. These statements have been designated as Proposed Exhibits 405a, 405b, 405d and 406a. Dkt. 229, at 3. The contents of the statements have been set forth in the government's memorandum and will not be repeated.

Both parties accurately state the basic law of *Bruton*. There is no dispute that under *Bruton,* a defendant's Sixth Amendment right to confront witnesses may be prejudiced when the government introduces statements by a non-testifying codefendant. Both parties also agree that such statements violate the Confrontation Clause when they "facially, expressly, or powerfully implicate the defendant." *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007).

The Court agrees that the subject statements are different from the type of codefendant confessions as presented in *Bruton* where one defendant was unequivocally making incriminating statements about the other. While not as powerful as in *Bruton*, the proffered government exhibits reflect statements that facially implicate Hansen taking funds from NWTM to use for personal expenses. These statements pertain to the exact allegations reflected in the Indictment that the defendants took funds from NWTM to use for personal expenses. *See* Indictment at ¶¶ 8, 24, 32, 46 and 47. Erdmann's statements in the proposed exhibits reference Hansen by name and are admissions that she and Hansen did exactly what the Indictment alleges to be part of the alleged scheme. The Court agrees with the defendant's comparisons of the deposition statements of Erdmann and the specifics contained in the Indictment. Dkt. 229, at 5-6. These statements include references to Hansen by name or by inference. Both are impermissible without modification for presentment to the jury.

The Court finds that complete exclusion of the statements is not the proper remedy, rather redaction. This is a remedy the defendant acknowledges if "it is possible for the statements to be redacted." Dkt 229, at 6, citing *United States v. Hernandez-Orellana*, 539 F.3d 994 (9th Cir. 2008) and the government agrees is a remedy that can

ORDER ON DEFENDANT HANSEN'S MOTION IN LIMINE
TO EXCLUDE CODEFENDANT DEPOSITION TESTIMONY
UNDER *BRUTON* - 2

be undertaken. Dkt. 249, at 6.  The Court finds the redactions as proposed by the government and pronoun changes are sufficient.  Dkt. 249, at 6.

       To ensure the redactions and pronoun changes comport with the intent of this ruling, the government is directed to provide the defendants with the redacted versions of the referenced exhibits within seven (7) business days from the date of this Order.

       For these reasons, the defendant's motion is **GRANTED** in **PART** and **DENIED** in **PART**.

       DATED this 26th day of May 2021.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge