THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR18-092RAJ |
|---|---|
| Plaintiff, | |
| v. | ORDER ON DEFENDANT HANSEN'S MOTION IN LIMINE REGARDING LEGAL OPINIONS |
| BERNARD ROSS HANSEN, | |
| Defendant. | |

THIS MATTER comes before the Court upon defendant Bernard Ross Hansen's Motion in Limine Regarding Legal Opinions. Dkt. 231. Having considered the motion, the government's response (Dkt. 246), and the files and pleadings herein, the Court **GRANTS** in **PART** and **DENIES** in **PART** the defendant's motion. Unless stated otherwise, the Court's ruling applies equally to the defendants and each party is expected to advise their clients and witnesses of the Court's ruling.

The defendant seeks to exclude testimony from three attorneys who previously worked for Northwest Territorial Mint (NWTM): former general counsel Greg Fullington, former assistant general counsel Catherine Hopkins, and former assistant general counsel Amelia Swan. The defendant also seeks to prohibit the government from offering communications from these lawyers as exhibits at trial.

The parties have respectively identified what the defendant seeks to exclude and what the government seeks to offer. These include an August 29, 2011 Memorandum to File written by Hopkins (Dkt. 232-4), a September 28, 2015 Memorandum from

Fullington to Hansen (Dkt. 232-2), and the October 16, 2015 Resignation Letter from Fullington (Dkt. 232-3).

The defendant discusses in detail why these witnesses' legal opinions should be prohibited, because if they are not being called as expert witnesses, they would be offering testimony as lay witnesses which is restricted under Federal Rule of Evidence 701. Dkt. 231 at 5-8. The government agrees that it would be impermissible for an expert witness to testify that, in her opinion, the defendant's conduct amounted to fraud, or that in her opinion, the defendant acted with fraudulent intent. Dkt. 246, at 5.

The problem with the defendant's motion is that the government is not offering these witnesses as experts or to offer any opinions about the legality of the defendant's conduct. Dkt. 246, at 5. Since the government is not offering these witnesses as experts to render opinions, Rules 702 and 704(b) serve as no basis to exclude the testimony or the documents proposed as exhibits.

The Court next turns to the defendant's motion contending that because Fullington, Hopkins and Swan are attorneys, any testimony or document authored regarding the legality of Hansen's conduct or NWTM's business practices is excludable under Fed. R. Evid. 701(c). The Court agrees with the government. This rule does not apply when a lay witness is recounting information and the witness is testifying about facts based on their personal knowledge. Fed. R. Evid. 602. So long as the government does not ask the jury to believe the testimony as "opinion" testimony, it is permitted, *i.e.*, it is not opinion testimony if it is offered for the limited purpose of demonstrating what was communicated to the defendant.

*United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) clearly illustrates this point legally and factually. There, similar evidence from attorneys for a health insurance business was admitted for the purpose of establishing what was communicated to the defendant. *Id.* at 1164.

This Court will adopt the *Graf* approach and will allow the evidence, but will require a limiting instruction informing the jury that the information was communicated

to the defendant regarding matters of law, not for the truth of the opinions or as substantive evidence that his conduct was illegal but rather to show the defendant had been warned of its illegality.

The Court concludes this approach will not invade the province of the jury as the proffered evidence will solely be admitted to demonstrate that Hansen was advised by NWTM's attorneys that his business practices were illegal and fraudulent. As reflected in *United States v. McLennan*, 563 F.2d 943, 946 (9th Cir. 1977), testifying to what the attorney told the defendant was illegal did not invade the province of the jury, as it merely aided the jury in making the determination as to whether the defendant knowingly violated the law by persisting in his conduct after receiving the attorney's advice.

While the Court will allow the testimony and the proposed exhibits to be admitted, certain redactions and limitations on what will be allowed must be imposed regarding the September 28, 2015 Greg Fullington Memorandum.

The government shall redact from this document and is prohibited from soliciting testimony regarding:

1. The "**Concern**" paragraph in its entirety.
2. Any potential sentencing exposure Hansen faced if convicted or any reference to his criminal history. The same restriction applies to offering any evidence of Mr. Hansen's or Mr. Tulving's sentencing exposure or guideline calculations.

No other redactions from the Hopkins August 8, 2011 Memo to File or the Fullington October 16, 2015 communication are required. The Court makes these redactions because otherwise such evidence would be advising the jury of the consequences of their verdict, which is not permissible. *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991).

The defendant also asserts that the admission of these communications from NWTM's prior attorneys should be excluded under Rule 403. He contends the opinions have minimal probative value and present an extreme and unavoidable risk of jury

confusion and prejudice. Dkt. 231, at 10. The Court disagrees.

The defendant is charged with wire fraud, which includes that the government must prove that he acted with the intent to defraud, *i.e.*, to deceive and cheat. *See* Ninth Circuit Model Criminal Jury Instruction 8.24 (approved 9/20/2020). This places Hansen's intent as a critical element of the pending charges and thus a relevant fact at issue. Consequently, the Court finds that evidence that Hansen was advised that NWTM's business practices were illegal and fraudulent, and that he may have persisted in those practices, is relevant evidence for the jury to consider in determining if he acted with intent. While evidence of this type certainly carries a degree of prejudice, its probative value on the issue of intent is high. The high probative value of such evidence is not outweighed by any unfair prejudice.

Any other concern about the degree of prejudice is further diminished with the limiting instruction referenced above which will clarify for the jury how they are to treat the evidence as notice and not substantive proof that Hansen's actions amounted to fraud.

For all the foregoing reasons, the defendant's motion is **GRANTED** in **PART** and **DENIED** in **PART**.

DATED this 26th day of May 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge