THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>BERNARD ROSS HANSEN,<br><br>                    Defendant. | NO. CR18-092RAJ<br><br>ORDER ON GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DINO VASQUEZ OR FIND ATTORNEY-CLIENT PRIVILEGE WAIVED AS TO ALL DEFENDANT COMMUNICATIONS WITH KARR TUTTLE CAMPBELL |

THIS MATTER comes before the Court upon the government's Motion in Limine to Exclude Testimony of Dino Vasquez or, in the Alternative, Find the Attorney-Client Privilege Waived as to All Defendant Communications with Karr Tuttle Campbell. Dkt. 228. Having considered the motion, defendant Hansen's response (Dkt. 241), defendant Erdmann's response (Dkt. 243), and the files and pleadings herein, the Court **DENIES** the government's motion. Unless stated otherwise, the Court's ruling applies equally to the defendants and each party is expected to advise their clients and witnesses of the Court's ruling.

The government seeks to exclude the testimony of Dino Vasquez, one of two attorneys at the Karr Tuttle Campbell (KTC) law firm who met with defendant Hansen after Northwest Territorial Mint's (NWTM) general counsel alleged fraud at the company. In its motion, the government details its conclusions about the efforts of Hansen to secure outside counsel to address concerns expressed in a memorandum authored by NWTM's general counsel, Greg Fullington.

The government contends that Hansen hired Ron Friedman, a partner at KTC who specialized in white-collar criminal defense, and that Friedman involved Dino Vasquez, also of KTC, to assist with that portion of the Fullington Memo that raised concerns about a violation of the Consent Decree. Dkt. 228, at 3.

According to the government, Vasquez performed a limited audit of NWTM's compliance with the Consent Decree but did not attempt to address other parts of the Fullington Memo, including potential criminal conduct. The government seeks to exclude what Vasquez observed and what he reported back to Hansen regarding the audit. The government seeks to preclude this evidence contending it would implicitly present an advice-of-counsel defense. Further, the government contends that if evidence of Vasquez's work and advice are permitted, the privilege as to communications with Friedman are waived.

The government's motion as presented is denied for several reasons. First, Hansen has affirmatively represented that he does not intend to pursue an advice-of-counsel defense and does not intend to offer any *advice* that Mr. Vasquez gave him. Dkt. 241, at 2. The Court will hold the defendant to his word.

Vasquez will be permitted to testify that Hansen asked him to conduct an audit of NWTM's bullion department, what he observed during the audit, and the facts he reported back to Hansen. These facts are relevant and probative of Hansen's knowledge of the bullion department's operations. The Court agrees with the defendant that his factual evidence is highly probative of critical issues in this case: (1) whether misrepresentations to NWTM standard bullion customers were made about shipping times and the availability of goods and (2) whether Hansen knew about it. Dkt. 241, at 7 and Dkt. 1 at ¶ 13.

The government has asserted that knowledge and intent are critical issues in this case and the defendant is permitted to defend against those allegations. This fact is borne out in this Court's prior ruling that evidence of the Consent Decree was inextricably intertwined with the government's case. Dkt. 213, at 4. The government's motion

suggests that this prior ruling was made before it had an opportunity to interview Vasquez and before he was listed as a defense witness. Dkt. 228, at 9. Neither of these observations change the prior finding by this Court that the withheld emails were not within the same subject matter as the waived communications.

The government further contends Hansen is withholding communications he had with Friedman relating to the audit. The Court previously addressed this issue and the "seven" suspect emails were determined to be privileged and did not have to be disclosed. Those emails were post-audit. No unfair use of the attorney-client privilege as a sword-and-shield is present based upon the facts and evidence known to the Court.

The government argues (Dkt. 228, at 11-12) and the defendant does not disagree (Dkt. 241, at 9), that if Vasquez is permitted to testify, they should be permitted to cross-examine him concerning his role and his respective responsibility. The Court agrees. The government is also permitted to examine Vasquez regarding whether his actions were intended to address any criminal conduct raised by the Fullington Memo and whether he took any steps to investigate any issues other than the audit.

Last is the issue of the government's argument that it should be allowed to "elicit through cross examination that defendants also had other lawyers about whom they are keeping mum." Dkt. 228, at 12. This will not be permitted, at least not as proposed by the government. If the government examines Vasquez on the documents regarding communications between he and Friedman, it will become abundantly clear that an attorney other than he was involved in representing Hansen.

This Court will not permit the government to insinuate that Hansen's consultation with a lawyer regarding a criminal matter and claim of privilege over those communications is evidence of guilt. The government's reliance on *United States v. Blagojevich*, 794 F.3d 721 (7th Cir. 2015) is misplaced. There, Blagojevich's counsel's advice to the defendant was a critical aspect of the defense and he affirmatively represented he had been assured by his lawyers that he was not crossing the line. In the instant matter, Hansen has affirmatively represented he does not intend to offer any

*advice* he obtained from Vasquez, only his *factual* observations, and that will be permitted.

For these reasons, the government's motion is **DENIED**.

DATED this 26th day of May, 2021.

_____
The Honorable Richard A. Jones
United States District Judge