The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD ROSS HANSEN and <br> DIANE RENEE ERDMANN, <br><br> Defendants. | NO. CR18-0092RAJ <br><br> **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR JURY QUESTIONNAIRE (Dkt. #259)** |

## I. INTRODUCTION

The government submits this response to Defendants' motion for a jury questionnaire to address both the substance of any jury questionnaire and additional voir dire questions requested by the government.

## II. JUROR QUESTIONNAIRE

The government does not oppose a juror questionnaire. As noted in the Defendants' motion, the government defers to the Court on whether any questionnaire should be given to potential jurors and, if so, the appropriate length of the questionnaire and the timing as to when it should be completed and returned to the Court and the parties. The government respectfully requests that the first question, in addition to name, also include city of residence, occupation, and if available, juror number.

Government's Response to Defendants' Motion for Jury Questionnaire - 1
*U.S. v. Bernard Ross Hansen, et al.* / CR18-0092RAJ

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In addition, the government offers the following substantive comments.

### A. Warning to jurors not to research the case

If the juror questionnaire is mailed to prospective jurors, the government requests that the jurors be informed at the outset of the questionnaire about the importance of not doing further research on the case. The questionnaire could introduce the case (similar to question #48) and the warn the jurors not to research the parties or the case. This warning should be on the first page of the questionnaire. *See* Dkt. #259-1 at 1. The questionnaire could be edited to state:

> Portions of this questionnaire cover knowledge you may have about the case. Please do not do anything to learn, or learn more, about the case, including reading news reports or reading anything on the internet about the case. After filling out this questionnaire, please continue to avoid doing anything to learn more about the case. It is important that you do not do anything to expose yourself to additional information about the case.

### B. The length of the questionnaire

Further, in the government's view, the proposed juror questionnaire is too lengthy and burdensome. The government respectfully suggests shortening it by removing some questions, allowing prospective jurors to complete the questionnaire more efficiently and the parties to process the information received. Questions (or parts of questions) the government suggests removing are: 5, 6 (remove IRS), 11-15, 25, 27-38, 41-42, 47, 48b, 48c, 48d, and 49 (remove "or by reputation").

Many of these questions cover very broad ground. Some of these questions cover areas that the government believes are only tangentially related to either the instant case or to the duties of the prospective jurors. Moreover, some questions about specific subject matters, like the pandemic or the 2008 recession, or industries, like the stock market, presented before any statement of the case, may have the effect of conditioning jurors to believe the case relates to those subjects or industries before they have received any evidence.

Government's Response to Defendants' Motion for Jury Questionnaire - 2
*U.S. v. Bernard Ross Hansen, et al.* / CR18-0092RAJ

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. GOVERNMENT'S PROPOSED VOIR DIRE

In addition to this Court's general voir dire in criminal cases, and in advance of the deadline in the Court's scheduling order, the government respectfully submits proposed voir dire questions for prospective jurors in this matter.[1] *See* Exhibit 1.

Dated this 9th day of June 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Brian Werner*
BRIAN WERNER
BENJAMIN DIGGS
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

---

[1] If the court decides not to issue a jury questionnaire, the government also suggests including some form of those questions from the defendants' questionnaire to which it has not objected (and which are not otherwise covered by the Court's general voir dire) as part of the proposed voir dire.
Government's Response to Defendants' Motion for Jury Questionnaire - 3
*U.S. v. Bernard Ross Hansen, et al.* / CR18-0092RAJ

UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970