THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD ROSS HANSEN, and<br>DIANE RENEE ERDMANN,<br><br>　　　　　　　　　　Defendants. | Case No. CR18-0092-RAJ<br><br>DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION FOR PUBLIC TRIAL PURSUANT TO SIXTH AMENDMENT RIGHTS<br><br>Noting Date: June 11, 2021 |

## INTRODUCTION

Supreme Court and Ninth Circuit precedent is clear about the specific guarantee of the public-trial right: "The court must be open to those who wish to come, sit in the available seats, conduct themselves with decorum, and observe the trial process." *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003) (quoting *Estes v. Texas*, 381 U.S. 532, 589 (1965) (Harlan, J. concurring)). In other words, the touchstone of the public-trial right is the opportunity for members of the public to be present in the courtroom. Neither the Supreme Court nor the Ninth Circuit has ever held that audio—or even video—is an adequate replacement for that core requirement of the Sixth Amendment. And this Court should not do so now.

There is, after all, a reasonable alternative here that would protect the defendants' right to a public trial and the public's health: The Court can simply continue this trial until such a time that

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

the public can be permitted into the courtroom to observe the proceedings. The defendants are willing to sign speedy trial waivers for that purpose, and the government's response brief does not offer any explanation for why continuing the trial is not a reasonable alternative to closing the courtroom. After all, the end of the pandemic is in sight. At this point, more than 63% of the Washington jury-age population (and more than 75% of the jury-age population in King County) has received at least one dose of the vaccine.[1] There is simply no need to deny the defendants one of the fundamental guarantees of the Bill of Rights by proceeding to trial in a closed courtroom in early July.

    **1.    The government's response fails to recognize that the presence of the public in the courtroom is the touchstone of the public-trial right.**

The government's motion contends that "[c]onducting a trial with a live audio feed" would "provide[] the public with sufficient simultaneous access" and "is more akin to a traditional partial closure (where some spectators are removed) than a total closure (where all spectators are removed)." Response at 5–6. But that is inconsistent with Supreme Court and Ninth Circuit precedent, which both make clear that a trial in which no members of the public can be present in the courtroom is not a public trial.

The Supreme Court has consistently articulated that it is the *presence* of the public in the courtroom that is guaranteed by the Sixth Amendment. In its first case examining the public-trial guarantee in-depth, the Supreme Court vacated a conviction for contempt of court because the proceedings were held outside the presence of the public, observing that "no court in this country has ever before held, so far as we can find, that an accused can be tried, convicted, and sent to jail, when everybody else is denied *entrance* to the court, except the judge and his attaches." *In re Oliver*, 333 U.S. 257, 271–72 (1948) (emphasis added). "And without exception," the Court continued, "all

---

[1] *See* Washington State Dep't of Health, Covid-19 Data Dashboard, https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

courts have held that an accused *is at the very least* entitled to have his friends, relatives and counsel *present*, no matter with what offense he may be charged." *Id.* (emphasis added).

The Supreme Court has, in fact, specifically distinguished live broadcasts from the core requirement of an open courtroom, finding that the Sixth Amendment does not contemplate the former but requires the latter. In his concurrence in *Estes*, Justice Harlan explained that video-broadcast proceedings are not contemplated by the public-trial right. *See* 381 U.S. at 588–89 (Harlan, J. concurring). Rather, the core requirement, Justice Harlan explained, is that "the court must be open to those who wish to come, sit in the available seats, conduct themselves with decorum, and observe the trial process." *Id.*, quoted with approval in *Shryock*, 342 F.3d at 974. This distinction between broadcasted proceedings and the public-trial guarantee of an open courtroom was further confirmed in *Nixon v. Warner Communications, Inc.*, in which the Supreme Court held that a live video broadcast is not contemplated by the Sixth Amendment. 435 U.S. 589, 610 (1978). "The requirement of a public trial," the Court reiterated, "is satisfied by the opportunity of members of the public and the press *to attend* the trial and to report what they have observed." *Id.* (emphasis added).

The Ninth Circuit has likewise articulated that the ability of the public to access the courtroom is the touchstone of the Sixth Amendment. In *Shryock*, the Ninth Circuit explained that the Sixth Amendment right to a public trial is implicated by an "affirmative act by the trial court meant to exclude persons *from the courtroom*." 342 F.3d at 974 (emphasis added). There was no denial of the public-trial right in *Shryock*, the court explained, because the core requirement of the Sixth Amendment was satisfied: "the district court always allowed Appellants' family members and the general public to use the available seating." *Id.* In fact, even in the case the government primarily relies upon in its response, *Bunn v. Lopez*, the key factor in the Ninth Circuit panel's analysis was that the trial court "did not bar the public from any part of the proceedings or compel Bunn to proceed to trial in the absence of family or friends." 740 F. App'x 145, 146 (9th Cir. 2018).

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

But that is precisely what the Court's current protocols would compel the defendants to do here: to proceed to trial in the absence of any family, friends, or other members of the public in the courtroom. That denies the defendants their core Sixth Amendment right, as articulated in a long line of Supreme Court and Ninth Circuit cases. It would indeed amount to a total closure of the courtroom.

The government insists, however, that a simultaneous broadcast of the proceedings is sufficient to ensure that the defendants are "fairly dealt with and not unjustly condemned and that their triers will remain aware of their function and responsibility." Response at 5. That contention, however, is both flawed and an incomplete articulation of the public-trial right's safeguards. For one, it ignores the consistent rulings from the Supreme Court and Ninth Circuit that presence in the courtroom is the touchstone of the public-trial right. It also ignores the limitations of audio and video feeds. As articulated in the defendants' opening motion, *see* Motion at 6, there is no adequate replacement for the physical presence of the public in the courtroom. When in the courtroom, a member of the public can choose where to look at any particular moment and can pick up soft remarks and subtle gestures that a microphone or camera might otherwise miss.

Perhaps most importantly, the government's position simply ignores what might be the most important protection that a public trial can offer: the discouragement of perjury. *See Waller v. Georgia*, 467 U.S. 39, 46 (1984). That protection cannot be replaced by an audio or video feed, because, as the Supreme Court has recognized, "[i]t is always more difficult to tell a lie about a person 'to his face' than 'behind his back.'" *Coy v. Iowa*, 487 U.S. 1012, 1019 (1988). As defendants explained in their opening motion, it is far easier for witnesses to lie to a room of empty benches than to a public courtroom in which any members of the press, the defendants' friends and family, and other members of the community may come in, sit down, and watch.

Simply put, the only way to safeguard the defendants' public trial guarantee is to do what the Supreme Court and Ninth Circuit have said the public-trial right requires: The courtroom "must

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

be open to those who wish to come, sit in the available seats, conduct themselves with decorum, and observe the trial process."

### 2. The government does not articulate any reason why this trial cannot be continued to protect the defendants' right to a public trial.

The Supreme Court has held that trial courts are "obligated to take every reasonable measure to accommodate public attendance at criminal trials." *Presley v. Georgia*, 558 U.S. 209, 214 (2010). As the government concedes, the Court cannot totally or partially close the courtroom without considering whether there are reasonable alternatives to such a closure. *See* Response at 2, 3. It is not the burden of the accused to propose the reasonable alternatives that the Court must consider— "trial courts are required to consider alternatives to closure even when they are not offered by the parties." *Presley*, 558 U.S. at 214.

Here, there is at least one reasonable alternative that would allow the presence of the public in the courtroom. The Court can continue this trial until the courthouse has the capacity to allow the public to attend the trial. The government does not articulate any reason in its response why this alternative is not reasonable. The defendants are not in custody, they are willing to sign speedy trial waivers, and counsel for the defendants have expressed preference for a later trial that would allow the defendants to confront their accusers "face-to-face" instead of behind a mask. Besides, a trial at a later date would also better protect the safety and health of the participants in this trial. Cases of Covid-19 are on the decline over the past months within Washington, and rates of vaccinations are on the increase.[2] Proceeding to trial in July instead of a later date bears a higher risk of exposing the trial participants to Covid-19 and risks a mistrial should a juror or other participant in the

---

[2] *See* N.Y. Times, Tracking Coronavirus in Washington: Latest Map and Case Count, https://www.nytimes.com/interactive/2021/us/washington-covid-cases.html (reflecting 38% drop in the seven-day average of cases from May 10 to June 10 in Washington).

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

courtroom test positive during the trial. There is simply no reason why this trial cannot proceed in public in a few months' time as opposed to proceeding in a closed courtroom in July.

## CONCLUSION

At the end of the trial in this case, if found guilty, the defendants could be facing a sentence that would imprison them for the rest of their lives. It is a solemn, serious responsibility for this Court, counsel, and the witnesses and jurors who will be called into the courtroom. The right of a public trial—meaning a trial in which those in the courtroom are face-to-face with not just the defendants but also members of the community and press—is fundamental to ensuring that all participants in this trial recognize and respect the awesome responsibility before them.

In a prior hearing in this matter, when the defendants expressed concerns about the Covid-19 protocols that this Court would have to impose to conduct this trial in July, the government expressed that the defendants are "entitled to a fair trial, not a perfect trial." *See* Dkt. 264 at 25. But that adage does not apply to the public-trial right. The right to a public trial is so fundamental to the fairness of criminal proceedings that, if a defendant is denied the right, the defendant is automatically entitled to a new trial. *See Neder v. United States*, 527 U.S. 1, 8 (1999).

The Court should aim to ensure that the defendants in this case are tried once and tried fairly. Neither of those aims is achievable unless the Court grants the defendants the public trial that our Constitution's Sixth Amendment guarantees them. The Court should therefore either open the courtroom during trial to members of the public, or otherwise continue this trial until it can do so.

///
///
///
///
///
///

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

DATED this 11th day of June, 2021.

**CALFO EAKES LLP**

By: *s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA# 27079
Patty A. Eakes, WSBA #18888
Anna F. Cavnar, WSBA #54413
Henry C. Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone: (206) 407-2200
Email: angeloc@calfoeakes.com
pattye@calfoeakes.com
annac@calfoeakes.com
henryp@calfoeakes.com

*Attorneys for Defendant Bernard Ross Hansen*

**CORR CRONIN LLP**

Steven W. Fogg, WSBA No. 23528
Benjamin C. Byers, WSBA No. 52299
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com
bbyers@corrcronin.com

**AOKI LAW PLLC**

Russell M. Aoki, WSBA No. 15717
Isham M. Reavis, WSBA No. 45281
1200 Fifth Avenue, Suite 750
Seattle, Washington 98101
(206) 624-1900 Phone
(206) 442-4396
russ@aokilaw.com
isham@aokilaw.com

*Attorneys for Defendant Diane Renee Erdmann*

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION FOR PUBLIC TRIAL
PURSUANT TO SIXTH AMENDMENT
(Case No. 18-cr-0092-RAJ) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224