THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-00092-RAJ |
| Plaintiff, | **DEFENDANTS' MOTION TO EXCLUDE CERTAIN EVIDENCE RELATED TO THE SALE OF MS. ERDMANN'S PERSONAL COLLECTION OF PRECIOUS METALS** |
| v. | |
| BERNARD ROSS HANSEN and DIANE RENEE ERDMANN, | |
| Defendants. | ***ORAL ARGUMENT REQUESTED*** |
| | **NOTED FOR HEARING: July 16, 2021** |

## I.    MOTION

Defendants respectfully asks the Court to exclude evidence of Ms. Erdmann's sale of her personal collection of precious metals to various precious metal and coin dealers in Washington and Nevada under Fed. R. Evid. 401, 402, and 403.[1]

The government seeks to use evidence of these sales to imply that defendants were stealing customer items and selling them for their own gain. This is simply wrong. The items Ms. Erdmann sold belonged to her and her alone. The government has no evidence to the

---

[1] Counsel for Ms. Erdmann met and conferred with counsel for the government, Brian Werner, via telephone on July 1, 2021, but parties were unable to reach a resolution of this issue.

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

contrary, and has made no attempt whatsoever to tie the items sold to the items missing from storage customers.  Indeed, the items Ms. Erdmann sold are distinct from all of the items reported missing by the customers the government intends to offer as victims in this matter. Moreover, to the extent the government offers this evidence, each instance will require an improper "mini-trial" to determine whether Ms. Erdmann was the owner of each item, whether it was removed from the vault, whether such removal was improper, whether it was sold or otherwise converted into cash, and what those proceeds were spent on.

The government's initial witness disclosure did not contain a single coin dealer.  On June 1, 2021, the government for the first time identified three coin dealers, John Drummey, Brian Geraghty, and Bill Wolverton, as possible witnesses.  The government's most recent disclosure—provided to defense counsel in the evening of June 24, 2021—contained not less than five coin dealers.  *See* Dkt. 277 (adding witnesses Steven Campau and John Jankowski to the list of coin dealers) (together with Drummey, Geraghty, and Wolverton, the "coin dealers"). The government's amended exhibit list, Dkt. 281, produced at 11:13 p.m. that same night, for the first time contained evidence relating to Ms. Erdmann's sale of precious metals to the coin dealers.  *Compare* Declaration of Benjamin Byers ("Byers Decl."), Ex. A at 12 (reserving exhibit numbers 365-399), *with* Dkt. 281 at 11 (disclosing twelve exhibits, #380-81, 383-392, pertaining to the coin dealers).

Based on the government's eleventh hour exhibits and disclosures, it is evident the government intends to offer these coin dealers to show that Ms. Erdmann sold a variety of items to these dealers, and received checks made out to her in exchange.  During the parties' meet and confer, counsel for the government further expressed that the evidence went to prove that defendants had buried precious metals they were using to support their lifestyle.  Byers Decl., ¶ 4.  Instead, all evidence demonstrates that these sales had nothing to do with customer assets— indeed, the records of the sales presented by the government contain almost exclusively unique

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 2 of 9

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   or rare items, not a single one of which was reported as a missing item by any of the alleged

2   victims in this matter.

3         For example, the purchase order provided by Mr. Jankowski describes the metals Ms.

4   Erdmann sold as 441 gold Mexican, Indian, Austrian, British, Australian, Swiss, and Canadian

5   coins, the bulk of which were the Mexican pesos (331 of them).  Only one single item, identified

6   as a single gold 1oz Canadian Maple Leaf, had any similarity whatsoever with any metals

7   purported missing by any Storage Customer cited in the Indictment. *See* Byers Decl., Ex. B

8   (purchase order provided by Mr. Jankowski). Similarly, the sales described by Mr. Campau

9   involved platinum and palladium, metals which no storage customer included in the indictment

10   possessed, and unique gold "PAMP" bars, the likes of which Mr. Campau had not seen

11   previously, and again which were not among the items claimed as missing from storage

12   customers in the indictment.  *Id.*, Ex. C.

13         While this Court has previously ruled that evidence of how defendants paid for the

14   bankruptcy may be relevant, it is apparent in these late disclosures that where this Court has

15   given the government an inch, it intends to take a mile. The lack of any connection between the

16   items sold and the alleged losses of the victims in the indictment, and the increasingly

17   cumulative nature of this evidence, gives rise to significant and serious Fed. R. Evid. 401, 402,

18   and 403 concerns. Further, because the metals belonged to Ms. Erdmann, the evidence is

19   irrelevant and prejudicial as to Mr. Hansen.  Aside from Mr. Hansen's romantic relationship

20   with Ms. Erdmann, the government has simply not offered any evidence connecting Mr. Hansen

21   to the metals.  Without any such evidence, the government should not be permitted to argue

22   that Ms. Erdmann's personal ownership of these metals is somehow evidence of Mr. Hansen's

23   guilt.

24

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 3 of 9

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

This Court should exclude the irrelevant and extremely prejudicial testimony of these five coin dealers, as well as any testimony regarding Ms. Erdmann's removal of her personal collection of precious metals from NWTM vaults.

## II.  FACTS

In early 2016, as NWTM and defendant Ross Hansen faced growing legal bills resulting from Mr. Hansen's civil suit and NWTM's associated bankruptcy, Ms. Erdmann made the decision to sell many items from her personal collection of rare coins and precious metals to cover these bills.  Ms. Erdmann had begun her collection in the early 1990s, using proceeds from her former husband's life insurance.  Ironically, it was this decision to invest in precious metals that first brought Ms. Erdmann and Mr. Hansen together, as she purchased these items through NWTM and Mr. Hansen.

Understandably, Ms. Erdmann stored many of these items in NWTM's vaults.  It was well known to NWTM employees that defendants had personal items in the vaults.  *See, e.g.,* Byers Decl., Ex. D ("There was a large shelf in the vault that contained boxes of things Rickey thought belonged to Hansen.").  NWTM employees also knew that Ms. Erdmann was a collector, and had various unique or rare items. *Id.*, Ex. E.

At various times in 2016, Ms. Erdmann removed items from her personal collection and took them to coin dealers that she or Mr. Hansen were familiar with, and who they trusted to make reasonable offers for the items.  Ms. Erdmann then used the proceeds of these sales to pay outstanding legal bills.

This issue has already been before a court, and conclusively determined.  As Bankruptcy Judge Christopher Alston concluded in his August 4, 2016 Memorandum and Order, "Ms. Erdmann had access to the Vault. And there is no doubt that she and Mr. Hansen removed items from the Vault prior to Ms. Erdmann providing nearly $150,000 to [The Tracy Law Group]. But there is no evidence that the $50,000 wired by Ms. Erdmann was either cash taken from the

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 4 of 9

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Vault or the proceeds of assets stolen from the Mint. Similarly, there is no evidence that any

the items removed by Ms. Erdmann and Ms. Hanson from the Mint in late March ended up in

the Black Bag that contained about $200,000 in gold bullion." Dkt. 235, Ex. 4.

### III.    ARGUMENT

**A.    *Federal Rules of Evidence 401 and 402 Bar the Admission of the Coin Dealers Testimony and Associated Evidence***

Only relevant evidence is admissible. Fed. R. Evid. 401, 402. Even relevant evidence

may be excluded if its probative value is "substantially outweighed" by the danger of unfair

prejudice, confusion of issues, or misleading the jury. Fed. R. Evid. 403.

This Court has previously ruled "[e]vidence of the bankruptcy, its timing, how it was

paid for, efforts of the defendants to retain control of the company, and what conversations

occurred before and during its initiation are relevant." Dkt. 258 at 3.  However, allowing

testimony from these various coin dealers, and the associated evidence, goes far beyond mere

evidence of how defendants paid for the bankruptcy.  Instead, the government will indubitably

use this evidence to imply that defendants were using customer assets to fund their own legal

defenses and lifestyle, despite all evidence to the contrary.  Such evidence is irrelevant to the

issue before the jury—whether defendants engaged in mail or wire fraud with regard to the

fifteen victims identified by the government.

The government's statement that it intends to use this evidence to show that defendants

have buried gold they are using to fund their lifestyle further underlines the irrelevance of this

material.  Byers Decl., ¶ 4. Even if this absurd allegation were true, there is no crime in burying

or selling gold that belongs to the owner (here, Ms. Erdmann). The charges in the indictment

speak for themselves—mail and wire fraud.  Dkt. 1.  Defendants are not charged with, for

example, selling stolen goods. 18 U.S.C. § 2315.  To the extent the government agrees that Ms.

Erdmann was selling from her private collection, they must concede such evidence is irrelevant

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 5 of 9

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    to the mail and wire fraud charges against her. To the extent they believe she was selling

2    precious metals illegally obtained, they could have brought charges related to such sales—but

3    they have not, presumably because they lacked any evidence to support such a belief.[2]

4           Not only did the alleged sales occur after the events giving rise to the charges in the

5    indictment, but attempts to introduce other alleged bad acts, or implicate the defendants in some

6    complicated scheme involving misappropriate customer assets, is irrelevant and should be

7    barred under Fed. R. Evid. 401 and 402.

8    **B.      Even if This Court Determines Such Evidence is Relevant, it is Unduly
           Prejudicial and Should be Excluded Pursuant to Federal Rule of Evidence
9          403**

10          Even to the extent this Court believes such evidence may have some slight relevance to

11   the jury, it should exclude the testimony of the five coin dealers, and associated evidence,

12   pursuant to Fed. R. Evid. 403.  This Court enjoys "wide discretion in determining the

13   admissibility of evidence under the Federal Rules." *Acosta v. City of Costa Mesa*, 718 F.3d 800,

14   827 (9th Cir. 2013) (*quoting United States v. Abel*, 469 U.S. 45, 54 (1984)). "This is particularly

15   true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and

16   prejudice, potentially to exclude as unduly prejudicial some evidence that already has been

17   found to be factually relevant." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384

18   (2008).

19          The evidence itself has extremely limited probative value—that Ms. Erdmann helped

20   fund Mr. Hansen and NWTM's legal bills.  On the other hand, the risk of prejudice is extremely

21   high, as the jury may believe that Ms. Erdmann was absconding with customer property, or

22   improperly using NWTM assets, as opposed to selling her personal collection. This risk is

---

[2] Notably, the government's trial brief makes no attempt to allege these sales were of customer property—merely that "between March 2016 and June 2017, while NWTM was going through the bankruptcy process, Erdmann sold over $600,000 worth of gold, silver, and palladium, and platinum. . . . Most of the [which was] used to pay various lawyers." Dkt. 275 at 15.

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 6 of 9

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

compounded by the cumulative nature of the evidence the government seeks to offer. *See* Fed. R. Evid. 403 (providing for the exclusion of "needlessly . . . cumulative evidence.").

### C.   Admission of Such Evidence Would Require Improper "Mini-Trials"

"The purpose of barring extrinsic evidence is to avoid holding mini-trials on peripherally related or irrelevant matters." *United States v. Martz*, 964 F.2d 787, 789 (8th Cir.1992) (*cited with approval by United States v. Burns*, 229 F.3d 1159 (9th Cir. 2000) (unpublished)). A "trial judge's decision to avoid 'mini-trials on collateral issues' is consistent with due process." *Mincey v. Davis*, 712 Fed. Appx. 642 (9th Cir. 2017) (*quoting Nevada v. Jackson*, 569 U.S. 505, 133 S.Ct. 1990, 1993, 186 L.Ed.2d 62 (2013)).

Here, the government seeks an eleventh hour introduction of numerous different sales of precious metals to the coin dealers allegedly made by Ms. Erdmann. Each alleged sale will necessarily require a mini-trial—whether Ms. Erdmann was in fact the individual making the sale, the source of the item sold, the amount of the proceeds, and the use of those proceeds. Not only is such evidence irrelevant to the charges against the defendants, but it is unduly cumulative and creates a substantial risk of jury confusion.

This Court should exercise its discretion and exclude evidence related to Ms. Erdmann's sale of her personal collection to the coin dealers.

## IV.   CONCLUSION

This Court should exclude the government's eleventh hour coin dealer witnesses, and associated evidence of Ms. Erdmann's sale of her personal collection of precious metals, pursuant to Fed. R. Evid. 401, 402, and 403.

DATED:  July 2, 2021.

CORR CRONIN LLP                          CALFO EAKES LLP


 *s/ Benjamin C. Byers*                          *s/ Angelo J. Calfo*
Steven W. Fogg, WSBA No. 23528      Angelo J. Calfo, WSBA No. 27079

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

Benjamin C. Byers, WSBA No. 52299
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com
bbyers@corrcronin.com

Russell M. Aoki, WSBA No. 15717
Isham M. Reavis, WSBA No. 45281
AOKI LAW PLLC
1200 Fifth Avenue, Suite 750
Seattle, Washington 98101
(206) 624-1900 Phone
(206) 442-4396 Fax
russ@aokilaw.com
isham@aokilaw.com

*Attorneys for Defendant*
*Diane Renee Erdmann*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Patty Eakes, WSBA No. 18888
Anna F. Cavnar, WSBA No. 54413
Henry C. Phillips, WSBA # 55152
1301 Second Avenue, Suite 2800
Seattle, WA 98101
(206) 407-2200 Phone
(206) 407-2224 Fax
angeloc@calfoeakes.com
pattye@calfoeakes.com
annac@calfoeakes.com
henryp@calfoeakes.com

*Attorneys for Defendant*
*Bernard Ross Hansen*

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 8 of 9

1

## <u>CERTIFICATE OF SERVICE</u>

2     I hereby certify that on July 2, 2021, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system, which will send notification of such filing to all counsel

4 of record.

5

6     DATED:   July 2, 2021 at Seattle, Washington.

7

8      *s/ Benjamin C. Byers*
Benjamin C. Byers, WSBA No. 52299

9 CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900

10 Seattle, Washington  98154
(206) 625-8600 Phone

11 (206) 625-0900 Fax
bbyers@corrcronin.com

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED
WITNESSES AND ASSOCIATED EVIDENCE
*United States v. Hansen*, CR18-92RAJ
Page 9 of 9

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900