THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD ROSS HANSEN and DIANE RENEE ERDMANN,<br><br>　　　　Defendants. | No.  CR18-092RAJ<br><br>ORDER ON DEFENDANTS' MOTION TO EXCLUDE CERTAIN EVIDENCE RELATED TO THE SALE OF MS. ERDMANN'S PERSONAL COLLECTION OF PRECIOUS METALS |

　　　　THIS MATTER comes before the Court upon defendants' Motion to Exclude Certain Evidence Related to the Sale of Ms. Erdmann's Personal Collection of Precious Metals (Dkt. # 290), the government's response (Dkt. # 295), and the files and pleadings herein.  The Court **DENIES** defendants' motion.  Unless stated otherwise, the Court's ruling applies equally to the defendants, and each party is expected to advise their clients and witnesses of the Court's ruling.

　　　　Through this motion, defendants seek to exclude evidence about defendant Diane Renee Erdmann's "sale of her personal collection of precious metals to various precious metal and coin dealers." Dkt. # 290 at 1.  Defendants seek to exclude this evidence under Federal Rules of Evidence 401, 402, and 403.  *Id.*  First, they argue that the evidence is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.  According to defendants, the sale of Ms. Erdmann's personal precious metals should be excluded

ORDER – 1

because the metals sold "belonged to her and her alone," and her use of her own funds is irrelevant to "whether defendants engaged in mail or wire fraud." *Id.* at 1, 5. Second, defendants argue that even if such evidence is relevant, its admission would be unduly prejudicial because a "jury may believe that Ms. Erdmann was absconding with customer property, or improperly using NWTM assets, as opposed to selling her personal collection." *Id.* at 6.

The government opposes defendants' motion for three reasons. First, it argues that the motion is untimely. It says that the motion, filed a day before trial, was filed long after the parties' motion *in limine* were due. Dkt. # 295 at 4-5. Second, the government argues that the Court already decided this issue when it ruled on a previous motion *in limine*. *Id.* at 5. Finally, the government says that the motion fails on the merits: evidence of Ms. Erdmann's sale of her personal precious metals is relevant and not unfairly prejudicial because it is probative of the fraudulent scheme alleged by the government. *Id.* at 7-10.

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). To decide motions *in limine*, the Court is generally guided by Federal Rules of Evidence 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court denies defendants' motion: evidence of Ms. Erdmann's sale of her personal precious metals is indeed relevant, and its admission would not be unfairly prejudicial. In its indictment, the government expressly alleges that Ms. Erdmann used,

ORDER – 2

for her "personal benefit," "various customer-owned metal that was supposed to be held for the benefit of NWTM customers." Dkt. # 1 ¶ 47. For example, the government accuses Ms. Erdmann of selling "more than $700,000 worth of precious metals" and "us[ing] the proceeds for the benefit of herself" and defendant Hansen. *Id.* Evidence that Ms. Erdmann sold her personal metals, which may have contained customer-owned metal, would make that allegation more probable. Further, as explained in a previous order, the fact is of consequence: "wire fraud prosecution includes not only the specific executions of the scheme alleged . . ., but also the overall scheme." Dkt. # 258 at 4. "[E]vidence of transactions beyond those charged is admissible as proof of the overall scheme to defraud." *Id.* The evidence is thus relevant and admissible under Federal Rules of Evidence 401 and 402.

The evidence is also not unfairly prejudicial. Defendants argue that the evidence would mislead the jury into believing that Ms. Erdmann was "improperly using NWTM assets, as opposed to selling her personal collection." Dkt. # 290 at 6. Throughout their motion, defendants insist that "the items Ms. Erdmann sold are distinct from all the items reported missing by the customers" and that "[t]he items Ms. Erdmann sold belonged to her and her alone." *Id.* at 1-2. But defendants' evidence is scant. They offer testimony from the bankruptcy proceeding suggesting that Ms. Erdmann is a "coin collector." Dkt. # 291-5 at 3. They offer evidence that some witnesses believed that NWTM's storage vault contained boxes containing Mr. Hansen's (not Ms. Erdmann's) personal things. Dkt. # 291-4 at 2. And they submit a purchase order of some of the metals that she sold and contend that the purchase order does not reflect "any metals purported missing by any Storage Customer cited in the Indictment." Dkt. # 290 at 3.

This evidence hardly shows that all the precious metals Ms. Erdmann sold were in fact "hers and hers alone." The government offers some evidence suggesting that is not so. Dkt. # 295 at 7. In any event, Ms. Erdmann no doubt sold some metals, but whether those metals were hers or NWTM's customers' is unclear. On this record, the showing of

ORDER – 3

undue prejudice is low, and, given the relevance of such sales to the government's allegations of fraud, the probative value is high.  Thus, the evidence is admissible under Federal Rules of Evidence 401, 402, and 403.

Because the Court denies defendants' motion on the merits, it need not reach the government's timeliness arguments.  Dkt. # 296 at 4-5.

For the foregoing reasons, the defendants' motion is **DENIED.**

DATED this 8th day of July, 2021.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER – 4