1

2

3

4

5

6

7                                    HONORABLE RICHARD A. JONES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>          v.<br><br>BERNARD ROSS HANSEN, and<br>DIANE RENEE ERDMANN,<br><br>                                    Defendants. | Case No.  CR18-0092-RAJ<br><br>**MOTION FOR A NEW TRIAL UNDER RULE 33 ON GROUNDS OF IMPROPER USE OF LEGAL OPINION EVIDENCE**<br><br>***Note on Motion Calendar***: September 24, 2021 |

Defendant Ross Hansen respectfully asks this Court to grant him a new trial under Federal Rule of Criminal Procedure 33 because some of the government's most prominent evidence was erroneously admitted and improperly used during trial.  In the government's words, the advice that Mr. Hansen received from his lawyers was "critical evidence" and "some of the most important evidence of Hansen's intent that the government will offer at trial."  *See* Government Response to Motion in Limine re Legal Opinions, Dkt. 246 at 1.  But the real strength of that evidence came from the inadmissible legal conclusions that were impossible to extricate from any admissible aspects of

MOTION FOR A NEW TRIAL UNDER RULE
33 ON GROUNDS OF IMPROPER USE OF
LEGAL OPINION EVIDENCE
(Case No. 18-cr-0092-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2278

the evidence.  Admitting this evidence was error, and the government exploited that error repeatedly during its case.  The interests of justice therefore require a new trial.[1]

## BACKGROUND

Prior to trial, Mr. Hansen filed a motion in limine seeking to preclude the government from offering legal opinion evidence from any of NWTM's former lawyers, none of whom the government had designated as experts for trial.  *See* Motion in Limine re Legal Opinions, Dkt. 231. In its ruling, the Court acknowledged that the government should not be permitted to "ask the jury to believe the testimony [from NWTM lawyers] as 'opinion' testimony."  Order on Motion in Limine re Legal Opinions, Dkt. 255 at 2.  The Court nevertheless allowed legal opinions from NWTM's former lawyers into evidence "for the limited purpose of demonstrating what was communicated to the defendant."  *Id.*  In their trial brief, the defendants asked the Court to revisit that ruling, and predicted "that when NWTM's former lawyers are called at trial, the line between opinion evidence and lay evidence will prove illusory, and it will become apparent that the government is indeed 'ask[ing] the jury to believe the testimony as 'opinion' testimony.'"  Defendants' Trial Brief, Dkt. 269 at 5.

During the trial, the government offered into evidence testimony and exhibits from two of NWTM's former in-house attorneys.  The first week of trial, the government called Catherine Hopkins, who was assistant general counsel and then general counsel at NWTM from 2010 to 2013. Ms. Hopkins testified about several of her legal opinions, including that she had told Mr. Hansen that to comply with the consent decree NWTM would need to accurately represent its shipping times to customers, that the storage agreements required NWTM to maintain a certain level of insurance coverage, that the storage agreements required stored metals to be kept at all times in the vault, and that NWTM's conduct could lead to civil or criminal liability for Mr. Hansen.

---

[1] Mr. Hansen seeks a new trial both on this basis independently and also in conjunction with the insufficiency of the government's evidence, as discussed in a separate motion.

MOTION FOR A NEW TRIAL UNDER RULE
33 ON GROUNDS OF IMPROPER USE OF
LEGAL OPINION EVIDENCE
(Case No. 18-cr-0092-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2278

1   Then, near the end of the government's case, the government called Greg Fullington, who

2   was general counsel at NWTM from 2013 to 2015.  Much of Mr. Fullington's testimony tracked a

3   memorandum he had written to Mr. Hansen advising him of his potential criminal exposure and

4   possible sentence.  That memorandum was offered into evidence as well, as Trial Exhibit 11.  The

5   government made limited redactions to remove references to Mr. Hansen's sentencing exposure and

6   the citations to the federal mail and wire fraud statutes, but the memorandum nevertheless opined

7   that Mr. Hansen was engaging in crimes including fraud.

8   During closing arguments, the government repeatedly referenced and emphasized the legal-

9   opinion evidence.  And the government relied on those opinions to argue that what Mr. Hansen did

10  was illegal.  For instance, when discussing Ms. Hopkins and her testimony that she overheard Mr.

11  Hansen tell Ms. Erdmann to borrow from storage to fill orders, counsel for the government reminded

12  the jury that Ms. Hopkins had legal training and that she believed that was criminal conduct, arguing:

13  "even though she was just a few months out of law school, she told Mr. Hansen that he could face

14  criminal charges for doing that."[2]  Counsel didn't stop there, but went on to again remind the jury

15  of Ms. Hopkins's legal training, arguing "[i]t doesn't take a great deal of legal experience and

16  expertise to know that stealing your customers property worth thousands of dollars is a criminal act."

17  And when discussing Mr. Fullington's testimony, the government was even more direct in relying

18  on Mr. Fullington's legal opinions as evidence of the illegality of Mr. Hansen's conduct, arguing

19  that Mr. Fullington, having reviewed and analyzed another criminal case, "knew that the Mint was

20  doing exactly the same thing."  Again, the government then went on to tie its legal theory to the

21  opinions expressed by Mr. Fullington—opinions it wanted the jury to believe—arguing "[o]f course

22  Fullington also stated in his memorandum the obvious fact that stealing bullion that customers pay

23  the Mint to store then shipping that out to fill other people's orders is a crime. That statements sent

24  to those customers assuring them that their holdings were safe and secure were fraudulent."

25

---

[2] All quotes from trial are based on rough draft transcripts that match counsel's recollection but might not be verbatim.

MOTION FOR A NEW TRIAL UNDER RULE
33 ON GROUNDS OF IMPROPER USE OF
LEGAL OPINION EVIDENCE
(Case No. 18-cr-0092-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2278

1    Mr. Hansen was ultimately found guilty on 14 of 15 counts.

2                                              **ARGUMENT**

3    Under Rule 33, this Court has the authority to "vacate any judgment and grant a new trial if

4    the interest of justice so requires." Fed. R. Crim. P. 33(a). The interests of justice require a new

5    trial here because, as defendants predicted, the line between the admissible and inadmissible aspects

6    of the legal-opinion evidence was illusory, and the government indeed asked the jury "to believe the

7    testimony as 'opinion' testimony." Order on Motion in Limine re Legal Opinions, Dkt. 255 at 2.

8    As the government's remarks during closing argument made clear, the government's case

9    relied on the jury believing NWTM's lawyers' opinions that Mr. Hansen had violated the law. The

10   government repeatedly referenced the lawyers' credentials and emphasized that these legally trained

11   experts had concluded that what Mr. Hansen was doing was illegal. The jury had no hope to separate

12   out these legal opinions from the "limited purpose" of the evidence. Indeed, doing so was

13   impossible—any probative value of the evidence necessarily depended on the truth of the opinions

14   expressed by the lawyers. Only if the lawyers were correct in opining that Mr. Hansen's conduct

15   violated the law could the evidence have any probative value as to Mr. Hansen's knowledge and

16   intent. If the lawyers were *incorrect* in their opinions that Mr. Hansen was violating the law, then

17   the evidence would show only that Mr. Hansen received bad advice; it would have no probative

18   value as to Mr. Hansen's knowledge or intent to commit fraud.

19   In admitting this evidence, the Court relied on *United States v. Graf*, 610 F.3d 1148, 1164

20   (9th Cir. 2010), but that case is different than this one in several important ways. *See* Defendants'

21   Trial Brief, Dkt. 269 at 5 (describing distinguishing aspects of *Graf*). For one, the defendant in *Graf*

22   did not challenge the admissibility of the evidence under Rule 403, as the defense did here.[3] That is

23   a crucial distinction, given that Rule 403 provides a clear basis for not admitting this evidence.

24   ───────────────────────

25   [3] In fact, the defendant in *Graf* did not object at trial to the evidence at all, and the admission of the evidence was reviewed only for plain error on appeal. *Graf*, 610 F.3d at 1164.

MOTION FOR A NEW TRIAL UNDER RULE
33 ON GROUNDS OF IMPROPER USE OF
LEGAL OPINION EVIDENCE
(Case No. 18-cr-0092-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2278

1  Simply put, it was impossible here to disentangle any probative value of the evidence from the

2  substantially greater unfair prejudicial effects of the evidence.  For that reason, the Court should

3  have found the evidence inadmissible under Rule 403; *Graf* provides no basis for not doing so.

4  Besides, the evidence in *Graf* was far more probative than the evidence offered here:  In *Graf*, the

5  defendant was accused of intentionally marketing insurance plans that did not comply with ERISA,

6  and so the government had to prove that he had some knowledge of what the law permitted and

7  prohibited with respect to those insurance plans.  *See Graf*, 610 F.3d at 1164.  Not so here, where

8  the government needed only to prove Mr. Hansen had the intent to defraud—not an intent to violate

9  the law.  And the evidence here was used in a far more prejudicial manner than the evidence in *Graf*.

10 Here, unlike in *Graf*, the government repeatedly relied on the testimony and memoranda from

11 NWTM's lawyers as legal-opinion evidence, asking the jury to believe based on those opinions that

12 Mr. Hansen had violated the law.

13      Given the improper admission and use of some of the most prominent evidence against Mr.

14 Hansen, Mr. Hansen should be granted a new trial under Rule 33.

15                                    **CONCLUSION**

16      For the above reasons, Mr. Hansen respectfully requests a new trial.

17

18      DATED this 10th day of September, 2021.

19                                    CALFO EAKES LLP

20                              By _____ *s/Angelo J. Calfo* _____
                                     Angelo J. Calfo, WSBA #27079
21                                   Henry C. Phillips, WSBA #55152
                                     1301 Second Avenue, Suite 2800
22                                   Seattle, WA 98101
                                     Telephone: (206) 407-2200
23                                   Fax:  (206) 407-2224
                                     Email: angeloc@calfoeakes.com
24                                          henryp@calfoeakes.com
                                     *Attorneys for Defendant Bernard Ross Hansen*
25

MOTION FOR A NEW TRIAL UNDER RULE
33 ON GROUNDS OF IMPROPER USE OF
LEGAL OPINION EVIDENCE
(Case No. 18-cr-0092-RAJ) - 5