The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BERNARD ROSS HANSEN and
DIANE RENEE ERDMANN,

Defendants.

NO. CR18-092RAJ

**GOVERNMENT'S RESPONSE TO DEFENDANT HANSEN'S MOTION TO CONTINUE SENTENCING**
**(Dkt. #367)**

The government hereby responds to Defendant Ross Hansen's Motion to Continue Sentencing. Dkt. #367. The government opposes a continuance of sentencing and respectfully requests that sentencing proceed on October 29, 2021.[1] If the Court grants a continuance, the government requests the continuance be as short as possible.

//

[1] Under Local Rules, the government's response to Defendant's Motion is not due until next Monday. In the interest of advising the Court as quickly as possible, and in the interest of providing the victims certainty as to the date of sentencing, the government files this response the day after the Defendant's filing.



UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**I. The criminal case has been pending since 2018.**

In April 2018, the Grand Jury returned an Indictment that charged Defendants with mail and wire fraud for their scheme to defraud Northwest Territorial Mint (NWTM) customers of their money or their property. Dkt. #1. There are thousands of victims of the Defendants' scheme. For example, there near 3000 victims who paid for bullion orders, or made bullion sales or exchanges, whose orders were never fulfilled, or despite requests, never refunded. Dkt. #1 at 10; *see also* Trial Exhibits 60, 86. There are more than 50 bullion-storage victims who are missing some part of their bullion. Dkt. #1 at 12; *see also* Trial Exhibit 493.

Trial was continued multiple times because the Defendants changed counsel. Dkt. #109 (continuing trial from October 2019 to April 2020); Dkt. #157 (continuing trial from April 2020 to January 2021). The trial was continued again because of the coronavirus pandemic. Dkt. #219 (continuing trial from February 2021 to July 2021). Every time the case was continued, the government notified the victims, and many expressed their disappointment about the continued delays. *See, e.g.*, Dkt. #149, Govt.'s Response to Hansen's Motion to Continue Trial.

The case proceeded to trial in July 2021. During the four-week trial, the government presented the testimony of more than 35 witnesses, including the testimony of 15 former customers of NWTM. On July 30, 2021, the jury returned a verdict finding Mr. Hansen guilty on 14 of 15 counts. Dkt. #353. Sentencing was scheduled for October 29, 2021. Dkt. #349.

**II. After trial, the government prepared a Loss Spreadsheet based on documents known to the defense.**

As discussed in Defendant Hansen's Motion to Continue, in preparation for sentencing, the government prepared a Loss Spreadsheet. Dkt. #367 at 3. One purpose of the Loss Spreadsheet is to organize information from trial to allow the Court to make a "reasonable estimate" of the loss amount in this case. U.S.S.G., § 2B1.1 cmt. n.3(C); *see*



UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*also United States v. Tadios*, 822 F.3d 501, 503 (9th Cir. 2016) (court must make a reasonable estimate of loss given available information).

The Loss Spreadsheet is not new information – the government produced a draft loss spreadsheet in December 2020. The current Loss Spreadsheet is based on information from trial exhibits, as well as the bankruptcy claims. At trial, the jury convicted the Defendants of a scheme to defraud NWTM bullion customers and storage customers. The loss caused by Defendants' conduct is therefore the value of the unfulfilled bullion orders, the value of the un-refunded bullion orders, the value of the missing storage inventory, and the value of other orders that were part of the scheme (e.g., bullion exchanges). The Loss Spreadsheet shows this information in multiple ways:

- An "All Orders tab" that lists all 3000+ victims, their loss amount, and the supporting exhibit;
- An "Unfulfilled Orders" tab that lists the 2500+ victims whose orders were not fulfilled (Trial Exhibit 60, Unadmitted Exhibit 62, and bankruptcy claims);
- A "Refund" tab that lists the 300+ victims that requested a refund but were wrongly not provided that refund (Trial Exhibit 86);
- A "Storage" tab that shows the 50+ victims whose storage was wrongly used (Trial Exhibit 493);
- An "Other" tab that lists other types of victims like S.F., who was defrauded as part of a bullion exchange;
- A tab that lists the victims with their addresses to be used in connection with a restitution order in this case.

## III. The government requests that the sentencing proceed as scheduled.

On behalf of the more than 3000 victims, the government respectfully requests that the Court sentence Mr. Hansen (and Ms. Erdmann) without delay. Under the Crime Victims Rights Act, a victim has the "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). The victims in this case have waited more than three years after charging to have this case brought to trial. Fifteen victims traveled to Seattle and were



UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

required to testify about how they were defrauded. All of these victims have a real need for closure.

Several witnesses have expressed an interest in attending the sentencing hearing scheduled for October 29. Rescheduling the sentencing hearing will likely cause these victims inconvenience, especially those who plan to travel to Seattle from out of state.

A sentencing continuance prejudices the government. The further the sentencing hearing is delayed from the underlying events – and the further it is delayed from the trial – the more memories may fade. Further, many of the victims in this case are elderly, and as time passes, it is more difficult for them to participate in these proceedings.

**IV. If the sentencing is continued, the government requests that the continuance be as short as possible.**

If the Court grants Mr. Hansen's motion for a sentencing continuance, the government respectfully requests that it be as brief as possible, and, if possible, a final continuance. The government understands that counsel have busy schedules; but it is important for the victims to have a firm date.

In taking the position for no continuance or a short continuance, the government admits that it does not have complete information – it is not aware of the reasons for the continuance that are apparently described in the *ex parte* declaration. Dkt. #370. But to the government's knowledge, there are a limited number of tasks left before sentencing. As discussed above, the government's Loss Spreadsheet, while containing multiple tabs, relates to a small group of documents. The government has produced 400 pages of victim impact statements and will soon produce another several hundred pages of statements. (It is not unusual for victim impact statements to be produced close to the time of sentencing.) The draft Presentence Report has been prepared by the Probation Office and objections are due shortly. There is time to incorporate information about Mr. Hansen's medical history into the report and sentencing submissions. These tasks justify, at most, a short continuance.

//



UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V. Conclusion

The government respectfully requests that the Court proceed to sentencing on October 29, 2021; in the event the Court grants a continuance, the government respectfully requests a short continuance.

Dated this 5th day of October 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Brian Werner*

BRIAN WERNER
BENJAMIN DIGGS
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-7970



UNITED STATES ATTORNEY
700 STEWART ST, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970