Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD ROSS HANSEN,<br><br>Defendant. | NO. 2:18-cr-00092-RAJ<br><br>ORDER ON DEFENDANT HANSEN'S MOTION FOR NEW TRIAL ON GROUNDS OF IMPROPER USE OF LEGAL OPINION EVIDENCE |

THIS MATTER comes before the Court upon defendant Bernard Ross Hansen's Rule 33 Motion for New Trial on Grounds of Improper Use of Legal Opinion Evidence. Dkt. 360. Having considered the motion, the government's response (Dkt. 363), the defendant's reply (Dkt. 364), and the files and pleadings herein, the Court **DENIES** the defendant's motion.

This precise issue was raised pretrial by Hansen in his Motion in Limine Regarding Legal Opinions. Dkt. 231. In that motion he sought to exclude testimony and memoranda from two of his former lawyers, specifically former general counsel Greg Fullington and former assistant general counsel Catherine Hopkins. Each of these witnesses had directly told Hansen that his "business model" was fraudulent. The government has accurately restated what these witnesses told Hansen and the extent of their trial testimony and it will not be repeated in this Order. Dkt. 363.

Hansen's motion mirrors his pretrial motion and essentially restates the same arguments previously rejected by this Court. Local Rules, W.D. Wash. CrR

12(b)(13)(a)(A) clearly notes that motions for reconsideration are disfavored. The defendant's current motion is a motion for reconsideration disguised as a Rule 33 motion. A motion for reconsideration is ordinarily denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier." This Court denied this motion and Hansen has not presented to the Court any new facts or authority not previously considered.

Turning now to the defendant's motion for a new trial. Federal Rule of Criminal Procedure Rule 33(a) allows a court, on defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." A trial court may grant a motion for a new trial when in the court's judgment "a serious miscarriage of justice may have occurred." *United States v. A. Lanoy Alston, D.M.D.*, 974 F.2d 1206, 1211-12 (9th Cir. 1992).

The admission of the testimony of Catherine Hopkins and Greg Fullington did not create a miscarriage of justice. In pretrial motions the defendant had the opportunity to fully litigate the admission of these witnesses' testimony. The Court overruled the defendant's objection. The Court allowed the admission of this testimony with significant restrictions. First, the Court did not allow these witnesses to testify as experts under Fed. R. Evid. 702 and 704(b) or to offer any opinions about the legality of the defendant's conduct under Rule 701. Second, the Court did not permit the government to ask the jury to believe the testimony as "opinion" testimony, rather the testimony was allowed to demonstrate only what was communicated to the defendant, *i.e.*, that his business practices were illegal and fraudulent. Third, the Court allowed the testimony and exhibits, but required certain redactions and limitations regarding the September 28, 2015 Greg Fullington Memorandum. Dkt. 255, p. 3. And fourth, in the final jury instructions, the Court instructed that to the extent a lawyer testified as to an opinion, that testimony was not admitted for its truth, but rather for the purpose of demonstrating what was communicated to Hansen. As noted by the government (Dkt. 363), juries are

presumed to follow such limiting instructions. *See United States v. Mende,* 43 F.3d 1298, 1302 (9th Cir. 1995).

Hansen's motion ignores clear Ninth Circuit authority that was relied upon by the Court in its prior ruling. The Court in *United States v. McLennan*, 563 F.2d 943, 946 (9th Cir. 1977) noted that testifying to what the attorney told the defendant was illegal did not invade the province of the jury, as it merely aided the jury in making the determination as to whether the defendant knowingly violated the law by persisting in his conduct after receiving the attorney's advice. Nothing more than was allowed in *McLennan* was allowed in Hansen's trial. Hopkins and Fullington were permitted to testify that they advised Hansen that his business practices were illegal and fraudulent, and he persisted in that conduct nevertheless, and thus was evidence from which the jury could infer that he acted with fraudulent intent.

Hansen also continues to refuse to accept clear Ninth Circuit authority that the Court followed in reaching its decision, specifically, *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010). Highly apposite and squarely on point, *Graf* held that an attorney's testimony informing the defendant that the plans "did not comply with state and federal law and that marketing them would be a crime was admissible to show that [the defendant] was on notice that his conduct was illegal," and that the evidence was properly offered "not to prove that the actions were illegal, but to show that the defendant had been warned of the illegality." *Id.* at 1165. The evidence allowed in *Graf* bears stark resemblance to what occurred in Hansen's trial, the jurors were permitted to hear that his attorneys told him that his business practices were illegal, yet he proceeded to engage in those practices.

The Court further notes that Hansen was charged with wire fraud, an offense that required the government to prove that he acted with intent to defraud. This placed his intent as a critical element of the pending charges and thus relevant as a fact in issue. The fact that Hansen was advised that Northwest Territorial Mint's business practices were illegal and fraudulent and that he persisted in those practices was relevant evidence

for the jury to consider if he acted with intent.

Last, the government's case did not hinge upon the testimony of Hansen's prior attorneys. There was a dearth of evidence from a host of witnesses, including former employees and customers, showing Hansen's intent to defraud. As noted by the government, this overwhelming evidence demonstrated Hansen consistently lied to customers to motivate them to give him their money, lied to customers to keep their money and avoid having to pay refunds. They also testified he used their money for his own purposes, failed to disclose the same to them and stole from the storage customers.

No error, no injustice, and no facts or law support the defendant's request to grant a new trial.

For all of the foregoing reasons, defendant Bernard Ross Hansen's Rule 33 Motion for New Trial on Grounds of Improper Use of Legal Opinion Evidence is **DENIED**.

DATED this 3rd day of November 2021.

The Honorable Richard A. Jones
United States District Judge