The Honorable Richard A. Jones

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  UNITED STATES OF AMERICA,

10              Plaintiff,

11      v.

12  BERNARD ROSS HANSEN and
    DIANE RENEE ERDMANN,

13              Defendants.

14

NO. CR18-0092 RAJ

UNITED STATES' REPLY IN
SUPPORT OF MOTION TO
DISPOSE OF RECORDS

15      Comes now the United States of America, by Tessa M. Gorman, United States

16  Attorney for the Western District of Washington, and Andrew C. Friedman, Assistant

17  United States Attorney for said District, and files this Reply in Support of Motion to

18  Dispose of Records.

19      The United States has filed a motion seeking to destroy, or turn over to

20  Defendants, Ross Hansen and Diane Erdmann, records that the government believes have

21  no further value in the case and that government does not wish to continue paying $1,152

22  per month to store.  *See* United States' Motion to Dispose of Records (Docket No. 549).

23  Defendants have opposed that motion and make several arguments as to why the

24  government should be required to continue to store the records until a petition for

25  certiorari to challenge their appeal is denied, or the time to file such a petition expires.

26  *See* Response to Government's Motion to Dispose of Records. (Docket No. 551)

27  (hereinafter, Defendant Erdmann's Opposition); Opposition to Government's Motion to

United States' Reply in Support Of Motion to Dispose Of Records - 1
*United States v. Bernard Hansen & Diane Erdmann,* CR18-0092 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dispose of Records (Docket No. 552) (hereinafter, Defendant Hansen's Opposition). None has merit.

Defendants argue that the government previously "stipulated to the relevance of the now-disputed records contrasting them with other records that were 'irrelevant to the pending criminal case.'" Defendant Erdmann's Opposition, at 1 (Docket No. 549). It is true the parties stipulated that other records were "irrelevant to further bankruptcy proceedings or the pending criminal case." Stipulation of the Parties Re: Motion for Order to Prevent Spoliation of Evidence, at 3 (Docket No. 47). But, that is a different thing, and the government did *not* stipulate that the records now at issue were, in fact, relevant.

Second, Defendants argue that "the government identifies nothing different since the Court's stipulated preservation order other than the fact that the Federal Center South – where ethe records are being stored – 'will be closing in early 2025.'" Defendant Erdmann's Opposition, at 1 (Docket No. 549). But, the situation today is far different than it was in 2018. Both parties have had the chance to review the records. Both have had the opportunity to copy relevant records. And, both have learned their cases, and presented cases at trial that included any records that they had deemed worthy of use. As a result, the rationale for preserving a large additional volume of material is far less than previously was the case (even ignoring the fact that both defendants have been convicted and their appeals have now been denied in a memorandum opinion that was issued since the time of the government's filing of the present motion).

Third, Defendant Erdmann at least argues that "she cannot afford to store the records herself." Defendant Erdmann's Opposition, at 2. It may be the case that the Defendants cannot personally afford to store the records, given that both were appointed counsel. But, the appropriate response to that argument is that they should be required to justify to the CJA panel, the Court, or other relevant decisionmaker that the records should be preserved and to pay for continued storage.

To be clear, the government is not demanding to destroy the records. The government has offered to make them available to the Defendants (assuming the

United States' Reply in Support Of Motion to Dispose Of Records - 2
*United States v. Bernard Hansen & Diane Erdmann,* CR18-0092 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendants convince the CJA panel or the Court that they should be preserved and that it is worth paying to do that).  But, the government should not be required to continue to store records it believes have no value - and that Defendants have failed to show have any value - at its own considerable expense.  For these reasons, and those set forth in the government's original motion, the Court should grant the government's motion.

DATED:  June 24, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/ Andrew C. Friedman*

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

I certify that this pleading contains
603 words, in compliance with
the Local Criminal Rules

United States' Reply in Support Of Motion to Dispose Of Records - 3
*United States v. Bernard Hansen & Diane Erdmann,* CR18-0092 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970